IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION
_____

| | |
|---|---|
| ECIMOS, LLC, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )    Case No. 2:15-cv-2726-JPM-cgc |
| | ) |
| CARRIER CORPORATION, | ) |
| | ) |
|     Defendant. | ) |

_____

ORDER DENYING MOTION TO DISMISS, OR IN THE ALTERNATIVE TO STAY
COMPLAINT
_____

Before the Court is Defendant Carrier Corporation's ("Carrier") Motion to Dismiss, or in the Alternative to Stay Complaint, filed December 22, 2015. (ECF No. 13.) Plaintiff responded in opposition on January 21, 2016. (ECF No. 15.) Defendant filed a reply brief on February 4, 2016. (ECF No. 20.) The Court held a hearing on the motion on February 25, 2016. (Min. Entry, ECF No. 32.)

For the following reasons, the Court DENIES Defendant's Motion to Dismiss, or in the Alternative to Stay Complaint.

**I.    BACKGROUND**

This case involves allegations that Defendant began developing its own version of the proprietary software licensed to it by ECI, Plaintiff's predecessor, by reverse-engineering the software and, in doing so, disseminated confidential

information to unauthorized users. (Am. Compl. ¶ 33, ECF No. 28.) Based on these allegations, Plaintiff asserts claims for breach of the software licensing agreement, misappropriation of trade secrets, conversion, violation of the Digital Millennium Copyright Act, and violation of the Copyright Act. (Id. ¶¶ 41-71.) Defendant denies these allegations and brings three counterclaims, alleging that Plaintiff's claims, including the claim for misappropriation of trade secrets, were brought in bad faith and that Plaintiff breached a service contract. (Answer to Am. Compl. & Am. Countercl. at 15-18, ECF No. 35.)

Plaintiff filed a Complaint in the Chancery Court of Tennessee for the Thirtieth Judicial District at Memphis on October 26, 2015. (Compl., ECF No. 1-3.) Defendant removed this action to federal court on the basis of federal question jurisdiction on November 6, 2015. (Notice of Removal, ECF No. 1.) Defendant filed an Answer and Counterclaim on November 18, 2015. (Answer & Countercl., ECF No. 7.) Plaintiff filed an Answer to Defendant's Counterclaim on December 10, 2015. (ECF No. 9.)

On December 22, 2015, Defendant filed the instant Motion to Dismiss, or in the Alternative to Stay Complaint of ECIMOS, LLC, for failing to join Patrick White and Engineered Controls and Integration, LLC ("New ECI") as necessary parties and arguing that the case should be stayed pending a state court

determination of the ownership of the copyrights at issue.  (See ECF No. 13.)  Plaintiff responded in opposition on January 21, 2016.  (ECF No. 15.)  On February 4, 2016, Defendant filed a reply brief.  (ECF No. 20.)  The Court held a hearing on the motion on February 25, 2016.  (Min. Entry, ECF No. 32.)

By stipulation, Defendant filed an Amended Answer to Complaint and Counterclaim on February 8, 2016.  (Am. Answer & Countercl., ECF No. 22.)  With leave of Court, Plaintiff filed an Amended Complaint on February 16, 2016, which modified only the ad damnum request.  (Am. Compl., ECF No. 28; see also Mot. to Amend, ECF No. 24.)  Plaintiff filed an Answer to Defendant's Counterclaim on February 25, 2016.  (Answer to Countercl., ECF No. 33.)  On March 1, 2016, Defendant filed an Answer to Plaintiff's Amended Complaint and Amended Counterclaim.  (Answer to Am. Compl. & Am. Countercl., ECF No. 35.)[1]  Plaintiff filed an Answer to Defendant's Amended Counterclaim on March 24, 2016.  (Answer to Am. Countercl., ECF No. 37.)

---

[1] Generally, the filing of an amended complaint renders moot any pending motion to dismiss the original complaint.  See Parry v. Mohawk Motors of Mich., Inc., 236 F.3d 299, 306 (6th Cir. 2000) ("when plaintiff filed amended complaint, new complaint supersedes all previous complaints and controls case from that point forward" (citing In re Atlas Van Lines, Inc., 209 F.3d 1064, 1067 (8th Cir. 2000))).  In the instant case, however, Plaintiff's Amended Complaint modifies only the ad damnum request and does not modify any legal theory or factual basis for Plaintiff's claims.  Additionally, at the hearing on the Motion to Dismiss, the parties agreed that the filing of the Amended Complaint had no effect on the arguments raised in the Motion to Dismiss.  Accordingly, the Court finds that the Motion to Dismiss is not moot, and considers the arguments therein as they apply to the Amended Complaint.

3

## II. LEGAL STANDARD

### A. Rule 12(b)(7) Motion to Dismiss

Rule 12(b)(7) of the Federal Rules of Civil Procedure provides that a party may seek dismissal of an action for "failure to join a party under Rule 19." "As the Fifth Circuit indicated in Schutten v. Shell Oil Company, [421 F.2d 869, 873 (5th Cir. 1970),] the essence of Rule 19 is to balance the rights of all those whose interests are involved in the action." 7 Charles Alan Wright et al., Federal Practice & Procedure Civil § 1602 (3d ed. 2001). According to the court in Schutten,

> [t]he plaintiff has the right to "control" his own litigation and to choose his own forum. This "right" is, however, like all other rights, "defined" by the rights of others. Thus the defendant has the right to be safe from needless multiple litigation and from incurring avoidable inconsistent obligations. Likewise the interests of the outsider who cannot be joined must be considered. Finally, there is the public interest and the interest the court has in seeing that insofar as possible the litigation will be both effective and expeditious.

421 F.2d at 873.

The Sixth Circuit uses a three-part test to determine whether a party is indispensable under Rule 19. Laethem Equip. Co. v. Deere & Co., 485 F. App'x 39, 43 (6th Cir. 2012); Soberay Mach. & Equipment Co. v. MRF Ltd., Inc., 181 F.3d 759, 763-64 (6th Cir. 1999). First, the court must determine whether the party is necessary to the action under Rule 19(a). Laethem, 485

F. App'x at 43; Soberay, 181 F.3d at 763-64. A person is necessary if:

> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
>
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>
>> (i) as a practical matter impair or impede the person's ability to protect the interest; or
>>
>> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a)(1).

Second, if the person is a necessary party, the court must decide if joinder will deprive the court of jurisdiction. Glancy v. Taubman Ctrs., Inc., 373 F.3d 656, 666 (6th Cir. 2004). If the court has personal jurisdiction over the person and joinder will not destroy subject matter jurisdiction, then the person should be joined. Soberay, 181 F.3d at 764. If the court cannot exercise jurisdiction, then "the court must proceed to the third step which involves an analysis under 19(b) to 'determine whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent person thus regarded as indispensable.'" Id. (quoting Fed. R. Civ. P. 19(b)). To evaluate indispensability under Rule 19(b), courts consider four factors:

> 1) to what extent a judgment rendered in the person's absence might prejudice the person or those already parties; 2) the extent to which the prejudice can be lessened or avoided; 3) whether a judgment rendered in the person's absence will be adequate; and 4) whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.

Id.

**B.     Colorado River Doctrine**

Generally, a pending state court action is no bar to federal proceedings. Colo. River Water Conservation Dist. v. United States, 424 U.S. 800, 817 (1976). In "exceptional circumstances," however, the Colorado River doctrine permits a federal court to stay an action pending resolution of a similar state action based on judicial economy and federal-state comity. Id. at 813; see Caudill v. Eubanks Farms, Inc., 301 F.3d 658, 660 (6th Cir. 2002) ("Abstention is 'an extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly before it.'" (quoting Colo. River, 424 U.S. at 813)). "[T]he principles underlying this doctrine 'rest on considerations of "[w]ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation."'" Romine v. Compuserve Corp., 160 F.3d 337, 339 (6th Cir. 1998) (alteration in original) (quoting Colo. River, 424 U.S. at 817).

"Before the Colorado River doctrine can be applied, the district court must first determine that the concurrent state

and federal actions are actually parallel." Id. "The state court proceedings need not be identical, merely 'substantially similar.'" Bates v. Van Buren Twp., 122 F. App'x 803, 806 (6th Cir. 2004) (quoting Romine, 160 F.3d at 340). If this threshold condition is satisfied, the court then turns "to a formal analysis of the Colorado River test enunciated by the Supreme Court." Romine, 160 F.3d at 340.

"Two cases are substantially similar 'where (1) the parties are substantially similar, and (2) [Plaintiff's] claims against [Defendants] are predicated on the same allegations as to the same material facts . . . .'" United Am. Healthcare Corp. v. Backs, 997 F. Supp. 2d 741, 752 (E.D. Mich. 2014) (alterations in original) (quoting Doe v. Ann Arbor Pub. Schs., No. 11-15657, 2012 WL 1110015, at *3 (E.D. Mich. Apr. 3, 2012)). As a general rule, "[i]f a state court action and a federal action are truly parallel, resolution of the state court action will also resolve all issues in the federal action." Wright v. Linebarger Googan Blair & Sampson, LLP, 782 F. Supp. 2d 593, 603 (W.D. Tenn. 2011). If, however, there is "substantial doubt" that the state court action "will be an adequate vehicle for the complete and prompt resolution of the issues between the parties, it would be a serious abuse of discretion for the district court to stay or dismiss a case in deference." Chellman-Shelton v. Glenn, 197 F.

App'x 392, 394 (6th Cir. 2006) (quoting TruServ Corp. v. Flegles, Inc., 419 F.3d 584, 593 (7th Cir. 2005)).

In Colorado River, the Supreme Court articulated four factors that must be considered in deciding when abstention is appropriate: "(1) whether the state court has assumed jurisdiction over any res or property; (2) whether the federal forum is less convenient to the parties; (3) avoidance of piecemeal litigation; and (4) the order in which jurisdiction was obtained." Romine, 160 F.3d at 340-41 (citing Colo. River, 424 U.S. at 818-19). In subsequent cases, the Supreme Court identified an additional four factors to be considered, including "(5) whether the source of governing law is state or federal; (6) the adequacy of the state court action to protect the federal plaintiff's rights; (7) the relative progress of the state and federal proceedings; and (8) the presence or absence of concurrent jurisdiction." Id. at 341 (citations omitted). "No one factor is necessarily determinative; a carefully considered judgment taking into account both the obligation to exercise jurisdiction and the combination of factors counselling against that exercise is required." Colo. River, 424 U.S. at 818-19.

## III. ANALYSIS

### A. Rule 12(b)(7) Motion to Dismiss

Defendant asserts that Patrick White and New ECI are necessary parties because they have brought a state court lawsuit asserting that they own the software at issue in the instant case. (ECF No. 13-3 at 4-6.) Additionally, Defendant argues that joinder is not feasible because White and New ECI would bring additional claims, which would destroy subject matter jurisdiction. (Id. at 7.) Finally, Defendant maintains that White and New ECI are indispensable parties and, because White and New ECI cannot be joined, the Court must dismiss this case. (Id. at 4-6.)

Plaintiff argues that Defendant waived the defense of failure to join a necessary party by not asserting it in its Answer and Counterclaim. (ECF No. 15 at 6.) Plaintiff also contends that ownership of the software is not an issue in the present lawsuit, and accordingly, White and New ECI are not necessary or indispensable parties. (Id. at 8-9.) Alternatively, Plaintiff argues that if the Court finds that White and New ECI are necessary parties, joinder is feasible. (Id. at 9-10.)

#### 1. Timeliness

As an initial matter, Defendant has not waived the defense of failure to join a necessary party. Rule 12(h)(1) of the

Federal Rules of Civil Procedure provides that defenses listed in Rule 12(b)(2)-(5) are waived if not raised in a responsive pleading.  Rule 12(h)(2) provides, however, that failure to join a party may be raised "(A) in any pleading allowed or ordered under Rule 7(a); (B) by motion under Rule 12(c); or (C) at trial."  Accordingly, Defendant's defense that Plaintiff's case should be dismissed for failure to join White and New ECI is timely raised and has not been waived.

### 2. White and New ECI are Necessary Parties Under Rule 19(a)(1)(B)(i) and (a)(1)(B)(ii)

The Court agrees with Defendant that White and New ECI are necessary parties to this action.  "Rule 19(a) is disjunctive," which means that White and New ECI are necessary parties if either: (1) complete relief in the dispute between ECIMOS and Carrier cannot be obtained without White and New ECI; (2) White and New ECI claim an interest in the subject matter of the case, and disposition of the case without White and New ECI will impair or impede White and New ECI's ability to protect their interests; or (3) White and New ECI claim an interest in the subject matter of the case, and Carrier will be subject to multiple or inconsistent obligations if White and New ECI are not parties.  Hooper v. Wolfe, 396 F.3d 744, 748 (6th Cir. 2005).

White and New ECI are necessary parties because they have an interest in establishing their ownership of the software at issue and, if found to be the actual owners, in choosing to litigate or not litigate any claims relating to the misuse of that software. White and New ECI have brought a claim against ECIMOS and Stephen Olita, ECIMOS's sole owner, in the Chancery Court of Shelby County, Tennessee for the Thirtieth Judicial District at Memphis. (ECF No. 13-1.) In this Complaint, White and New ECI assert that "[New] ECI is the rightful owner of the ECI software." (Id. ¶ 18.) Accordingly, White and New ECI easily satisfy the definition of persons who "claim[] an interest relating to the subject of the action," as they assert to own the software at issue in the instant action. Fed. R. Civ. P. 19(a)(1)(B).

Additionally, White and New ECI are "so situated that disposing of the action in [their] absence may" both impair their ability to protect their alleged ownership interest in the software and leave Carrier subject to a risk of incurring double obligations. Fed. R. Civ. P. 19(a)(1). In the instant case, Plaintiff's ownership status affects its standing to bring many, if not all, of the claims asserted in its Amended Complaint. Compare Lexmark Int'l, Inc. v. Static Control Components, Inc., 387 F.3d 522, 534 (6th Cir. 2004) (listing "ownership of a valid copyright in the computer program at issue" as an element to

11

establish copyright infringement) with Williams-Sonoma Direct, Inc. v. Arhaus, LLC, 304 F.R.D. 520, 527 (W.D. Tenn. 2015) (acknowledging that "[w]ho has the right to bring a trade secret claim appears to be a question that has not been decided under Tennessee law"). Thus, the Court will necessarily need to resolve the issue of ownership to determine whether Plaintiff has standing to proceed in this action and, for that matter, whether the Court has jurisdiction to hear all of the claims. If the Court resolves the ownership issue in White and New ECI's absence, their ability to assert their alleged ownership interest would be impeded.

In its Response and at the hearing on the instant motion, Plaintiff compared the interests of ECIMOS and White and New ECI with that of co-owners of a musical copyright.[2] (See, e.g., ECF No. 15 at 9.) The instant case does not, however, present an issue of co-owners. In this case, ECIMOS asserts that it is the sole owner of the software. (Am. Compl. ¶ 5.) White and New ECI's state court complaint shows that they also allege sole ownership. (See ECF No. 13-1 ¶ 18.) Because ECIMOS and New ECI are "alternative" owners rather than co-owners, and ownership is

---

[2] Specifically, Plaintiff cites to cases from the Second Circuit: ABKCO Music, Inc. v. Harrisongs Music, Ltd., 944 F.2d 971, 980 (2d Cir. 1991), Davis v. Blige, 505 F.3d 90, 99 (2d Cir. 2007), Edwards B. Marks Music Corp. v. Jerry Vogel Music Co., 140 F.2d 268, 269 (2d Cir. 1944), and Copyright.net Music Publ'g LLC v. MP3.com, 256 F. Supp. 2d 214, 218 (S.D.N.Y. 2003). Each of these cases involves issues of joint ownership, either through assignment or co-ownership. Additionally, 17 U.S.C. § 501(b) explicitly provides that "[t]he court may require the joinder . . . of any person having or claiming an interest in the copyright."

a yet-unsettled issue, there is a risk that ECIMOS's prosecution of these claims is not in the best interest of White and New ECI.  Accord Simon v. E. Ky. Welfare Rights Org., 426 U.S. 26, 39 (1976) ("The necessity that the plaintiff who seeks to invoke judicial power stand to profit in some personal interest remains an Art. III requirement.  A federal court cannot ignore this requirement without overstepping its assigned role in our system of adjudicating only actual cases and controversies.")[3]

Moreover, if the Court proceeded in White and New ECI's absence, Carrier would be at risk of imposing multiple obligations should this Court and the state court reach differing conclusions regarding ownership.  In such circumstance, one could, hypothetically, envision the recovery of damages by ECIMOS in the instant lawsuit while New ECI pursues the same claims as authorized by the state court decision.  Although joining White and New ECI does not eliminate the possibility of this outcome, it will place all relevant parties before the Court and allow the Court to consider all arguments concerning the jurisdictional question of ownership.

---

[3] For example, if ECIMOS's confidence in its ownership interest diminishes at any point during the proceedings, ECIMOS might not fully prosecute these claims and accept a less favorable settlement agreement or ECIMOS might refuse to negotiate to spite New ECI.  Because ECIMOS's interest in the software is dependent on New ECI's lack of interest, ECIMOS would not adequately protect the interests of New ECI.  In contrast, "[a] litigant may serve as a proxy for an absent party if the interests of the two are identical."  Ohio Valley Envtl. Coal. V. Bulen, 429 F.3f 493, 504-05 (4th Cir. 2005); see also Sch. Dist. of City of Pontiac v. Sec'y of U.S. Dep't of Educ., 584 F.3d 253, 266 (6th Cir. 2009).

The possibility of inconsistent conclusions by this Court and the state court would, therefore, be diminished. Accordingly, White and New ECI are necessary parties under Rule 19(a)(2) and must be joined if joinder is feasible. See Keweenaw Bay Indian Cmty. v. State, 11 F.3d 1341, 1347 (6th Cir. 1993) (upholding district court's finding that two absent bands of the Chippewa Tribe were necessary parties where one band sued the State of Michigan for overharvesting and failing to regulate lake trout resources but did not join two other bands who claimed fishing rights in the lake).

### 3. Joinder of White and New ECI is Feasible

The Court finds that joinder is feasible in this instance. Because the Court has federal question jurisdiction in this case, there is no risk of destroying subject matter jurisdiction by joinder. See PaineWebber, Inc. v. Cohen, 276 F.3d 197, 201-02 (6th Cir. 2001) (finding that joinder would destroy diversity where "[t]he sole basis for subject matter jurisdiction . . . [was] diversity of citizenship"). If White and New ECI raise additional claims upon joinder, as Defendant asserts that they will, the Court may then evaluate whether it has subject matter jurisdiction over those claims. See Fed. R. Civ. P. 13 (governing counterclaims and crossclaims). The Court need not speculate as to what additional claims the new parties may bring once joined. Additionally, there appears to be no

14

dispute that the Court may exercise personal jurisdiction over White, a citizen of Tennessee, and New ECI, a two-member LLC whose members are both citizens of Tennessee. (See White Aff. ¶¶ 1, 5-7, ECF No. 13-2; ECF No. 13-1 at 1.)[4] See also Fed. R. Civ. P. 4; Flynn v. Greg Anthony Constr. Co., 95 F. App'x 726, 739 (6th Cir. 2003) ("a state has jurisdiction over those domiciled within its borders" (citing Milliken v. Meyer, 311 U.S. 457, 463-64 (1940))). Accordingly, the Court finds that joinder is feasible and that White and New ECI must be joined as necessary parties.[5]

### B. Colorado River Doctrine

Defendant alternatively argues that the instant matter should be stayed pursuant to the Colorado River doctrine. (ECF No. 13-3 at 8-10.) Specifically, Defendant asserts that "factors three through eight weigh strongly in favor of abstention." (Id. at 10.) Plaintiff argues that the Colorado River doctrine is inapplicable because the instant action and

---

[4] According to White's affidavit, he is a 51% owner and Olita is a 49% owner of New ECI. (White Aff. ¶¶ 6-7.) Both White and Olita are citizens of Tennessee residing in Shelby County. (ECF No. 13-1 at 1.)

[5] If White and New ECI refuse to join, then they should be served as defendants, rather than as involuntary plaintiffs. See Nat'l City Bank of Mich. v. Forthright III, LLC, No. 08-12540, 2009 WL 236126, at *5-6 (E.D. Mich. Feb. 2, 2009) ("The exception is that an involuntary plaintiff may be joined to cure the original plaintiff's inability to press a claim if the original plaintiff and the involuntary plaintiff have 'such a relationship that the absent party must allow the use of his name as plaintiff.' Absent the 'proper case' exception, where there is an obligation to join as a plaintiff, the preferred method is to designate and serve involuntary parties as defendants, regardless of their appropriate interest alignment." (citations omitted)).

15

the state court action are not parallel. (ECF No. 15 at 11-12.) The Court agrees with Plaintiff that the Colorado River doctrine does not apply in this case. Defendant cannot make a threshold showing that the cases are "substantially similar."

While the state court action exclusively deals with the ownership of the software, the instant case presents issues of breach of contract, trade secret misappropriation, conversion, and copyright infringement. While the ownership of the software is a jurisdictional question that must be resolved to ensure that Plaintiff has standing, it is not the crux of the instant lawsuit. Resolution of the ownership question will not address whether Carrier, which is not a party to the state court action, violated a contract, misappropriated a trade secret, or infringed any copyrights in connection with its use of the ECI software, as alleged in the Amended Complaint. There is, therefore, more than "substantial doubt" that the concurrent state proceeding will resolve the claims presented in the instant lawsuit. See Chellman-Shelton, 197 F. App'x at 394. Because the instant case and the state court case cannot be considered parallel, the Court need not analyze the Colorado River factors. The Court must fulfill its constitutional obligation to exercise jurisdiction and decline to stay the case.

## IV. CONCLUSION

For the foregoing reasons, the Court DENIES Defendant's Motion to Dismiss, or in the Alternative to Stay Complaint. Plaintiff shall serve White and New ECI with a copy of an Amended Complaint and a copy of this Order within twenty-one (21) days (i.e., by May 25, 2016) of the date of entry of this Order. A telephonic status/scheduling conference is set for June 1, 2016, at 10:00 a.m.

IT IS SO ORDERED this 4th day of May, 2016.

/s/ Jon P. McCalla
JON P. McCALLA
UNITED STATES DISTRICT JUDGE