**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

---

ECIMOS, LLC,

      Plaintiff,

v.                                                                      Case No: 2:15-cv-2726-JPM-cgc

CARRIER CORPORATION,
PATRICK L. WHITE, and
ENGINEERED CONTROLS
AND INTEGRATION, LLC,

      Defendants.

PATRICK WHITE and ENGINEERED
CONTROLS AND INTEGRATION, LLC,

      Counter-Plaintiffs,

v.

ECIMOS, LLC and STEPHEN G. OLITA,
individually and as a member of ECIMOS, LLC
and ENGINEERED CONTROLS AND
INTEGRATION, LLC,

      Counter-Defendants.

---

**PATRICK WHITE AND ENGINEERED CONTROLS AND INTEGRATION, LLC'S**
**PROPOSED JURY INSTRUCTIONS**

---

COME NOW Patrick L. White and Engineered Controls and Integration, LLC (collectively "New ECI"), and submit to the Court the following proposed Jury Instructions. New ECI reserves the right to amend and supplement these jury instructions to respond to and/or to conform to the proof and the Court's rulings.

# <u>JURY INSTRUCTIONS</u>

Ladies and gentlemen of the jury, we have now come to the point in the case when it is my duty to instruct you in the law that applies to the case and you must follow the law as I state it to you.

As jurors it is your exclusive duty to decide all questions of fact submitted to you and for that purpose to determine the effect and value of the evidence. You must not be influenced by sympathy, bias, prejudice, or passion.

You are not to single out any particular part of the instructions and ignore the rest, but you are to consider all the instructions as a whole and regard each in the light of all the others.

## I. **PARTIES AND NATURE OF CASE**

This case involves disputes between Patrick L. White ("White") and Engineered Controls and Integration LLC (collectively "New ECI") against Stephen G. Olita ("Olita") and ECIMOS, LLC ("ECIMOS").

New ECI filed their Complaint against ECIMOS and Olita seeking a declaratory judgment declaring New ECI's ownership of ECIMOS and its assets as well as for damages for breach of contract, breach of the covenant of good faith and fair dealing, breach of fiduciary duties, conversion, and fraud and intentional misrepresentation.

White claims that Olita and he agreed that Olita would transfer all the tangible and intangible assets of ECIMOS and Olita's membership interest in ECIMOS to New ECI and that in return White would contribute money to keep the business operating.

White claims that Olita did in fact contribute these assets and his membership interest in ECIMOS and the parties operated New ECI together for over approximately two years.  White further claims that Olita then broke his agreement and breached his fiduciary duties to New ECI and White, which resulted in substantial damages to White.

New ECI claims ownership of Olita's membership interest in ECIMOS and the subject tangible and intangible assets, as well as lost profits, damages, and punitive damages.

Olita disputes New ECI's allegations and claims that ECIMOS is the sole owner of the tangible and intangible assets at issue, and that New ECI does not own Olita's membership interest in ECIMOS.

## II. GENERAL INSTRUCTIONS

### <u>Corporation Not To Be Prejudiced</u>

In this case, the two of the parties, Engineered Controls and Integration, LLC ("New ECI") and ECIMOS, LLC ("ECIMOS"), are limited liability companies. The fact that these parties are corporations must not influence you in your deliberations or in your verdict.

You may not discriminate between limited liability companies and natural individuals. All are persons in the eyes of the law, and all are entitled to the same fair and impartial consideration and to justice by the same legal standards.

This case should be considered and decided by you as an action between persons of equal standing in the community, of equal worth, and holding the same or similar stations of life. Each limited liability company is entitled to the same fair trial at your hands as a private individual. All persons, including limited liability companies, stand equal before the law, and are to be dealt with as equals in a court of justice.

### **Burden of Proof and Consideration of the Evidence**

I will now instruct you with regard to where the law places the burden of making out and supporting the facts necessary to prove the legal theories in the case.

When, as in this case, a party denies the material allegations of a complaining party's claim, the law places upon the claiming party the burden of supporting and making out such claim upon every material issue in controversy by the applicable burden of proof.

For most of the factual disputes in this case, the burden of proof standard will be a preponderance of the evidence.

When a party has the burden of proving any claim or defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.  You must consider all the evidence pertaining to every issue, regardless of who presented it.

## Credibility and Weighing the Evidence

You, members of the jury, are judges of the facts concerning the controversies involved in this lawsuit. In order for you to determine what the true facts are, you are called upon to weigh the testimony of every witness who has appeared before you or whose deposition has been read to you or presented to you by video recording and to give the testimony of the witnesses the weight, faith, credit, and value to which you think it is entitled.

You should consider the manner and demeanor of each witness while on the stand. You must consider whether the witness impressed you as one who was telling the truth or one who was telling a falsehood and whether or not the witness was a frank witness. You should consider the reasonableness or unreasonableness of the testimony of the witness; the opportunity or lack of opportunity of the witness to know the facts about which he or she testified; the intelligence or lack of intelligence of the witness; the interest of the witness in the result of the lawsuit, if any; the relationship of the witness to any of the parties to the lawsuit, if any; and whether the witness testified inconsistently while on the witness stand, or if the witness said or did something or failed to say or do something at any other time that is inconsistent with what the witness said while testifying.

These are the rules that should guide you, along with your common judgment, your common experience and your common observations gained by you in your various walks in life, in weighing the testimony of the witnesses who have appeared before you in this case.

If there is a conflict in the testimony of the witnesses, it is your duty to reconcile that conflict if you can, because the law presumes that every witness has attempted to and has testified to the truth. But if there is a conflict in the testimony of the witnesses which you are not able to reconcile, in accordance with these instructions, then it is with you absolutely to determine which of the witnesses you believe have testified to the truth and which ones you believe have testified to a falsehood.

Immaterial discrepancies do not affect a witness's testimony, but material discrepancies do. In weighing the effect of a discrepancy, always consider whether

### Credibility and Weighing the Evidence- *continued*

it pertains to a matter of importance or an unimportant detail, and whether the discrepancy results from innocent error or intentional falsehood.

The preponderance of the evidence in a case is not determined by the number of witnesses testifying to a particular fact or a particular set of facts. Rather, it depends on the weight, credit and value of the total evidence on either side of the issue, and of this you jurors are the exclusive judges.

If in your deliberations you come to a point where the evidence is evenly balanced and you are unable to determine which way the scales should turn on a particular issue, then the jury must find against the party upon whom the burden of proof has been cast in accordance with these instructions.

Remember, you are the sole and exclusive judges of the credibility or believability of the witnesses who will testify in this case. Ultimately, you must decide which witnesses you believe and how important you think their testimony is. You are not required to accept or reject everything a witness says. You are free to believe all, none, or part of any person's testimony.

## **Impeachment - Inconsistent Statement or Conduct**

A witness may be discredited or impeached by contradictory evidence or by evidence that at some other time the witness has said or done something, or has failed to say or do something that is inconsistent with the witness' present testimony.

If you believe any witness has been impeached and thus discredited, you may give the testimony of that witness such credibility, if any, you think it deserves.

If a witness is shown knowingly to have testified falsely about any material matter, you have a right to distrust such witness's other testimony and you may reject all the testimony of that witness or give it such credibility as you may think it deserves; you may, of course, accept any part you decide is true. This is all for you, the jury, to decide.

An act or omission is "knowing," if committed voluntarily and intentionally, and not because of mistake or accident or other innocent reason.

## **Direct and Circumstantial Evidence**

There are two kinds of evidence - direct and circumstantial. Direct evidence is testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which one can find another fact.

You may consider both direct and circumstantial evidence in deciding this case. The law permits you to give equal weight to both, but it is for you to decide how much weight to give to any evidence.

**Evidence**

You are to decide this case only from the evidence that was received, that is, evidence that was presented for your consideration during the trial. The evidence consists of:

1. The sworn testimony of the witnesses who have testified, both in person and by deposition;

2. The exhibits that were received and marked as evidence; and

3. Any facts to which the lawyers for both sides have agreed or stipulated.

## **"Inferences" Defined**

Although you are to consider only the evidence in the case, you are not limited to the statements of the witnesses. In other words, you are not limited to what you see and hear as the witnesses testify. You may draw from the facts that you find have been proved such reasonable inferences as seem justified in light of your experience.

Inferences are deductions or conclusions that reason and common sense lead you to make from facts established by the evidence in the case.

**<u>Statements of Counsel</u>**

You must not consider as evidence any statements of counsel made during the trial. Of course, if counsel for the parties have stipulated to any fact, or any fact has been admitted by counsel, you may regard that fact as being conclusively established.

As to any questions to which an objection was sustained, you must not speculate as to what the answer might have been or as to the reason for the objection, and you must assume that the answer would be of no value to you in your deliberations.

You must not consider for any purpose any offer of evidence that was rejected, or any evidence that was stricken out by the Court. Such matter is to be treated as though you had never known it.

You must never speculate to be true any insinuation suggested by a question asked a witness. A question is not evidence. It may be considered only as it supplies meaning to the answer.

**<u>Totality of the Evidence</u>**

The Jury may consider all evidence admitted in the case. Testimony and documents which the Court allowed into evidence over a hearsay objection may be considered by you as evidence, on the same basis as all other evidence, for the purpose for which it was admitted. For example, matters and things which a decision maker is told may be considered for the purpose of explaining the basis upon which that person acted or made a decision. This, of course, is all for you, the Jury, to decide.

**<u>Juror Notes</u>**

If you have taken notes, please remember that your notes are not evidence. You should keep your notes to yourself. They may only be used to help refresh your personal recollection of the evidence in this case.

If you cannot recall a particularly piece of evidence, you should not be overly influenced by the fact that someone else on the Jury appears to have a note regarding that evidence. Remember, it is your recollection and the collective recollection of all of you upon which you should rely in deciding the facts in this case.

**<u>Comments by the Court</u>**


During the course of a trial on a few occasions, I occasionally asked questions of a witness in order to bring out facts not then fully covered in the testimony. Please do not assume that I hold any opinion on the matters to which my questions may have related. Remember that you, as jurors, are at liberty to disregard all comments of the Court in arriving at your own findings as to the facts.


On the other hand, you are required to follow the Court's instructions on the law, whether you agree with these instructions or not.

**Limited Admission of Evidence**

You will recall that during the course of this trial certain evidence was admitted for a limited purpose only. You must not consider such evidence for any other purpose.

For example, evidence has been admitted for the limited purpose of showing a witness's state of mind, or that the witness had notice of a particular issue. Evidence of a witness's state of mind is relevant only to show what the witness believed. Such evidence cannot be considered for the truth or accuracy of the belief. Likewise, evidence admitted only to show notice cannot be considered for the truth or accuracy of the matter it concerns.

**Absence of Witness or Evidence**

Under certain circumstances you may consider the absence of evidence or a witness. You may conclude that the *[evidence][testimony]* of the witness would be adverse to that party who failed to offer it only if you find all of the following elements:

1. That it was within the power of a party to *[offer evidence][produce a witness]* on an issue in this case, but that party has failed to *[offer the evidence][to produce the witness]*; and

2. The *[evidence][witness]* was uniquely under the control of the party and could have been produced by the exercise of reasonable diligence; and

3. *[The [evidence][ witness] was not equally available to an adverse party][or][the witness was likely to be biased against an adverse party because of a relationship to the party who would be expected to produce the witness]*; and

4. The *[evidence][witness' testimony]* would not be merely cumulative; and

5. A reasonable person under the same or similar circumstances would have *[offered the evidence][produced the witness]* if the *[evidence][testimony]* would be favorable; and

6. No reasonable excuse for the failure has been shown.

You must find all of these elements before you can conclude that the *[evidence][testimony of a witness]* would be adverse to a party.

17

# 1. STIPULATED FACTS

Before this trial started, the parties agreed to the truth of certain facts in this action.  The parties have entered into certain "stipulations", which means they agreed that the facts that I am going to read to you can be taken as true without either party needing to present further proof on the matter. I read the stipulations to you at the beginning of the trial and I will now read them to you again.

*\* The below stipulated facts have not been agreed to by the parties, but are the facts New ECI believes to be undisputed and/or undisputable.*

1.   Electrical Controls, Inc. licensed and sold hardware and software to manufacturers of Heating, Ventilation, and Air Conditioning ("HVAC") and refrigeration systems.  Generally, the software and hardware (named the Integrated Process Control System or "IPCS") performed electronic run and component testing on the production line.  Electrical Controls, Inc. sold its assets to ECIMOS, LLC on March 1, 2012.

2.   On March 14, 2013, Olita and White executed an Operating Agreement and formed a new Tennessee limited liability company, which was named Engineered Controls and Integration, LLC ("New ECI").

3.   New ECI obtained a loan and/or line of credit from Independent Bank in the amount of $500,000 and Patrick White personally guaranteed the loan.

4.   White received a membership interest in New ECI for his contribution of funds to New ECI.

5.   White is a member of New ECI.

6.   Olita is a member of New ECI.

7.   Olita was the President of New ECI.

8.   White and Olita opened a bank account at Independent Bank to manage the

transactions of New ECI.

**9.**   Funds from bank account number ending in 4939 at Independent Bank were used to pay down the New ECI loan/line of credit.

**10.**   Funds from the New ECI loan/line of credit were at times deposited into bank account ending in 4939 at Independent Bank.

**11.**   Funds from the bank account ending in 4939 at Independent Bank were used in connection with the selling, licensing and marketing of the IPCS software.

**12.**   Proceeds from the selling, servicing and/or licensing of the IPCS software were deposited into bank account ending in 4939 at Independent Bank.

**13.**   Olita is in possession and use of an automobile owned by New ECI.

### III. GENERAL INSTRUCTIONS ON THE APPLICABLE LAW

Turning now to the legal theories in the case, it is my duty to tell you what the law is. If any lawyer has told you that the law is different from what I tell you it is, you must, of course, take the law as I give it to you. That is my duty. However, it is your duty, and yours alone, to determine what the facts are and after you have determined what the facts are, to apply those facts to the law as I give it to you, free from any bias, prejudice, or sympathy, either one way or the other.

In this case, New ECI, seeks a declaratory judgment declaring New ECI's ownership of ECIMOS and its assets as well as for injunctive relief and damages against Olita for breach of contract, breach of fiduciary duties, conversion, and fraud and misrepresentation.

## Declaratory Judgment

New ECI's First Claim for Relief seeks a declaratory judgment that New ECI owns all the interest of ECIMOS and its assets.

In order to prove its claim for declaratory judgment, it is New ECI's burden to prove, by the preponderance of the evidence, that:

That Operating Agreement, oral agreement, and/or the conduct of the parties resulted in all of Olita's membership interest in ECIMOS being transferred to New ECI; or

In this case, the parties dispute what assets Olita contributed to New ECI.

If you determine that New ECI has proven by the preponderance of the evidence that the Operating Agreement, oral agreement, and/or the conduct of the parties resulted in all of Olita's membership interest in ECIMOS being transferred to New ECI, then you should find that New ECI is entitled to its requested declaratory judgment.

If you determine that New ECI has not proven by the preponderance of the evidence that the Operating Agreement and/or the conduct of the parties resulted in all of Olita's membership interest in ECIMOS being transferred to New ECI, New ECI is not entitled to its requested declaratory judgment.

**Authority:**

- 28 U.S.C. § 2201

**Breach of Fiduciary Duty**

New ECI's Second Claim for Relief alleges a breach of fiduciary duty. A member of an limited liability company ("LLC") agent owes what is known as a fiduciary duty to the LLC. A fiduciary duty imposes on a member a duty to act with the utmost good faith in the best interests of the LLC. In order to prove its claim for breach of fiduciary duty, it is New ECI's burden to prove, by the preponderance of the evidence, all of the following elements:

1. That Olita was a member of New ECI;
2. That Olita knowingly acted against New ECI's interests in connection with his dealing with White and ongoing operations of ECIMOS;
3. That New ECI did not give informed consent to Olita's conduct;
4. That New ECI was harmed by Olita's conduct.

In this case, the parties agree that Olita was a member of New ECI and that he owed a fiduciary duty to New ECI.

You must therefore determine whether New ECI has proven that Olita breached his fiduciary duties. You must then determine whether New ECI has proven by the preponderance of the evidence that Olita did not act in the utmost good faith or in the best interest of New ECI.

If you determine that New ECI has proven by the preponderance of the evidence that Olita did not act in the utmost good faith or in the best interest of New ECI, then you should find that Olita is liable for breach of fiduciary duty.

If you determine that New ECI has not proven by the preponderance of the evidence that Olita did not act in the utmost good faith or in the best interest of New ECI, then you should find that Olita is not liable for breach of fiduciary duty.

## **Breach of Fiduciary Duty of Loyalty**

Tennessee law provides that a member's fiduciary duty to the LLC also includes the fiduciary duty of loyalty as follows:

> (1) To account to the LLC and to hold as trustee for it any property, profit or benefit derived by the member in the conduct of the LLC's business, or derived from a use by the member of the LLC's property, including the appropriation of any opportunity of the LLC;

> (2) To refrain from dealing with the LLC in the conduct of the LLC's business as, or on behalf of, a person having an interest adverse to the LLC; and

> (3) To refrain from competing with the LLC in the conduct of the LLC's business before the termination of the LLC.

In order to prove its claim for breach of fiduciary duty of loyalty, it is New ECI's burden to prove, by the preponderance of the evidence, all of the following elements:

1. That Olita was a member of New ECI;
2. Any of the following:

> (a) Olita knowingly failed to account to New ECI or hold as trustee any property, profit or benefit gained by Olita as a member in the conduct of New ECI's business; (b) Olita acted against New ECI's interests in connection with his dealing with White and ongoing operations of ECIMOS; or (c) Olita competed with New ECI in the business of New ECI;

You must therefore determine whether New ECI has proven by a preponderance of the evidence that Olita breached his fiduciary duty of loyalty to New ECI.

If you determine that New ECI has proven by the preponderance of the evidence the above items, then you should find that Olita is liable for breach of fiduciary duty of loyalty.

**Authority:**

- Tenn. Code Ann. § 48–249–403(c) (2012).

‘
–

## Duty to Assign Intellectual Property

Under Tennessee law, consistent with the obligation to act in the utmost good faith and the obligation not to deprive a company of corporate opportunity, a member of a limited liability company owes a pre-exiting duty of loyalty that, under some circumstances, includes a duty to assign his inventions to the company.

These circumstances include, among others, using company funds to further development of current ideas and creations of new ones, holding the status as president of the corporation and running the company in every respect, and leading the company to believe that the intellectual property at issue is a company asset.

If you determine that New ECI has proven by the preponderance of the evidence that Olita has breached his fiduciary duty of loyalty then you must determine whether the circumstances are such that Olita's duty of loyalty required that he assign the subject intellectual property to New ECI.

**Authority:**

- *In re Holcomb Health Care Service, LLC*, 329 B.R. 622 (M.D. Tenn. 2004).

25

**Breach of Contract**

New ECI's Third Claim for Relief alleges Olita breached the Operating Agreement. The Operating Agreement is a contract.

It is undisputed that Olita is a party to the Operating Agreement and that he is a member of New ECI.

If you find that a valid contract was entered into you must determine whether the party breached the contract. If a party does not perform according to the contract terms, that party has committed a breach of the contract. Any unexcused breach of contract allows a non-breaching party to recover damages.

In this case, New ECI claims Olita breached the Operating Agreement.

If you determine that New ECI has proven by the preponderance of the evidence that Olita failed to perform according to the terms of the Operating Agreement, Olita is not liable for breach of contract.

If you determine that New ECI has not proven by the preponderance of the evidence that Olita failed to perform according to the terms of the Operating Agreement, Olita is not liable for breach of contract.

## **Breach of Covenant of Good Faith and Fair Dealing**

New ECI's Third Claim for Relief alleges Olita breached the implied Covenant of Good Faith and Fair dealing.

The Operating Agreement contains an implied covenant of good faith and fair dealing that requires the parties to it, both White and Olita, to comply with such covenant.

If you determine that New ECI has proven by the preponderance of the evidence that Olita breached the implied covenant of good faith and fair dealing contained in the Operating Agreement, Olita is liable for breach the covenant of good faith and fair dealing.

If you determine that New ECI has not proven by the preponderance of the evidence that Olita breached the implied covenant of good faith and fair dealing contained in the Operating Agreement, Olita is not liable for breach the covenant of good faith and fair dealing.

**Conversion**

New ECI's Fourth Claim for Relief alleges that Olita converted New ECI's property, by transferring, and using for his own benefit, certain New ECI funds, assets or property, without the consent of New ECI.

A conversion is any assumption of control over property that is inconsistent with the rights of the owner. A conversion may consist of the:

1. Use and enjoyment of personal property of another without the owner's consent; or

2. Destruction or dominion over the property of another by excluding or defying the owner's right; or

3. Withholding of personal property from the owner under a claim of title, inconsistent with the owner's claim of title.

If you determine that New ECI has proven by the preponderance of the evidence that Olita, without authorization, transferred/ and used for his own benefit, certain New ECI funds, assets or property, without the consent of New ECI., Olita is liable for conversion.

If you determine that New ECI has not proven by the preponderance of the evidence that Olita, without authorization, transferred/ and used for his own benefit, certain New ECI funds, assets or property, without the consent of New ECI., Olita is not liable for conversion.

## Intentional Misrepresentation

New ECI's Fourth Claim for Relief alleges that Olita intentionally misrepresented to White that Olita would contribute his membership interest in ECIMOS and all of ECIMOS' assets to New ECI if White would secure financing for the business operations of New ECI.

It is undisputed that White secured financing for the business operations of New ECI.

A party has committed an intentional misrepresentation when:

1. The defendant made a representation of a present or past material fact; and

2. The representation was false; and

3. The defendant knew that the representation was false when it was made [or the defendant made the representation recklessly without knowing whether it was true or false]; and

4. The defendant intended that the plaintiff rely upon the representation and act or not act in reliance on it; and

5. The plaintiff did not know that the representation was false and was justified in relying upon the truth of the representation; and

6. As a result of plaintiff's reliance upon the truth of the representation, the plaintiff sustained damage.

If you determine that New ECI has proven by the preponderance of the evidence that Olita (1) knowingly misrepresented that he would contribute his membership interest in ECIMOS to New ECI if White would secure financing for the business operations of New ECI, and (2) that White justifiably relied on these representations, (3) and that as a result of White's justifiable reliance on Olita's misrepresentations, White was damaged, Olita is liable for intentional misrepresentation.

**Intentional Misrepresentation- *continued***

If you determine that New ECI has not proven by the preponderance of the evidence that Olita (1) knowingly misrepresented that he would contribute his membership interest in ECIMOS to New ECI if White would secure financing for the business operations of New ECI, and (2) that White justifiably relied on these representations, (3) and that as a result of White's justifiable reliance on Olita's misrepresentations, White was damaged, Olita is not liable for intentional misrepresentation.

**Punitive Damages**

New ECI has asked that you make an award of punitive damages, but this award may be made only under the following circumstances. You may consider an award of punitive damages only if you find that the plaintiff has suffered actual damage as a legal result of the defendant's fault and you have made an award for compensatory damages.

The purpose of punitive damages is not to further compensate the plaintiff but to punish a wrongdoer and deter others from committing similar wrongs in the future. Punitive damages are reserved for egregious conduct. Punitive damages may be considered if, and only if, the plaintiff has shown by clear and convincing evidence that a defendant has acted either intentionally, recklessly, maliciously, or fraudulently.

Clear and convincing evidence is a different and higher standard than preponderance of the evidence. It means that the defendant's wrong, if any, must be so clearly shown that there is no serious or substantial doubt about the correctness of the conclusions drawn from the evidence.

A person acts intentionally when it is the person's purpose or desire to do a wrongful act or to cause the result.

A person acts recklessly when the person is aware of, but consciously disregards a substantial and unjustifiable risk of injury or damage to another. Disregarding the risk must be a gross deviation from the standard of care that an ordinary person would use under all the circumstances.

A person acts maliciously when the person is motivated by ill will, hatred or personal spite.

A person acts fraudulently when: (1) the person intentionally either misrepresents an existing material fact or causes a false impression of an existing material fact to mislead or to obtain an unfair or undue advantage; and (2) another person suffers injury or loss because of reasonable reliance upon that representation.

**<u>Punitive Damages - *continued*</u>**

If you decide to award punitive damages, you will not assess an amount of punitive damages at this time. You will, however, report your finding to the court.

## IV. GENERAL INSTRUCTIONS ON DAMAGES

It is the duty of the court to instruct you as to the measure of damages. By instructing you on damages, the court does not mean to suggest for which party your verdict should be rendered.

If you find in favor of New ECI and that Olita was liable on certain claims, then you must determine the amount of money that will reasonably and fairly compensate New ECI for such damages as you find were proximately caused by Olita.

### Breach of Fiduciary Duty

If you determine Olita breached his fiduciary duty to New ECI, you must also decide if the circumstances dictate that New ECI is entitled to the tangible and intangible software at issue. *See See, In re Holcomb Health Care Services, LLC*, 329 B.R. 622 (M.D. Tenn. 2004); as well as any loss of money, and/or property resulting from such breach.

### Breach of Contract

If you determine Olita is liable for Breach of Contract, New ECI is entitled to be placed in as good a position as would have been occupied had the contract been fulfilled in accordance with its terms.

New ECI is not entitled to be put in a better position by a recovery of damages for breach of contract than would have been realized had there been full performance.

The damages to be awarded are those that may fairly and reasonably be considered as arising out of the breach or those that may reasonably have been in the contemplation of the parties when the contract was made. Damages that are remote or speculative may not be awarded.

## Breach Covenant of Good Faith and Fair Dealing

If you determine Olita is liable for Breach of the implied covenant of good faith and fair dealing, New ECI is entitled to be placed in as good a position as would have been occupied had the contract been fulfilled in accordance with its terms.

New ECI is not entitled to be put in a better position by a recovery of damages for breach of the implied covenant of good faith and fair dealing, than would have been realized had there been full performance.

The damages to be awarded are those that may fairly and reasonably be considered as arising out of the breach or those that may reasonably have been in the contemplation of the parties when the contract was made. Damages that are remote or speculative may not be awarded.

## Conversion

If you determine Olita is liable for conversion, New ECI's damages are the fair, reasonable market value of the property at the time8 and place of conversion.

## Intentional Misrepresentation

If you determine Olita is liable for intentional misrepresentation, the proper measure of damages is:

(1) The recipient of [an intentional] misrepresentation is entitled to recover as damages in an action of deceit against the maker the pecuniary loss to him of which the misrepresentation is a legal cause, including (a) the difference between the value of what he has received in [the] transaction and its purchase price or other value given for it; and (b) pecuniary loss suffered otherwise as a consequence of the recipient's reliance upon the misrepresentation.

(2) The recipient of [an intentional] misrepresentation in a business transaction is also entitled to recover additional damages sufficient to give him the benefit of his contract with the maker, if these damages are proved with reasonable certainty.

**<u>Return of Verdict Form</u>**

I will now read to you what is called the verdict form. This is simply the written notice of the decision you will reach in this case.

[The Court reads the verdict form.]

After you have reached unanimous agreement on a verdict, your foreperson will fill in the form that has been given to you, sign and date it, and advise the jury officer outside your door that you are ready to return to the courtroom.

After you return to the courtroom, your foreperson will deliver the completed verdict form as directed in open court.

**<u>Communication with Court</u>**


      If it becomes necessary during your deliberations to communicate with me, you may send a note through the jury officer signed by your foreperson or by one or more members of the jury. No member of the jury should ever attempt to communicate with me on anything concerning the case except by a signed writing, and I will communicate with any member of the jury on anything concerning the case only in writing, or orally here in open court. If you send out a question, I will consult with the parties as promptly as possible before answering it, which may take some time. You may continue with your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone-including me how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged.

Respectfully submitted,

**GLANKLER BROWN, PLLC**

By:  /s/   Don L. Hearn, Jr.
        Don L. Hearn, Jr. (BPR 22837)
        Jeremy G. Alpert (BPR 19277)
        Ryan M. Skertich (BPR 30822)
        6000 Poplar Avenue, Suite 400
        Memphis, Tennessee 38119
        Telephone: 901-525-1322

*Attorneys for White and New ECI*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing has been served on the following via the Court's electronic filing system on this the 13th day of February 2017:

Everett B. Gibson
Ralph Gibson
BATEMAN GIBSON, LLC
Attorneys for Plaintiff/Counter-Defendants
22 North Front Street, Suite 650
Memphis, Tennessee 38103
901.526.0412

Garrett M. Estep
Robert A. McLean
FARRIS BOBANGO BRANAN, PLC
999 S. Shady Grove Road, Suite 500
Memphis, Tennessee 38120

                         /s/   Don L. Hearn, Jr.