IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE, WESTERN DIVISION

———————————————————————————————————————————

ECIMOS, LLC.

      Plaintiff,

v.                               No. 2:15-CV-02726-JPM-cgc

CARRIER CORPORATION,

      Defendant.

———————————————————————————————————————————

**CARRIER CORPORATION'S PROPOSED JURY INSTRUCTIONS**

———————————————————————————————————————————

      Carrier Corporation ("Carrier") submits the following proposed jury instructions for the claims to be decided by the jury.

      Separate instructions and jury verdict forms are provided for each of the claims:

Copyright Act; Digital Millennium Copyright Act; Trade Secret Misappropriation; and, Breach of Contract.

**COPYRIGHT ACT CLAIM - INSTRUCTION NO. 1.**

**Copyright—Preliminary Instruction**

The plaintiff, ECIMOS, claims ownership of two copyrighted computer codes and seeks damages against the defendant, Carrier, for copyright infringement of ECIMOS's VB6 software and database scripts. Carrier denies infringing the copyrights and asserts affirmative defenses, primarily that it independently created its own computer code. To help you understand the evidence in this case, I will explain some of the legal terms you will hear during this trial.

**What is a Copyright?**

Only original expression can be copyrighted. Facts, ideas, procedures, processes, systems, devices, methods of operation, functions, concepts, principles, or discoveries cannot themselves be copyrighted. For example, while the original expression in a book is protectable by copyright, the ideas, words, names, facts, common turns of phrase, and theme of the book cannot be protected by copyright.

A computer program can be copyrighted, but only to the extent of the original copyright-protected expression in the program.

An original work that closely resembles another work can be copyrighted so long as the similarity between the two works is not the result of copying.  Likewise, a work that is independently created, without use of a copyrighted work, cannot infringe the copyrighted work, even if the two works are similar.

**What Rights Does a Copyright Convey?**

The owner of a copyright has the right to exclude any other person from (a) reproducing, (b) distributing, (c) performing, (d) displaying, or (e) preparing derivative works from the work covered by copyright for a specific period of time.

**ECIMOS Has the Burden of Proof**

In this case, the plaintiff, ECIMOS, contends that the defendant, Carrier, has infringed the plaintiff's copyright. The plaintiff has the burden of proving that the defendant improperly copied original expression from the copyright work. The plaintiff must prove this by a preponderance of the evidence.  Preponderance of the evidence means that you must be persuaded by the evidence that it is more probably true than not true that the copyrighted work was infringed.

To prove that the defendant copied the plaintiff's work, the plaintiff may show (a) that the defendant had access to the plaintiff's copyrighted work, and (b) that there are substantial similarities between the defendant's work and the plaintiff's copyrighted work. In determining whether similarities are substantial, you may consider how important the similar portions are to the copyrighted work as a whole.

The defendant contends that there is no copyright infringement. The defendant denies copying the registered works and denies that the defendant's work and the plaintiff's copyrighted work are substantially similar.

(Source: 9th Cir. Civ. Jury Instr. 17.1 (2017), as modified).

**COPYRIGHT ACT CLAIM - INSTRUCTION NO. ___**

Preponderance of the evidence

"Establish by a preponderance of the evidence" means to prove that something is more likely so than not so. In other words, a preponderance of the evidence means such evidence as, when considered and compared with the evidence opposed to it, has more convincing force, and produces in your minds belief that what is sought to be proved is more likely true than not true. This standard does not require proof to an absolute certainty.

In determining whether any fact in issue has been proved by a preponderance of the evidence you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

Plaintiff ECIMOS must prove by a preponderance of the evidence that defendant Carrier infringed plaintiff's copyrights. If the plaintiff should fail to establish any one essential element of the plaintiff's claim by a preponderance of the evidence, you should find for defendant Carrier as to that claim.

If you find for ECIMOS on the infringement claim, then you will consider Carrier's defense that it created its work independently, without copying ECIMOS' copyrighted work.  Carrier must prove its defense by a preponderance of the evidence.  If you find by a preponderance of the evidence that Carrier created its work independently, you should find in its favor.

(Source: Federal Jury Practice And Instructions, February 2018 Update, Civil, Kevin F. O'Malley, Jay E. Greniga0, Hon. William C. Leea1, Part VII. Instructions For Civil Actions Governed by Federal Law Chapter 160. Copyright Infringement. 17 U.S.C.A. § 101 et seq. D. Definitions.)

**COPYRIGHT ACT CLAIM - INSTRUCTION NO. ___**

Copyright Infringement—Elements—Ownership and Copying

Anyone who copies original expression from a copyrighted work during the term of the copyright without the owner's permission infringes the copyright.

On the plaintiff's copyright infringement claim, the plaintiff has the burden of proving by a preponderance of the evidence that:

> 1. the plaintiff is the owner of a valid copyright; and
> 2. the defendant copied original expression from the copyrighted work.

If you find that the plaintiff has proved both of these elements, your verdict should be for the plaintiff. If, on the other hand, you find that the plaintiff has failed to prove either of these elements, your verdict should be for the defendant.

(Source: 17 U.S.C. § 501(a)–(b), Model Civ. Jury Instr. 9th Cir. 17.5 (2017), Federal Jury Practice And Instructions | September 2017 Update. Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit. Prepared by Committee on Model Civil Jury Instructions Within the Ninth Circuit 17. Copyright.)

**COPYRIGHT ACT CLAIM - INSTRUCTION NO. ___**

Ownership—Derivative Work

Plaintiff owns a copyright in the two copyrights if it adapted each from an earlier work. Plaintiff owns a copyright only in the original expression that it adds to the earlier work. It does not own a copyright in the expression taken from the earlier work.

The earlier work may include work that is protected by copyright and used with the copyright owner's permission.

(Source: Fed. Civ. Jury Instr. 7th Cir. 12.4.4 (2010), Federal Jury Practice And Instructions, Federal Jury Instructions: Seventh Circuit, Civil Cases. Prepared by the Committee on Pattern Civil Jury Instructions of the Seventh Circuit. 12. Copyright. 12.4. Ownership)

**COPYRIGHT ACT CLAIM - INSTRUCTION NO. ___**

Copyright—Validity—Ideas and Protected Expression

Copyright protection does not extend to all the elements of a copyrighted work. Elements covered by the copyright protection are called "protected expression," and non-covered elements are "unprotected expression." Because unprotected expression is not entitled to copyright protection, another author may copy it.

"Protected expression" means expression in Plaintiff's work that is original.  Copyright law protects only original expression in the work.  There are various types of unprotected expression. They include:

- a portion of the work that is not original to the author;
- a portion of the work that is in the public domain;
- ideas; procedures; processes; systems; methods of operation; concepts; principles; discoveries; devices, but only to a unique expression of them in the computer code;
- standardized elements that are indispensable or at least standard in the treatment of a particular subject. These are referred to as scènes à faire;
- word, names, and common phrases; and,
- functional elements or features of computer code which instruct a machine to do something.

Any portion of a work that is "in the public domain" does not have copyright protection, so anyone may freely use that portion in another work.

In copyright law, it is important to distinguish between the ideas in a work and the author's expression of the ideas. The ideas in a work are unprotected matter. But an idea must be expressed in some way, and the expression or means of expression of an idea is protected matter. For example, copyright law does not protect the idea of a determined captain hunting a giant whale. But copyright law does protect the particular expression of this idea in the book Moby-Dick.

Put another way, the author of a work has no exclusive right to the underlying ideas, concepts, principles, discoveries, facts, functions, procedures, processes, or methods of operation contained in a work. But the author's copyright does extend to original means by which those are expressed in the work.

If you find that ECIMOS is seeking copyright protection in:

- a portion of the work that is not original to the author;
- a portion of the work that is in the public domain;
- ideas; procedures; processes; systems; methods of operation; concepts; principles; discoveries; devices, but only to a unique expression of them in the computer code;
- standardized elements that are indispensable or at least standard in the treatment of a particular subject. These are referred to as scènes à faire;

> • word, names, and common phrases; and,
> • functional elements or features of computer code which instruct a machine to do something.

you should exclude that material from the protected matter ECIMOS' copyright-infringement claim can be based on.

SPECIAL INTERROGATORY TO THE JURY

1. Do you find that Plaintiff is seeking copyright protection in:

> A. a portion of the work that is not original to the author;
> B. a portion of the work that is in the public domain;
> C. ideas; procedures; processes; systems; methods of operation; concepts; principles; discoveries; devices, but only to a unique expression of them in the computer code;
> D. standardized elements that are indispensable or at least standard in the treatment of a particular subject. These are referred to as scènes à faire;
> E. word, names, and common phrases; and,
> F. functional elements or features of computer code which instruct a machine to do something.

Answer Yes or No        _____

If your answer to the above question is "Yes," as to any material in which ECIMOS is claiming copyright protection, you should exclude that material from the material ECIMOS' copyright-infringement claim can be based on.


(Source: In addition to the statute and precedents discussed in 3B Fed. Jury Prac. & Instr. Ch. 160 Introduction (6th ed.) Federal Jury Practice And Instructions, February 2018 Update, Civil, this charge is drawn from the American Bar Association, Section of Litigation's MODEL JURY INSTRUCTIONS, COPYRIGHT, TRADEMARK, AND TRADE DRESS LITIGATION. See MODEL JURY INSTRUCTIONS, COPYRIGHT, TRADEMARK AND TRADE DRESS LITIGATION §§ 1.4.2, 1.4.3, 1.4.4 (Todd S. Holbrook and Alan Nathan Harris eds., American Bar Association Section of Litigation, 2008), as modified.)


(Source: Fed. Civ. Jury Instr. 7th Cir. 12.5.2 (2010), Federal Jury Practice And Instructions, Federal Jury Instructions: Seventh Circuit, Civil Cases. Prepared by the Committee on Pattern Civil Jury Instructions of the Seventh Circuit. 12. Copyright. 12.5. Copying, modified. "Functional elements" or features of an item are excluded from copyright protection. See Incredible Techs., Inc. v. Virtual Techs., Inc., 400 F.3d 1007, 1011–12 (7th Cir. 2005).  Scènes à faire doctrine (standardized elements).  See Incredible Techs., Inc. 400 F.3d at 1012); Atari, Inc. v. N. Amer. Philips Consumer Elecs. Corp., 672 F.2d 607, 616 (7th Cir. 1982).

"Material not subject to copyright," 37 C.F.R. § 202.1 (2007). The Copyright Office Circular lists those works which, standing alone, would not be entitled to registration. Some works, such as words, phrases and slogans that generally are not copyrightable standing alone….)

**COPYRIGHT ACT CLAIM - INSTRUCTION NO. ___**

Copyright—Validity—The Merger Doctrine

Copyright law provides that an author can copy unprotected matter, but the author cannot copy a unique manner another author selected for expressing a particular matter. But the manner of expression cannot be considered unique if there is only one way, or only a few ways, of expressing the ideas or other unprotected matter in a work. In such cases, an author may copy the expression in the work to the extent necessary to express the unprotected matter.

This concept is called the "merger doctrine" because when there is only one way, or only a few ways, of expressing an idea or other unprotected matter, the expression is said to have "merged" with the unprotected matter. The merger doctrine can apply to any unprotected matter such as ideas, facts, or functions. The doctrine can apply to literal text, such as when facts can be effectively expressed only by using specific words or a limited range of words. The merger doctrine can also apply to non-literal elements of a work, such as when it is necessary to execute instructions in the same order as another work in order to follow a manufacturer's requirements. The merger doctrine applies to computer software, such as when there are a limited number of ways of performing certain functions.

Carrier contends that there is only one, or a few, ways in which to tests its units per the functional requirements of the testing hardware and its engineering requirements.


SPECIAL INTERROGATORY TO THE JURY

1.  Do you find that ECIMOS is seeking copyright protection for elements that are either functions, may only be expressed in a limited number of ways, or are necessary to execute instructions in the same order as another work in order to follow the manufacturer's requirements?

Answer Yes or No      _____


If your answer to this question is "Yes" for any of the material in which ECIMOS is claiming copyright protection, you should exclude that material from the material ECIMOS' copyright-infringement claim can be based on.


(Source: Pattern Civ. Jury Instr. 11th Cir. 9.11 (2013), Federal Jury Practice And Instructions, Pattern Jury Instructions: Eleventh Circuit, Civil Cases, Committee on Pattern Jury Instructions, District Judges Association, Eleventh Circuit.  This charge is based upon that provided by the American Bar Association, Section of Litigation's MODEL JURY INSTRUCTIONS, COPYRIGHT, TRADEMARK, AND TRADE DRESS LITIGATION. See MODEL JURY

INSTRUCTIONS, COPYRIGHT, TRADEMARK AND TRADE DRESS LITIGATION §§ 1.4.7 (Todd S. Holbrook and Alan Nathan Harris eds., American Bar Association Section of Litigation, 2008).)

**COPYRIGHT ACT CLAIM - INSTRUCTION NO. \_\_\_**

Copyright—Infringement—Access

The two general elements of infringement are (1) access and (2) substantial similarity. I will now discuss access in more detail.

To prove that Carrier and the company that developed the RES code and database for Carrier, Amtec, had "access" to a copyrighted work of ECIMOS, ECIMOS must show that Amtec had a reasonable opportunity to see the work.

It is not necessary to show that Amtec actually saw the ECIMOS' copyrighted software code before creating Carrier's new RES code if the evidence reasonably establishes that Amtec could have seen it and could have copied it.  You cannot, however, base a finding that Amtec had access to ECIMOS' copyrighted software code on mere speculation, conjecture, or a guess. To support a finding of access, there must be more than just a slight possibility of access.

If Plaintiff cannot show that Defendant had access to its work before Defendant created an alleged copy, Plaintiff can still establish a rebuttable presumption of copying by showing that the material Defendant allegedly copied is so strikingly similar to its copyrighted material that the similarity is unlikely to have occurred unless there was copying.  Put another way, if Plaintiff's work and Defendant's work are so strikingly similar that a reasonable person would assume Defendant copied from Plaintiff and that there is no possibility of independent creation, coincidence, or prior common source, then Plaintiff is entitled to a rebuttable presumption that copying occurred. A "rebuttable presumption" means that you assume that copying occurred unless Defendant proves that it didn't happen.

(Source: Pattern Civ. Jury Instr. 11th Cir. 9.18 (2013), as modified.)

**COPYRIGHT ACT CLAIM - INSTRUCTION NO. _____**

Copyright—Infringement—Substantial Similarity

Having discussed access, I will now discuss the issue of substantial similarity. ECIMOS must prove that Carrier's accused work is substantially similar to copyrightable expression in the copyrighted work. Carrier's accused work can only be found to be substantially similar in expression to ECIMOS' copyrighted work if an ordinary person would conclude that Carrier's work uses unlawfully copied expression from ECIMOS' work that is protectable and of substance and value.

Even if the degree of similarity between a copyrighted work and an accused work is large in quantity, you can still find that there is no substantial similarity if the similar portion is not important to the work as a whole.  If copying is minimal or trivial, there is no substantial similarity.

Even if you find that Carrier's software is substantially similar to ECIMOS' software, not all similarity supports a claim of infringement.  You must determine whether there is "substantial similarity" between Carrier's allegedly infringing program and the original elements of ECIMOS' software that the law protects.

To do that, you must to filter ECIMOS' copyrighted computer program to decide what part of its copyrighted software program is protected by the law and what part is not protectable.

You will need to break down the allegedly infringed program— ECIMOS' copyrighted work— into its structural parts so you can consider the individual elements of ECIMOS' copyrighted work. Then you will need to determine which of the elements that ECIMOS' claims have been infringed are protected by the law. The law does not protect the following elements, and you should filter these out:

- a portion of the work that is not original to the author;
- a portion of the work that is in the public domain;
- ideas; procedures; processes; systems; methods of operation; concepts; principles; discoveries; devices, but only to a unique expression of them in the computer code;
- standardized elements that are indispensable or at least standard in the treatment of a particular subject. These are referred to as scènes à faire;
- word, names, and common phrases; and,
- functional elements or features of computer code which instruct a machine to do something.

Once you have applied this filter to eliminate items from consideration that are not legally protectable, you are entitled to include in your consideration for copyright infringement both those items in Carrier's software (if any) that are similar to the copyrighted work.  But even if you find that Carrier intentionally included copies of ECIMOS' copyrighted software, that similarity must relate to ECIMOS' copyrighted software or components of software that are legally protectable.

13

If Plaintiff shows (1) that Defendant had access to the copyrighted material and that there is substantial similarity between the two works, or (2) that the works are strikingly similar, then the burden of proof shifts to Defendant to prove that its work is an independent creation—not a copy. Proof that a work is an independent creation overcomes a presumption of copying.

(Source: Pattern Civ. Jury Instr. 11th Cir. 9.19 and 9.22 (2013), Federal Jury Practice And Instructions, Pattern Jury Instructions: Eleventh Circuit, Civil Cases. Committee on Pattern Jury Instructions, District Judges Association, Eleventh Circuit, 9. Copyright, as modified.)

**COPYRIGHT ACT CLAIM - INSTRUCTION NO. ___**

Copyright—Infringement—Software Compatibility

In alleged copyright infringement for software, some parts of the software are required because of external factors. These external factors include:

> • the need for the computer program to meet certain objectives or perform certain functions in a specific computing environment;

> • the mechanical specifications of the computer on which a program is intended to run; and

> • compatibility requirements of other programs or devices that the program is designed to perform in conjunction with.

So if you find that Carrier has copied a portion of ECIMOS' software, but that Carrier used those elements because of external factors such as those identified above, the external considerations may mean there's no infringement.

**COPYRIGHT ACT CLAIM - INSTRUCTION NO. ___**

Copyright—Defenses—Independent Creation

As a defense, Carrier asserts that it created its work independently—without copying ECIMOS' copyrighted work.

If you find by a preponderance of the evidence that Carrier created its work independently, you should find no infringement occurred and in Carrier's favor.

(Source: Pattern Civ. Jury Instr. 11th Cir. 9.24 (2013), Federal Jury Practice And Instructions, Pattern Jury Instructions: Eleventh Circuit, Civil Cases. Committee on Pattern Jury Instructions, District Judges Association, Eleventh Circuit. 9. Copyright)

**COPYRIGHT ACT CLAIM - INSTRUCTION NO. ___**

Copyright—Affirmative Defense—Copyright Misuse

Copyright misuse as a defense to copyright infringement.  Copyright misuse "forbids the use of the copyright to secure an exclusive right or limited monopoly not granted by the Copyright [Act]." The purpose of the defense is to prevent copyright holders "from leveraging their limited monopoly to allow them control of areas outside the monopoly." There is misuse when copyright holder's license agreement requires the licensee to use its copyrighted coding system to exclusion of other competing coding systems because it gives the copyright holder a "substantial and unfair advantage over its competitors".

(Source: Model Civ. Jury Instr. 9th Cir. 17.24 (2017), Federal Jury Practice And Instructions | September 2017 Update, Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit Prepared by Committee on Model Civil Jury Instructions Within the Ninth Circuit. 17. Copyright.  Copyright misuse "forbids the use of the copyright to secure an exclusive right or limited monopoly not granted by the Copyright [Act]." Id. at 520 (quoting Lasercomb Am., Inc. v. Reynolds, 911 F.2d 970, 977–79 (4th Cir. 1990)). The purpose of the defense is to prevent copyright holders "from leveraging their limited monopoly to allow them control of areas outside the monopoly." Apple Inc. v. Psystar Corp., 658 F.3d 1150, 1157 (9th Cir. 2011) (quoting A&M Records v. Napster, Inc., 239 F.3d 1004, 1026 (9th Cir. 2001)); see also Practice Mgmt., 121 F.3d at 520–21 (finding misuse when copyright holder's license agreement required licensee to use its copyrighted coding system to exclusion of other competing coding systems because it gave copyright holder a "substantial and unfair advantage over its competitors").]

**COPYRIGHT ACT CLAIM - INSTRUCTION NO. ___**

Copyright—Damages—General Charge

If you find that ECIMOS has failed to prove its copyright-infringement claim or that Carrier has proved an affirmative defense by a preponderance of the evidence, you will not consider the question of monetary damages. If you find that ECIMOS has proved by a preponderance of evidence that Carrier has infringed ECIMOS's copyright, and Carrier has not proved a defense, you must determine whether ECIMOS is entitled to recover damages.

(Source: Pattern Civ. Jury Instr. 11th Cir. 9.30 (2013), Federal Jury Practice And Instructions, Pattern Jury Instructions: Eleventh Circuit, Civil Cases, Committee on Pattern Jury Instructions, District Judges Association, Eleventh Circuit. 9. Copyright)

**COPYRIGHT ACT CLAIM - INSTRUCTION NO. \_\_\_**

Copyright—Damages—Actual Damages

If ECIMOS proves infringement and Carrier fails to prove an affirmative defense, you will consider ECIMOS's claim for actual damages it claims it suffered because of the infringement. "Actual damages" means the amount of money adequate to compensate ECIMOS for the injury caused by the infringement.  In this case, actual damages are measured by:

> • lost licensing revenue.

ECIMOS has the burden of first proving to a reasonable probability a causal connection between Carrier's alleged act(s) of infringement and the loss of licensing fees for the copyrighted work.

(Source: Pattern Civ. Jury Instr. 11th Cir. 9.31 (2013), Federal Jury Practice And Instructions, Pattern Jury Instructions: Eleventh Circuit, Civil Cases. Committee on Pattern Jury Instructions, District Judges Association, Eleventh Circuit. 9. Copyright. (Modified.)

**JURY VERDICT FORM – COPYRIGHT**

Do you find from a preponderance of the evidence:

1.  That Carrier' RES code or database copied protected expression, not unprotected expression, from ECIMOS' copyrighted software?

Answer Yes or No     _____

If you answer "No," don't answer Questions Nos. 2 through 5.  You must find that Carrier did not infringe on ECIMOS' copyrights.  Proceed to Question 6 and answer "No".

2.  That Carrier's use of elements of ECIMOS' copyrighted software comprises of matters that are functions, may only be expressed in a limited number of ways, or are necessary to execute instructions in the same order as another work in order to follow the manufacturer's requirements?

Answer Yes or No     _____

If you answered "Yes," don't answer Questions Nos. 3 through 5.  You must find that Carrier did not infringe on ECIMOS' copyrights.  Proceed to Question 6 and answer "No".

3.  That Carrier's developer, Amtec, had access to ECIMOS' work—that is, that Amtec had a reasonable opportunity to see it?

Answer Yes or No     _____

        And, that Carrier's new RES code or database are substantially similar to protected expression, not unprotected expression, from ECIMOS' copyrighted software?

Answer Yes or No     _____

If you answer "No" to either portion of this question, proceed to Question No. 4. If you answer "Yes" to both portions, you may skip Question No. 4 and proceed to No. 5.

4.  That the allegedly copied part of ECIMOS' copyrighted software is so strikingly similar to Carrier's new RES code that the similarity is unlikely to have occurred unless there was copying?

Answer Yes or No     _____

5.  That Carrier's new RES code was independently created and was not copied from ECIMOS' work?

Answer Yes or No          _____

If you answered "Yes" to Question No. 5, you must find that Carrier did not infringe on ECIMOS' copyright.  Proceed to Question 6 and answer "No".

6.  Do you find by a preponderance of the evidence that Carrier infringed ECIMOS' copyright?

Answer Yes or No          _____

If you answered "Yes," proceed to the next question. If you answered "No," sign the form and don't answer any additional questions.


7.  Do you find to a reasonable probability that ECIMOS suffered loss of licensing fees of the copyrighted work?

Answer Yes or No          _____

If you answered "No," sign the form and don't answer any additional questions.


8.  Do you find to a reasonable probability that the loss of licensing fees of the copyrighted work was caused by Carrier's alleged act of infringement?

Answer Yes or No          _____

If you answered "No," sign the form and don't answer any additional questions.


9.  What amount of money do you determine is adequate to compensate ECIMOS for the loss of the licensing fees of the copyrighted work caused by the infringement?

$_____


_____
FOREPERSON OF THE JURY

(Source: Pattern Civ. Jury Instr. 11th Cir. 9.19, 9.22, 9.24, and 9.31 (2013), Federal Jury Practice And Instructions, Pattern Jury Instructions: Eleventh Circuit, Civil Cases. Committee on Pattern Jury Instructions, District Judges Association, Eleventh Circuit, 9. Copyright.)

**DMCA VIOLATION CLAIM - JURY INSTRUCTION NO. ___**

ECIMOS alleges that Carrier violated the Digital Millennium Copyright Act.  The purpose of the Digital Millennium Copyright Act is to support the efforts of copyright owners to protect their works by using technical measures - like passwords - by banning the use, manufacture, or sale of technologies that circumvent such protections, and to ban such technologies from being used as a tool for actual copyright infringement.

Specifically, ECIMOS alleged that Carrier circumvented a technological measure that effectively controls access to works on which ECIMOS holds copyright registrations.  ECIMOS contends that Carrier then actually infringed on its copyrighted works.  Carrier denies that it improperly accessed the copyrighted works or infringed upon them.

To "circumvent a technological measure" means to descramble a scrambled work, to decrypt an encrypted work, or otherwise to avoid, bypass, remove, deactivate, or impair a technological measure, without the authority of the copyright owner.

A technological measure "effectively controls access to a work" if the measure, in the ordinary course of its operation, requires the application of information, or a process or a treatment, with the authority of the copyright owner, to gain access to the work.

For example, this might be a password that is known to the owner of the work, but not the user.  In this example, without avoiding, disabling, or illegally obtaining the password, the user cannot access the protected areas of the work.  However, on the other hand, if the copyright owner provides the password to the user, then the user has authority to access the works.

To prove a claim for violation of the Digital Millennium Copyright Act, ECIMOS has the burden to prove each of the following elements by a preponderance of the evidence:

1. ECIMOS had registered copyrights at the time of alleged circumvention;
2. Carrier circumvented a technological measure without the authority of ECIMOS;
3. As a result of the circumvention, Carrier committed actual copyright infringement; and,
4. As a result of the circumvention, ECIMOS sustained actual damages.

A person who has lawfully obtained the right to use a copy of a computer program may circumvent a technological measure that effectively controls access to a particular portion of that program for the sole purpose of identifying and analyzing those elements of the program that are necessary to achieve interoperability of an independently created computer program with other programs, and that have not previously been readily available to the person engaging in the circumvention.

(Source: 17 U.S.C. § 1201; Ford Motor Company v. Autel US, Inc., et al., 2015 WL 5729067 at * 6 (E.D. Mich. 2015); U.S. v. Reichert, 747 F.3d 445, 458 (6th Cir. 2014).)

**DMCA VIOLATION CLAIM - INSTRUCTION NO. ___**

If ECIMOS proves by a preponderance of the evidence that Carrier violated the Digital Millennium Copyright Act, then it shall be entitled to recover actual damages it suffered as a result of the violation, and any profits of the violator that are attributable to the violation and are not taken into account in computing the actual damages.

In this case, any such damages are the same as those that would be awarded for violation of the Copyright Act and cannot be duplicated.

(Source: 17 U.S.C. § 1203.)

**JURY VERDICT FORM – DIGITAL MILLENNIUM COPYRIGHT ACT**

Do you find from a preponderance of the evidence:

1.  That ECIMOS had registered copyrights at the time of alleged circumvention?


Answer Yes or No        _____

If you answer "No," sign the form and don't answer any additional questions.  Otherwise proceed to the next question.


2.  That Carrier circumvented a technological measure without the authority of ECIMOS?

Answer Yes or No        _____

If you answer "No," sign the form and don't answer any additional questions.  Otherwise proceed to the next question.


3.  Did you previously find by a preponderance of the evidence that Carrier infringed on ECIMOS' copyrights?

Answer Yes or No        _____

Proceed to sign the form.




_____
FOREPERSON OF THE JURY

**TRADE SECRET MISAPPROPRIATION CLAIM - JURY INSTRUCTION NO. ___**

ECIMOS also alleges that it holds trade secrets and Carrier misappropriated them.
In order to find for ECIMOS on its claim for misappropriation of trade secrets, you must find by the greater weight of all of the evidence the following:

> 1. ECIMOS possessed a trade secret;
> 2. Carrier misappropriated the trade secret; and
> 3. The misappropriation directly caused harm to ECIMOS.

ECIMOS has the burden of proving each of these three elements by a preponderance of the evidence.

You must first determine whether the information in dispute is entitled to trade secret protection, and belongs to ECIMOS.  If you determine the information is an ECIMOS trade secret, you must determine whether Carrier misappropriated it. If you determine that Carrier misappropriated the trade secret, you must determine whether the misappropriation caused harm to ECIMOS. If you determine that the misappropriation harmed ECIMOS, you must determine what amount of money will adequately compensate ECIMOS for the harm.

**TRADE SECRET MISAPPROPRIATION CLAIM - JURY INSTRUCTION NO. ___**

"Trade secret" means information, without regard to form, including, but not limited to, technical, nontechnical or financial data, a formula, pattern, compilation, program, device, method, technique, process, or plan that:

1. Derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by other persons who can obtain economic value from its disclosure or use; and

2. Is the subject of efforts by the claimed owner of the trade secret that are reasonable under the circumstances to maintain its secrecy.

**TRADE SECRET MISAPPROPRIATION CLAIM - JURY INSTRUCTION NO. ___**

ECIMOS contends that its valid tests, test procedures, and hardware diagrams are trade secrets. If you find that a trade secret exists, then you must determine whether Carrier misappropriated the trade secret. "Misappropriation" means:

(A) Acquisition of a trade secret of another by a person who knows or has reason to know that the trade secret was acquired by improper means; or

(B) Disclosure or use of a trade secret of another without express or implied consent by a person who:

      (i) Used improper means to acquire knowledge of the trade secret; or

      (ii) At the time of disclosure or use, knew or had reason to know that that person's knowledge of the trade secret was:

            (a) Derived from or through a person who had utilized improper means to acquire it; or

            (b) Acquired by a contract claiming its secrecy or its limited use.

Thus, in order to find a misappropriation of trade secrets, you must first find that (1) at the time of the use, Carrier knew or should have known that it acquired the trade secrets by a contract claiming their secrecy or limited use, and, in addition, (2) Carrier used the trade secrets without ECIMOS's express or implied consent.

**TRADE SECRET MISAPPROPRIATION CLAIM - JURY INSTRUCTION NO. ___**

In order for something to qualify as a trade secret belonging to ECIMOS, ECIMOS must have made reasonable efforts to maintain its secrecy. The information cannot be a trade secret if, for example:

(a)      ECIMOS disclosed what it alleges are trade secrets to its employees, or former employees, without requiring confidentiality agreements or covenants not to compete; or

(b)      ECIMOS disclosed the information to a third party such as installers without requiring confidentiality agreements; or

(c)      The information has been publicly disclosed; or

(d)      the information was printed on materials freely sold to Carrier without reserving any rights or notifying Carrier of claims of confidentiality.

If any of the foregoing applies, you may not find that Carrier misappropriated such information from ECIMOS.

Even if the information ECIMOS claims to be a trade secret has not been publicly disclosed, it cannot constitute a trade secret if the information is already general public knowledge or general industry knowledge.

**TRADE SECRET MISAPPROPRIATION CLAIM - JURY INSTRUCTION NO. ___**

If you find that Carrier owns or created the materials at issue, ECIMOS cannot claim those materials as its trade secrets.

**TRADE SECRET MISAPPROPRIATION CLAIM - JURY INSTRUCTION NO. ____**

If you find that Carrier misappropriated a trade secret belonging to ECIMOS, one of the issues you will have to decide is when Carrier used the information, because ECIMOS is only be entitled to recover monetary damages caused by misuse of the trade secret information during the period that the trade secret information was entitled to protection and misused.

**TRADE SECRET MISAPPROPRIATION CLAIM - JURY INSTRUCTION NO. ___**

If you find that Carrier misappropriated a trade secret belonging to ECIMOS, you must also determine whether that misappropriation was a direct cause of harm to ECIMOS. A direct cause is a cause which plays a substantial part in bringing about the harm.

**TRADE SECRET MISAPPROPRIATION CLAIM - JURY INSTRUCTION NO. ___**

If you find that Carrier is liable to ECIMOS for misappropriation of trade secrets, then you should consider whether ECIMOS has suffered monetary damages as a result. You should address the issue of damages, however, only if you first determine that Carrier is liable to ECIMOS on the basis we have discussed previously. A party who claims it was harmed by misappropriation has the burden to prove its damages. Here, ECIMOS, as the party who claims damages, must prove the nature, extent, duration, and consequences of its harm. You must not decide damages based on speculation or guess.

A party who claims it was harmed by misappropriation may recover the actual loss caused by the misappropriation and the benefits gained by defendant's use of the trade secret that are not taken into account in computing actual loss. I will now explain these types of damages to you.

**TRADE SECRET MISAPPROPRIATION CLAIM - JURY INSTRUCTION NO. ___**

If you find that Carrier misappropriated a trade secret of ECIMOS and that ECIMOS suffered harm as a result of the misappropriation, you must then consider the amount of money which will reasonably, fairly, and adequately compensate ECIMOS for the harm caused by the misappropriation.

That amount should include ECIMOS's actual loss caused by the misappropriation. Actual loss is the amount, if any, which would put ECIMOS in the position it would have been, if the misappropriation of the ECIMOS trade secret had not occurred.   The damages caused by misappropriation may be measured by imposition of liability for a reasonable royalty or license for a misappropriator's unauthorized disclosure or use of a trade secret.

Mathematical precision need not be shown, but your determination of the amount of compensation must be based upon a reasonable certainty and may not be based upon speculation or guess.

The following instruction should be given only if the Tennessee procedure for punitive damages is followed.

**TRADE SECRET MISAPPROPRIATION CLAIM - JURY INSTRUCTION NO. __**

If you find that trade secrets were misappropriated, you must then determine whether the misappropriation was willful and malicious.

An act is "willful" if the actor knew or had reason to know that its actions were prohibited and it intentionally acted anyway.

"Malicious" is an intentional misappropriation of trade secrets without legal justification or excuse.

"Intentional" means the action was desired to cause the consequences of its actions, or that it believed that the consequences were substantially certain to result from it.

If willful and malicious misappropriation exists, the court may award exemplary damages in an amount not exceeding twice any award made under Instruction No. ___ above.

(Source: T.C.A. 47-25-1701 – 1708, modified per allegations in the Second Amended Complaint)

**JURY VERDICT FORM – TRADE SECRET MISAPPROPRIATION**

Do you find from a preponderance of the evidence:

1.  That ECIMOS proved its valid tests are trade secrets?

Answer Yes or No        _____

If you answer "No," proceed to Question 8.  Otherwise proceed to the next question.

2.  That ECIMOS took reasonable efforts to maintain the secrecy of its valid tests?

Answer Yes or No        _____

If you answer "No," proceed to Question 8.  Otherwise proceed to the next question.

3.  That Carrier owns or created the valid tests?

Answer Yes or No        _____

If you answer "No," proceed to Question 8.  Otherwise proceed to the next question.

4.  That Carrier misappropriated any of the valid tests?

Answer Yes or No        _____

If you answer "No," proceed to Question 8.  Otherwise proceed to the next question.

5.  That Carrier misused any valid test during the time period it was entitled to protection?

Answer Yes or No        _____

If you answer "No," proceed to Question 8.  Otherwise proceed to the next question.

6.  That ECIMOS sustained actual damages as a direct result of any misappropriation of the valid tests?

Answer Yes or No        _____

If you answer "No," proceed to Question 8.  Otherwise proceed to the next question.

7.  What amount of money do you determine is adequate to compensate ECIMOS for the misappropriation of its valid tests?

$_____

Proceed to the next question.

8.  That ECIMOS proved its test procedures are trade secrets?

Answer Yes or No        _____

If you answer "No," proceed to Question 15.  Otherwise proceed to the next question.

9.  That ECIMOS took reasonable efforts to maintain the secrecy of its test procedures?

Answer Yes or No        _____

If you answer "No," proceed to Question 15.  Otherwise proceed to the next question.

10.  That Carrier owns or created the test procedures?

Answer Yes or No        _____

If you answer "No," proceed to Question 15.  Otherwise proceed to the next question.

11.  That Carrier misappropriated any of the test procedures?

Answer Yes or No        _____

If you answer "No," proceed to Question 15.  Otherwise proceed to the next question.

12.  That Carrier misused any test procedure during the time period it was entitled to protection?

Answer Yes or No        _____

If you answer "No," proceed to Question 15.  Otherwise proceed to the next question.

13.  That ECIMOS sustained actual damages as a direct result of any misappropriation of the test procedures?

Answer Yes or No        _____

If you answer "No," proceed to Question 15.  Otherwise proceed to the next question.

14.  What amount of money do you determine is adequate to compensate ECIMOS for the misappropriation of its test procedures?

$_____

Proceed to the next question.

15.  That ECIMOS proved its hardware diagrams are trade secrets?

Answer Yes or No          _____

If you answer "No," proceed to sign the form and don't answer any other questions.  Otherwise proceed to the next question.

16.  That ECIMOS took reasonable efforts to maintain the secrecy of its hardware diagrams?

Answer Yes or No          _____

If you answer "No," proceed to sign the form and don't answer any other questions.  Otherwise proceed to the next question.

17.  That Carrier owns or created the hardware diagrams?

Answer Yes or No          _____

If you answer "No," proceed to sign the form and don't answer any other questions.  Otherwise proceed to the next question.

18.  That Carrier misappropriated any of the hardware diagrams?

Answer Yes or No          _____

If you answer "No," proceed to sign the form and don't answer any other questions.  Otherwise proceed to the next question.

19.  That Carrier misused any hardware diagrams during the time period they were entitled to protection?

Answer Yes or No          _____

If you answer "No," proceed to sign the form and don't answer any other questions.  Otherwise proceed to the next question.

20.  That ECIMOS sustained actual damages as a direct result of any misappropriation of the hardware diagrams?

Answer Yes or No          _____

If you answer "No," proceed to sign the form and don't answer any other questions.  Otherwise proceed to the next question.

21.  What amount of money do you determine is adequate to compensate ECIMOS for the misappropriation of its hardware diagrams?

$_____


_____
FOREPERSON OF THE JURY

**BREACH OF CONTRACT ECIMOS AGAINST CARRIER - INSTRUCTION NO. ___**

ECIMOS sued Carrier for breach of contract.  ECIMOS claims that Carrier breached its contracts by failing to pay a license fee and by failing to honor confidentiality requirements.  Carrier disputes that the terms of the contracts entered into with ECI, and with its successor ECIMOS, provide that ECIMOS can charge Carrier a license fee if Carrier uses ECI VB6 software with Windows 7 with no assistance from ECIMOS.  Carrier further disputes that the terms of the contracts create the confidentiality agreement claimed by ECIMOS.

ECIMOS also claims that Carrier breached it contracts by copyright infringement.  That claim is the subject of the instructions of copyright infringement, and you are not to deal with it in this part.

Carrier disputes that the license fee sought and a confidentiality agreement are terms of the contracts for software.  Carrier denies that it breached any contract.

The contracts between ECIMOS and Carrier are in writing.  The terms of the contracts only consist of those terms on which the writings of the parties agree.  In other words, if the proposals of ECIMOS, and the purchase orders and terms and conditions of Carrier, contain language that conflicts with each other, then that language is not part of the contract.

The issues that you must decide are:

1.  Did ECIMOS and Carrier enter into a license agreement requiring Carrier to pay a monthly fee to ECIMOS for use of its VB6 software on the Windows 7 operating system?

2.  If so, did Carrier breach the license agreement?

3.  If Carrier breached the license agreement, did ECIMOS sustain any actual damages?

4.  Did ECIMOS and Carrier enter into an agreement containing confidentiality requirements relating to ECIMOS' software program or hardware diagrams?

5.  If so, did Carrier breach the agreement's confidentiality requirements?

6.  If Carrier breached the agreement's confidentiality requirements, did ECIMOS sustain any actual damages?

7.  If so, did ECIMOS sustain any actual damages?


Source:  T.P.I. 3-Civil 13.01; Tenn. Code Ann. § 47-2-207.

**BREACH OF CONTRACT CARRIER AGAINST ECIMOS - INSTRUCTION NO. ___**

Carrier sued ECIMOS for breach of a service pack agreement.  Carrier claims that ECIMOS breached the service pack agreement by failing to provide service for the ECI VB6 run test software code and database schema.  ECIMOS admits it provided so services under the services contract and that it has not refunded Carrier's money, but claims that Carrier was the first to breach in that it breached the contracts for the ECI software.

The issues that you must decide are:

1.  Did ECIMOS breach the service pack agreement with Carrier?

2.  If ECIMOS breached the service pack agreement, did Carrier sustain any actual damages?

Source:  T.P.I. 3-Civil 13.01.

41

**BREACH OF CONTRACT - INSTRUCTION NO. ___**

A contract can be made up of several different documents if the parties intended that the various documents would be one contract.  The terms of the contract only consist of those terms on which the writings of the parties agree.


Source:  T.P.I. 3-Civil 13.07; Tenn. Code Ann. § 47-2-207.

**BREACH OF CONTRACT - INSTRUCTION NO. ___**

If you find that a valid contract was entered into you must determine whether one of the parties breached the contract.  If a party does not perform according to the contract terms that party has committed a breach of the contract.

The breach of contract must be a material breach.  A minor and insubstantial failure of a party to meet the terms of a contract does not entitle the other party to reject the contract and not be responsible under it.

Source:  T.P.I. 3-Civil 13.10

**BREACH OF CONTRACT - INSTRUCTION NO. ___**

When a contract is breached, the prevailing party is entitled to be placed in as good a position as would have been occupied had the contract been fulfilled in accordance with its terms.  The prevailing party is not entitled to be put in a better position by a recovery of damages for breach of contract than would have been realized had there been full performance.  The damages to be awarded are those that may fairly and reasonably be considered as arising out of the breach or those that may reasonably have been in the contemplation of the parties when the contract was made.  Damages that are remote or speculative may not be awarded.

Source:  T.P.I. 3-Civil 14.70

**JURY VERDICT FORM – BREACH OF CONTRACT ECIMOS AGAINST CARRIER**

Do you find from a preponderance of the evidence:

1.  That there is a contract between ECIMOS and Carrier that requires Carrier to pay a monthly license fee to ECIMOS for use of its VB6 software on the Windows 7 operating system?

Answer Yes or No        _____

If you answer "Yes," proceed to the next question.  If you answer "No," proceed to Question 5.

2.  That Carrier breached the license agreement?

Answer Yes or No        _____

If you answer "Yes," proceed to the next question.  If you answer "No," proceed to Question 5.

3.  That ECIMOS sustained actual damages as a result of Carrier's breach of the license agreement?

Answer Yes or No        _____

If you answer "Yes," proceed to the next question.  If you answer "No," proceed to Question 5.

4.  What amount of actual damages do you find that ECIMOS sustained as a direct result of the breach of the license agreement?

$_____

Proceed to Question 5.

5.  That there is a contract between ECIMOS and Carrier that requires Carrier to treat confidentially ECIMOS' software program or hardware diagrams?

Answer Yes or No        _____

If you answer "Yes," proceed to the next question.  If you answer "No," proceed to Question 9.

6.  That Carrier breached that confidentiality requirement?

Answer Yes or No        _____

If you answer "Yes," proceed to the next question.  If you answer "No," proceed to Question 9.

7.  That ECIMOS sustained actual damages as a result of Carrier's breach of that confidentiality requirement?

Answer Yes or No          _____

If you answer "Yes," proceed to the next question.  If you answer "No," proceed to Question 9.

8.  What amount of actual damages do you find that ECIMOS sustained as a direct result of the breach of the confidentiality agreement?

$_____

Proceed to the next form.



_____
FOREPERSON OF THE JURY

**JURY VERDICT FORM – BREACH OF CONTRACT CARRIER AGAINST ECIMOS**

Do you find from a preponderance of the evidence:

1.   That ECIMOS breached the service pack agreement with Carrier?

Answer Yes or No         _____

If you answer "Yes," proceed to the next question.  If you answer "No," sign the form and don't answer the remaining questions.

2.  That Carrier sustained actual damages due to the breach by ECIMOS of the service pack agreement?

Answer Yes or No         _____

If you answer "Yes," proceed to the next question.  If you answer "No," sign the form and don't answer the remaining questions.

3.  What amount of actual damages do you find that Carrier sustained as a direct result of the breach of the service pack agreement?

$_____


_____
FOREPERSON OF THE JURY

Respectfully submitted,

FARRIS BOBANGO BRANAN PLC
999 S. Shady Grove Road, Suite 500
Memphis, Tennessee  38120
(901) 259-7100

By: s/Robert A. McLean_____
      Robert A. McLean  (#6516)
      Garrett M. Estep (#19078)
Attorneys for Defendant Carrier Corporation

## CERTIFICATE OF SERVICE

      The undersigned hereby certifies that a true and correct copy of the foregoing has been served on the following counsel of record via the Court's CM/ECF system this 7th day of May, 2018:

Everett Gibson
Ralph Gibson
Neal Perryman
Bateman Gibson Law Firm
22 North Front Street, Suite 650
Memphis, Tennessee 38103

Attorneys for Plaintiff ECIMOS

                s/Robert A. McLean