# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

| | | |
|---|---|---|
| **ECIMOS, LLC,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 2:15-cv-02726-JPM-cgc** |
| | ) | |
| **CARRIER CORPORATION,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## PLAINTIFF'S PROPOSED JURY INSTRUCTIONS

## TABLE OF CONTENTS

**JURY INSTRUCTIONS**..................................................................................................4

**GENERAL INSTRUCTIONS**........................................................................................5

CORPORATION NOT TO BE PREJUDICED...............................................................5

BURDEN OF PROOF AND CONSIDERATION OF THE EVIDENCE.........................6

CREDIBILITY AND WEIGHING THE EVIDENCE....................................................7

STIPULATED FACTS...................................................................................................9

UNCONTESTED ISSUES OF FACTS..........................................................................9

DEPOSITION TESTIMONY AND RULE 30(B)(6) TESTIMONY.............................10

IMPEACHMENT - INCONSISTENT STATEMENT OR CONDUCT.........................11

DIRECT AND CIRCUMSTANTIAL EVIDENCE......................................................12

EVIDENCE.................................................................................................................13

"INFERENCES" DEFINED.........................................................................................14

JUROR NOTES..........................................................................................................15

STATEMENTS OF COUNSEL...................................................................................16

COMMENTS BY THE COURT..................................................................................17

EXPERT TESTIMONY..............................................................................................18

LIMITED ADMISSION OF EVIDENCE....................................................................19

EVIDENTIARY SUMMARIES..................................................................................20

DEMONSTRATIVE CHARTS AND SUMMARIES...................................................21

DOCUMENTS............................................................................................................22

FAILURE TO PRODUCE EVIDENCE.......................................................................23

DECISION MUST BE BASED ON THE RECORD ............................................................. 24

## CLAIMS OF THE PARTIES AND THE LAW REGARDING LIABILITY ........................... 25

BREACH OF CONTRACT ......................................................................................... 26

CONTRACT LAW ................................................................................................... 27

CONTRACT—DEFINED .......................................................................................... 28

CONTRACT-INTERPRETATION ............................................................................... 29

CONTRACT–BREACH OF CONTRACT DEFINED ....................................................... 32

ECIMOS, LLC'S BREACH OF CONTRACT CLAIM AGAINST CARRIER CORPORATION ...... 34

SUMMARY OF CONTRACT ISSUES ......................................................................... 35

MISAPPROPRIATION OF TRADE SECRETS ............................................................... 36

MISAPPROPRIATION OF TRADE SECRETS - ELEMENTS ............................................ 38

FIRST ELEMENT - DEFINITION OF A TRADE SECRET ............................................... 39

INDEPENDENT ECONOMIC VALUE ......................................................................... 40

SECRECY OF INFORMATION .................................................................................. 41

DUTY TO MAINTAIN SECRECY .............................................................................. 42

SECRECY REQUIREMENT ...................................................................................... 43

FACTORS IN DETERMINING THE EXISTENCE OF A TRADE SECRET ............................ 44

SECOND ELEMENT - MISAPPROPRIATION ............................................................. 45

SUMMARY - SECOND ELEMENT ............................................................................ 47

THIRD ELEMENT - DETRIMENT ............................................................................. 48

SUMMARY - MISAPPROPRIATION OF TRADE SECRETS ............................................ 49

COPYRIGHT INFRINGEMENT ................................................................................. 50

DEFINITION OF A COPYRIGHT ............................................................................... 51

PROOF OF COPYING ...................................................................................... 52

LIABILITY FOR INFRINGEMENT ..................................................................... 52

DEFENSES TO INFRINGEMENT ....................................................................... 52

IDEAS AND EXPRESSIONS ............................................................................... 52

COPYRIGHT INFRINGEMENT – ELEMENTS – OWNERSHIP AND COPYING ......... 53

COPYRIGHT INTERESTS – DERIVATIVE WORKS ............................................. 53

COPYING – ACCESS AND SUBSTANTIAL SIMILARITY ...................................... 54

**DAMAGES** .................................................................................................... **55**

CONSIDER DAMAGES ONLY IF NECESSARY ................................................... 55

MULTIPLE CLAIMS ....................................................................................... 56

NO SPECULATIVE DAMAGES ........................................................................ 58

REASONABLE CERTAINTY ............................................................................. 59

TRADE SECRET MISAPPROPRIATION .............................................................. 60

TRADE SECRET MISAPPROPRIATION: DAMAGES - STANDARD OF PROOF ....... 61

TRADE SECRET MISAPPROPRIATION: DAMAGES - DETERMINING PLAINTIFF'S LOST PROFITS ....... 62

TRADE SECRET MISAPPROPRIATION: DAMAGES - DETERMINING DEFENDANT'S GAIN ................. 63

TRADE SECRET MISAPPROPRIATION: DAMAGES – WILLFUL AND MALICIOUS APPROPRIATION ..... 65

BREACH OF CONTRACT .................................................................................. 67

PUNITIVE DAMAGES ...................................................................................... 68

STATE OF MIND ............................................................................................. 70

DAMAGES FOR COPYRIGHT INFRINGEMENT ................................................. 71

**VERDICT FORM** ............................................................................................ **72**

JURY INSTRUCTIONS

Ladies and gentleman of the jury, we have now come to the point in the case when it is my duty to instruct you in the law that applies to the case and you must follow the law as I state it to you.

As jurors it is your exclusive duty to decide all questions of fact submitted to you and for that purpose to determine the effect and value of the evidence.   You must not be influenced by sympathy, bias, prejudice, or passion.

You are not to single out any particular part of the instructions and ignore the rest, but you are to consider all of the instructions as a whole and regard each in the light of all the others.

## GENERAL INSTRUCTIONS

### Corporation Not To Be Prejudiced

The fact that a corporation is a party must not influence you in your deliberations or in your verdict. Corporations and persons are equal in the eyes of the law. Both are entitled to the same fair and impartial treatment and to justice by the same legal standards.

In this case, ECIMOS, LLC, and Carrier Corporation are corporations. The fact that a corporation is a party must not prejudice or influence you in your deliberations or in your verdict.

This case should be considered and decided by you as an action between persons of equal standing in the community, of equal worth, and holding the same or similar stations of life.

Each corporation is entitled to the same fair trial at your hands as a private individual.  All persons, including corporations, stand equal before the law, and are to be dealt with as equals in a court of justice.

<u>Burden of Proof and Consideration of the Evidence</u>

I will now instruct you with regard to where the law places the burden of making out and supporting the facts necessary to prove the legal theories in the case.

When, as in this case, a party denies the material allegations of a complaining party's claim, the law places upon the claiming party the burden of supporting and making out such claim upon every material issue in controversy by the applicable burden of proof.

The burden of proof will be by a preponderance of the evidence for all of the claims in this case unless I instruct you otherwise.

The preponderance of the evidence means that amount of factual information presented to you in this trial which is sufficient to cause you to believe that an allegation is probably true. In order to preponderate, the evidence must have the greater convincing effect in the formation of your belief.  If the evidence on a particular issue appears to be equally balanced, the party having the burden of proving that issue must fail.

You must consider all the evidence pertaining to every issue, regardless of who presented it.

<u>Credibility and Weighing the Evidence</u>

You, members of the jury, are judges of the facts concerning the controversies involved in this lawsuit.  In order for you to determine what the true facts are, you are called upon to weigh the testimony of every witness who has appeared before you or whose deposition has been presented to you and to give the testimony of the witnesses the weight, faith, credit and value to which you think it is entitled.

You should consider the manner and demeanor of each witness while on the stand.

You must consider whether the witness impressed you as one who was telling the truth or one who was telling a falsehood and whether or not the witness was a frank witness.  You should consider the reasonableness or unreasonableness of the testimony of the witness; the opportunity or lack of opportunity of the witness to know the facts about which he or she testified; the intelligence or lack of intelligence of the witness; the interest of the witness in the result of the lawsuit, if any; the relationship of the witness to any of the parties to the lawsuit, if any; and whether the witness testified inconsistently while on the witness stand, or if the witness said or did something or failed to say or do something at any other time that is inconsistent with what the witness said while testifying.

These are the rules that should guide you, along with your common judgment, your common experience and your common observations gained by you in your various walks in life, in weighing the testimony of the witnesses who have appeared before you in this case.

If there is a conflict in the testimony of the witnesses, it is your duty to reconcile that

7

conflict if you can, because the law presumes that every witness has attempted to and has testified to the truth.  But if there is a conflict in the testimony of the witnesses which you are not able to reconcile, in accordance with these instructions, then it is with you absolutely to determine which of the witnesses you believe have testified to the truth and which ones you believe have testified to a falsehood.

Immaterial discrepancies do not affect a witness's testimony, but material discrepancies do.

In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or an unimportant detail, and whether the discrepancy results from innocent error or intentional falsehood.

The preponderance of the evidence in a case is not determined by the number of witnesses testifying to a particular fact or a particular set of facts.  Rather, it depends on the weight, credit and value of the total evidence on either side of the issue, and of this you jurors are the exclusive judges.

If in your deliberations you come to a point where the evidence is evenly balanced and you are unable to determine which way the scales should turn on a particular issue, then the jury must find against the party upon whom the burden of proof has been cast in accordance with these instructions.

Remember, you are the sole and exclusive judges of the credibility or believability of the witnesses who have testified in this case.  Ultimately, you must decide which witnesses you believe and how important you think their testimony was.  You are not required to accept or reject everything a witness says.  You are free to believe all, none, or part of any person's testimony.

Stipulated Facts

Before the trial of this case, the parties agreed to the truth of certain facts in this action.

As a result of this agreement, the plaintiff and the defendants entered into certain stipulations in which they agreed that the stipulated facts could be taken as true without the parties presenting further proof on the matter.   This procedure is often followed to save time in establishing facts which are undisputed.

Facts stipulated to by the parties in this case include the following:

Uncontested Issues Of Facts

<u>Deposition Testimony and Rule 30(b)(6) Testimony</u>

Certain testimony has been read into evidence from depositions or previously given testimony or has been presented by video tape recording.  A deposition is testimony taken under oath before this trial and preserved in writing or on video tape. Previous testimony is testimony taken under oath in either the same or different proceedings.  You are to consider all such testimony as if it had been given in this court.

While most depositions are simply the testimony of an individual regarding what that individual personally knows, certain witnesses in this case have been designated by the corporation to testify on its behalf at a deposition on designated topics.  It is not literally possible to take the deposition of a corporation; instead, when a corporation is involved, the testimony must be obtained from natural persons designated by the corporation to speak on its behalf on the designated topics.  Testimony given by such a person, designated to speak on behalf of the corporation, is testimony on behalf of the corporation; such testimony is binding upon the corporation on those designated topics as if given by the corporation itself.

<u>Impeachment - Inconsistent Statement or Conduct</u>

A witness may be discredited or impeached by contradictory evidence or by evidence that at some other time the witness has said or done something, or has failed to say or do something that is inconsistent with the witness's present testimony.

If you believe any witness has been impeached and thus discredited, you may give the testimony of that witness such credibility, if any, you think it deserves.

If a witness is shown knowingly to have testified falsely about any material matter, you have a right to distrust such witness's other testimony and you may reject all the testimony of that witness or give it such credibility as you may think it deserves; you may, of course, accept any part you decide is true. This is all for you, the jury, to decide.

An act or omission is "knowing," if committed voluntarily and intentionally, and not because of mistake or accident or other innocent reason.

11

<u>Direct and Circumstantial Evidence</u>

There are two kinds of evidence - direct and circumstantial. Direct evidence is testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which one can find another fact.

You may consider both direct and circumstantial evidence in deciding this case. The law permits you to give equal weight to both, but it is for you to decide how much weight to give to any evidence.

12

<u>Evidence</u>

You are to decide this case only from the evidence that was received, that is, evidence that was presented for your consideration during the trial.  The evidence consists of:

1.      The sworn testimony of the witnesses who have testified, both in person and by deposition;

2.      The exhibits that were received and marked as evidence; and

3.      Any facts to which the lawyers for both sides have agreed or stipulated.

13

<u>"Inferences" Defined</u>

Although you are to consider only the evidence in the case, you are not limited to the statements of the witnesses.   In other words, you are not limited to what you see and hear as the witnesses testify.   You may draw from the facts that you find have proven such reasonable inferences as seem justified in light of your experience.

Inferences are deductions or conclusions that reason and common sense lead you to make from facts established by the evidence in the case.

14

<u>Juror Notes</u>

Any notes that you have taken during this trial are only aids to memory.  If your memory should differ from your notes, then you should rely on your memory and not on the notes. The notes are not evidence.  A juror who has not taken notes should rely on his or her independent recollection of the evidence.  If you have taken notes, remember that your notes are solely to assist you, individually, in refreshing your recollection regarding the testimony and other evidence in the case.   Your notes are personal and are not to be shared with your fellow jurors.

## Statements of Counsel

You must not consider as evidence any statements of counsel made during the trial.

Of course, if counsel for the parties have stipulated to any fact, or any fact has been admitted by counsel, you may regard that fact as being conclusively established.

As to any questions to which an objection was sustained, you must not speculate as to what the answer might have been or as to the reason for the objection, and you must assume that the answer would be of no value to you in your deliberations.

You must not consider for any purpose any offer of evidence that was rejected, or any evidence that was stricken out by the Court. Such matter is to be treated as though you had never known it.

You must never speculate to be true any insinuation suggested by a question asked a witness. A question is not evidence. It may be considered only as it supplies meaning to the answer.

## Comments by the Court

During the course of a trial on a few occasions, I asked questions of a witness in order to bring out facts not then fully covered in the testimony.  Please do not assume that I hold any opinion on the matters to which my questions may have related.  Remember that you, as jurors, are at liberty to disregard all comments of the Court in arriving at your own findings as to the facts.

<u>Expert Testimony</u>

You have heard the testimony of expert witnesses James Chenault, William J. Carr, Joshua Siegel, Jeremy Fleming, and Douglas Femec.  An expert is allowed to express his or her opinion on those matters about which the expert has special knowledge, training, or experience.

Expert testimony is presented to you on the theory that someone who is experienced or knowledgeable in the field can assist you in understanding the evidence or in reaching an independent decision on the facts.

In weighing each expert's testimony, you may consider the expert's qualifications, the expert's opinions, the expert's reasons for testifying, as well as all of the other considerations that ordinarily apply when you are deciding whether or not to believe a witness' testimony.  You may give expert testimony whatever weight, if any, you find it deserves in light of all the evidence in this case.  You should not, however, accept a witness' testimony merely because he is an expert.

Nor should you substitute it for your own reason, judgment, and common sense.  The determination of the facts in this case rests solely with you.

18

<u>Limited Admission of Evidence</u>

You will recall that during the course of this trial certain evidence was admitted for a limited purpose only.  You must not consider such evidence for any other purpose.

For example, evidence has been admitted for the limited purpose of showing a witness's state of mind, or that the witness had notice of a particular issue.  Evidence of a witness's state of mind is relevant only to show what the witness believed.  Such evidence cannot be considered for the truth or accurateness of the belief.  Likewise, evidence admitted only to show notice cannot be considered for the truth or accurateness of the matter it concerns.

19

<u>Evidentiary Summaries</u>

Certain summaries have been received in evidence in order to help explain the contents of records or other evidence in the case. If the summary does not correctly reflect the facts or figures shown by the evidence in the case, you should disregard the summary and determine the facts from the underlying evidence.

<u>Demonstrative Charts and Summaries</u>

Certain demonstrative charts and summaries have been shown to you in order to help explain facts disclosed by books, records, and other documents that are in evidence in the case. These demonstrative charts and summaries are not themselves evidence or proof of any facts.      If the demonstrative charts/summaries do not correctly reflect facts or figures shown by the evidence in the case, you should disregard them.

<u>Documents</u>

You may notice that certain documents in this case have been stamped as "confidential" and/or "attorneys eyes only" as part of this litigation.  You should ignore the stamps as they are not evidence in the case.  However, if the "confidential" or "proprietary" markings were on the document apart from this litigation, then you should consider those designations as evidence in the case.

Nevertheless, any documents containing any of the markings discussed above should not be disclosed or used by you or others outside this lawsuit.  Additionally, any testimony presented which is confidential or of a sensitive proprietary nature should not be disclosed or used by you or anyone else outside of this case.

Failure to Produce Evidence

You have heard evidence that Carrier Corporation did not produce archived versions of the MES database in this case, that there are internal communications that indicate that an archived or backup of the MES database likely existed at some point, and that there were conversations regarding deleting materials or scrubbing them of any references of Plaintiff.

If a party fails to produce evidence that is under his or its control and reasonably available to that party and not reasonably available to the adverse party, then you may/must infer that the evidence is unfavorable to the party who could have produced it and did not.

23

<u>Decision Must Be Based on the Record</u>

The law does not require any party to call as witnesses all persons who may have been present at any time or place involved in the case, or who may appear to have some knowledge of the matters in issue at this trial. Nor does the law require any party to produce as exhibits all papers and things mentioned in the evidence in the case.

If either party has failed to call a witness, you must ask yourself if the witness was equally available to the other party. Neither party is required to call witnesses who are equally available to the other party.

"Equally available" simply means that there is no legal impediment to the witness talking to a party. Other than a party's employees, generally other witnesses are "equally available" under the law to all parties, despite the fact that it may be inconvenient or expensive for a party to obtain the witness' testimony.

You must decide this case based on the record presented in the courtroom (i.e., the testimony, exhibits, and stipulations placed in evidence) and must not speculate about witnesses or documents that were not presented in the courtroom.

## CLAIMS OF THE PARTIES AND THE LAW REGARDING LIABILITY

In this case, there are four (4) claims by ECIMOS, LLC, against Carrier Corporation and there is one (1) claim by Carrier Corporation against ECIMOS, LLC.  Each claim must be considered separately and must be decided without regard to your determination as to any other claim.

The claims by ECIMOS, LLC, against Carrier Corporation are breach of contract, misappropriation of trade secrets, violations of the Digital Millennium Copyright Act, and copyright infringement.  The claim by Carrier Corporation against ECIMOS, LLC, is for breach of contract.

I will first instruct you on the breach of contract claims.  I will then instruct you regarding the elements that must be established by a preponderance of the evidence as to the misappropriation of trade secrets claims.  I will then instruct you on the elements for violations of the Digital Millennium Copyright Act.  I will then instruct you on the elements for copyright infringement.

Breach of Contract

Summary of Contract Issues

The Court will now instruct you regarding ECIMOS, LLC's and Carrier Corporation's competing theories of relief - Breach of Contract.

ECIMOS, LLC, asserts a breach of contract claims against Carrier Corporation. Carrier Corporation asserts a breach of contract claim against ECIMOS, LLC.

You must decide the contract issues according to the instructions that I will give to you.

There are two contracts that are at issue that you must decide in this case. In 2002, ECIMOS, LLC, agreed to upgrade the software controlling the manufacturing quality control system at Carrier Corporation. ECIMOS, LLC, contends that the agreement only granted Carrier Corporation a license and that Carrier Corporation is in breach of this licensing agreement. Carrier Corporation agreed with ECIMOS, LLC, to pre-pay for service hours on the manufacturing quality control system in operation at its plant. Carrier Corporation contends that ECIMOS, LLC, breached this agreement when ECIMOS, LLC, refused to perform any additional service work on the system.

<u>Contract Law</u>

I will now instruct you as to the law regarding the contract claims.

The following three elements must be proven by the greater weight or preponderance of the evidence in order to prove a breach of contract:

1.   The existence of the contract;
2.   The terms of the contract;
3.   An unexcused act in contravention of the contract amounting to a breach of the contract OR a non-performance of an obligation under the contract amounting to a breach of contract; and
4.   Damages caused by the breach.

Once an unexcused breach of contract has been proven, at least nominal damages are presumed.  I will instruct you concerning damages later in these instructions.

I will now further define the terms I have just set out regarding breach of contract.

<u>Contract—Defined</u>

A contract is an agreement or exchange of promises between two or more persons to do or not to do certain things. This agreement or exchange of promises can be oral or in writing and must be supported by something of value. The requirements for a valid contract are an offer, an acceptance, consideration, competent parties, and a legal purpose.

<u>Contract-Interpretation</u>

In construing a contract, you shall use the following rules of construction. In the construction or interpretation of a contract, common sense and good faith are the leading touchstones of the inquiry. All contracts should receive a sensible and reasonable construction and not such a construction as will lead to an absurd consequence. The language of the contract records the agreement of the parties.

When a provision is ambiguous, the intent of the parties controls. The intent of the parties is a question of fact to be resolved by you, the jury, when the contract is ambiguous. In attempting to ascertain the parties' intention, the situation of the parties, as well as their purposes at the time the contract was entered, must be determined.

A contract is ambiguous when the terms of the contract are inconsistent on their face, or are reasonably susceptible of more than one interpretation. A contract is ambiguous only when it may fairly and reasonably be understood in more ways than one.

An ambiguous contract is one that can be understood in more ways than just one or is unclear because it expresses its purpose in an indefinite manner.

Ambiguities must be construed against the party who prepared the contract. A provision of a contract which does not clearly express the intention of the parties should be construed against the one for whose benefit it was inserted. Ambiguous language in a contract should be construed liberally and most strongly in favor of the party who did not write or prepare the contract and is not responsible for the ambiguity. Where a contract is entered into upon a printed form prepared by a party, the language of the contract will be strictly construed against that party.

Parties to a contract are not expected to exercise clairvoyance in spotting hidden

29

ambiguities in the contract and they are protected if they innocently construe in their own favor an ambiguity susceptible of another interpretation.

When there is no ambiguity in a contract, it must be construed according to the terms which the parties have used and terms used in the contract should be taken and understood in their plain, ordinary, and popular sense. Language used in a contract must be interpreted in its natural and ordinary sense.

The rights of the parties to a contract must be measured by the contract which the parties themselves made. The jury is not in the business of making a contract for a party.

The intention of a contract is to be determined from the language. Language which is perfectly clear determines the full force and effect of the document.

In construing a contract, the primary objective is to ascertain and give effect to the intention of the parties. The intent and purport of a written contract must be gathered from the contents of the entire agreement and not from any particular clause or provision therein. Every term contained in a contract must be considered and given effect if possible.

If the language of the contract is plain, unambiguous, and capable of only one reasonable interpretation, no construction is required and the contract's language determines the instrument's force and effect.

If the terms of the parties' contract is not clear, you may look outside the contract to ascertain the intent of the parties. Course of dealing, course of performance, and usage of trade are three ways in which the terms of a contract and the intent of the parties may be ascertained by evidence outside of the specific contract at issue.

Course of dealing refers to the interactions and understandings between the parties over the history of their business relationship.

30

Course of performance refers to the conduct of the parties within the context of the specific transaction or occurrence.

Usage of trade refers to industry norms and standards.

When conflicting, evidence of course of performance prevails over course of dealing, and course of dealing prevails over usage of trade.

Contract–Breach of Contract Defined

When a valid contract has been established, you must determine whether the defendant breached the contract. If a party does not perform according to the contract terms, that party has committed a breach of the contract. Any unexcused breach of contract allows a non-breaching party to recover damages.

The breach of contract must be a material breach. A minor and insubstantial failure of a party to meet the terms of a contract does not entitle the other party to reject the contract and not be responsible under it.

If a party does not perform according to contract terms, that party has committed a breach of contract. Any unexcused breach of a contract allows the non-breaching party to recover damages. In addition, in order for a breach of contract to provide a claim for relief in a lawsuit, the breach must be material. "Material" in this context means a substantial breach, or more than a minor or insubstantial failure of a party to meet the terms of the contract. Factors you may consider in determining whether a breach is material include the following:

(1) the extent to which the injured party will be deprived of the expected benefits under the contract;

(2) the extent to which the injured party can be adequately compensated for loss of benefit;

(3) the extent to which the non-performing party will suffer forfeiture (i.e., a divestiture of specific property without compensation);

(4) the likelihood that the non-performer will cure, that is, correct the failure or has cured the failure, taking into account the circumstances including any reasonable assurances; and

(5) the extent to which the behavior of the non-performing party comports to standards of good

32

faith and fair dealing. Although none of the above factors alone is dispositive on the question of whether a breach is material, they should guide your decision.

The agreements in this case were contained in written documents.   The law is that contracts are to be applied as they are written.   This means that a party to a contract is required to do what he or it agreed; however, the party is not required to do things he or it did not agree to, as determined by the contract's language.   Language in a contract should be interpreted according to its ordinary plain meaning.

Thus, the first thing that you must determine in deciding these breach of contract claims is whether the party accused of breach of contract did something that was prohibited by the specific provisions of their contracts, or failed to do something that their contracts specifically required.

In order for a party that asserts a breach of contract to be entitled to relief on these breach of contract claims, it must first prove by a preponderance of the evidence that the accused party breached its agreement(s) and that the breach was material.

If you determine that there was a material breach of a contract or contracts, then you must determine whether the party asserting breach of contract has proved by a preponderance of the evidence that a breach caused the party claiming breach to sustain damages, and if so, what amount of damages that breach caused.

<u>ECIMOS, LLC's Breach of Contract Claim Against Carrier Corporation</u>

You must now decide the following contract issues according to the instructions I have given you:

Has ECIMOS, LLC proven by a preponderance of the evidence that Carrier Corporation breached the Software Licensing Terms by one or more of the following:

1.     Attempting to install ECIMOS's software and runtest system on a Windows 7 or later operating system following the termination of support for Windows XP;

2.     By undertaking to infringe upon its copyrighted source code and to develop a replacement system; or

3.     By distributing its materials, including database schema, valid tests, test procedures, screen shots of ECIMOS's system, or other documents to third party vendors in order to solicit proposals for a replacement system.

34

Summary of Contract Issues

If ECIMOS, LLC, has proven by a preponderance of the evidence that there was a license agreement in place and Carrier Corporation breached the agreement, or if ECIMOS, LLC, has proven by a preponderance of the evidence that Carrier Corporation breached the 2002 agreement or any subsequent agreement, you must return a verdict for ECIMOS, LLC, and answer Verdict Form Question No. 6  or 7 "Yes." If ECIMOS, LLC, has failed to prove by a preponderance of the evidence that Carrier Corporation breached any agreement between the parties, you must return a verdict for the Defendants and answer Verdict Form Question Nos. 6 and 7  "No."

Misappropriation of Trade Secrets

The Court will now instruct you regarding ECIMOS, LLC's second theory of relief - Misappropriation of Trade Secrets.

ECIMOS, LLC has asserted a claim of misappropriation of trade secrets under Tennessee statutory law against Carrier Corporation.

ECIMOS, LLC has identified the following alleged trade secrets which it claims have been misappropriated by Carrier Corporation:

1.      ECIMOS, LLC's valid test, including the source code, used for the testing of HVAC equipment;

2.      ECIMOS, LLC's test procedures, including source code;

3.      ECIMOS, LLC's database schema, including source code;

4.      ECIMOS, LLC's software source code;

5.      ECIMOS, LLC's assembled hardware drawings and wiring diagrams.

ECIMOS, LLC, claims each of the forgoing is a trade secret, and that Carrier Corporation has misappropriated each of them by improperly acquiring and/or using them in testing its products. Carrier Corporation denies that this information is protectable as a trade secret and deny that they misappropriated this information.

ECIMOS, LLC, also claims that Carrier Corporation's alleged misappropriation caused harm and continues to cause harm to ECIMOS, LLC.

36

You must decide these trade secret issues in accordance with the instructions as I give them to you.

<u>Misappropriation of Trade Secrets - Elements</u>

To prevail on its misappropriation of trade secrets claim, ECIMOS, LLC, must prove:

1.    The existence of a trade secret;

2.    Carrier Corporation misappropriated that trade secret; and

3.    The misappropriation resulted in detriment to ECIMOS, LLC.

38

First Element - Definition of a Trade Secret

I will now explain the first element in more detail. The first element that the plaintiff must prove by the greater weight or preponderance of the evidence is the existence of a trade secret.

A trade secret is:

(1)   Any information, without regard to form, including, but not limited to, technical, nontechnical or financial data, a formula, pattern, compilation, program, device, method, technique, process, or plan; which

(2)   Derives independent economic value, either actual or potential, from not being generally known to, and not being readily ascertainable by proper means by other persons who can obtain economic value from its disclosure or use; and

(3)   Is the subject of efforts that are reasonable under the circumstances to maintain its secrecy.

The law does not require the plaintiff to prove that it owns the asserted trade secret information. Instead, ECIMOS, LLC, is only required to show that it has possession of the information and that the information satisfies the three requirements set out above.

39

Independent Economic Value


Information which gives the owner or possessor of the information a competitive advantage in the marketplace over those who do not have knowledge of the information could be considered to "derive independent economic value" from not being generally known.

<u>Secrecy of Information</u>

ECIMOS, LLC, is required to take reasonable steps under the circumstances to protect any information which it claims is its trade secret(s).  This does not require absolute secrecy or that ECIMOS, LLC, use all conceivable efforts to maintain secrecy.  If ECIMOS, LLC, did not take reasonable steps to protect its trade secrets, you must find for Carrier Corporation.

You may find that a party who fails to notify a customer that it regards information it disclosed to the customer as trade secret or proprietary information pursuant to a non-disclosure agreement that expressly requires the party to delineate which of its information is proprietary, has failed to take reasonable steps to protect its trade secrets.

In addition, if the information could be readily learned by legitimate methods, no one may claim it as a trade secret.

Reverse engineering is a process where a person starts with a known product and works backward to determine the secret process by which the product was designed, developed, or manufactured.

Evidence regarding the capability to reverse engineer a product may be considered as part of your determination whether the information claimed to be a trade secret was readily ascertainable by proper means.

If the information is readily ascertainable by means other than reverse engineering, such as by reading publicly available literature, examining publicly available products, or if the information is commonly known in an industry, then the information cannot qualify as a "trade secret."

41

Duty to Maintain Secrecy

An employee that leaves an employer may use the knowledge, memory, skill and experience that the employee gained while working for the former employer for his or her own benefit or for the benefit of a new employer as long as that knowledge, memory, skill and experience is not a trade secret.  Trade secrets belong to the former employer and the employee cannot use them without the permission of the former employer.

Certain types of information are not confidential and therefore cannot be considered "trade secret" information: (1) specific needs and business habits of certain customers; and (2) an employee's personality and the relationships that he has established with certain customers.

Secrecy Requirement

Although efforts must be made to maintain an alleged trade secret's secrecy, absolute secrecy is not required in order to find that it qualifies as a trade secret. Additionally, the alleged trade secret may be disclosed to employees involved in ECIMOS, LLC's use of the trade secret, or to non-employees, if the people to whom the disclosure was made are obligated to keep the information secret.

The fact that some or all of the components of the trade secret are well-known does not preclude protection for a secret combination, compilation, or integration of the individual elements. Hence, a trade secret can exist in a combination of characteristics and components, each of which, by itself, is in the public domain, but the unified process, design and operation of which in unique combination, affords a competitive advantage and is a protectable secret.

Information which was acquired by the defendant through the confidential relationship may be protected even if the information potentially could have otherwise been obtained through independent research. This is particularly true where acquisition of the information through independent research would be difficult, costly, or time consuming.

43

Factors in Determining the Existence of a Trade Secret

In determining whether a particular piece of information qualifies as a trade secret, you may consider the following:

1.      the extent to which the information is known outside of the business;

2.      the extent to which it is known by employees and others involved in the business;

3.      the extent of measures taken by the business to guard the secrecy of the information;

4.      the value of the information to the business and to its competitors;

5.      the amount of money or effort expended by the business in developing the information;

6.      the ease or difficulty with which the information could be properly acquired or duplicated by others.

If the plaintiff has established by a preponderance of the evidence each of the facts necessary to prove the existence of a trade secret(s), you must then determine whether the defendant misappropriated that trade secret or trade secrets.

44

<u>Second Element - Misappropriation</u>

I will now explain the second element in more detail. The second element that the plaintiff must prove by the greater weight or preponderance of the evidence is the misappropriation of the trade secret by the defendant that you are considering.

There are 5 ways in this case in which a "person" may be found to have misappropriated a trade secret under the law. A "person" means a corporation, such as ECIMOS, LLC, or Carrier Corporation.

"Misappropriation" can occur in any of the following ways:

(1)    Acquisition of a trade secret is improper if the person acquiring the trade secret from another knows or has reason to know that the other used improper means to acquire the trade secret.

(2)    Disclosure or use of a trade secret of another without express or implied consent by a person who used improper means to acquire knowledge of the trade secret.

(3)    Disclosure or use of a trade secret of another without express or implied consent by a person who, at the time of disclosure or use, knew or had reason to know that that person's knowledge of the trade secret was derived from or through a person who had utilized improper means to acquire it.

(4)    Disclosure or use of a trade secret of another without express or implied consent by a person who, at the time of disclosure or use, knew or had reason to know that that person's knowledge of the trade secret was acquired under circumstances giving rise to a duty to maintain its secrecy or limit its use.

(5)    Disclosure or use of a trade secret of another without express or implied consent by a

45

person who, at the time of disclosure or use, knew or had reason to know that that person's knowledge of the trade secret was derived from or through a person who owed a duty to the person seeking relief to maintain its secrecy or limit its use. In other words, disclosure or use of a trade secret is improper if, at the time of the disclosure or use, the person disclosing or using the trade secret knew or had reason to know that the information was derived from or through a person who owed a duty to Plaintiff to maintain its secrecy or limit its use.

"Improper means" includes theft, bribery, misrepresentation, breach or inducement of a breach of duty to maintain secrecy or limit use, or espionage through electronic or other means.

To "know" means to have actual knowledge of or to be aware of. "Reason to know" means having actual knowledge or knowledge sufficient that a reasonable person would have inquired further.

Actual knowledge is not required; constructive notice is sufficient. A defendant is on constructive notice when, from the information it has, a reasonable person would infer a misappropriation of trade secret, or if, under the circumstances, a reasonable person would be put on notice and an inquiry pursued with reasonable intelligence and diligence would disclose the misappropriation.

To be liable for misappropriation of trade secrets, a defendant need not use the trade secret in exactly the same form in which it received it. You do not need to find that Carrier Corporation copied or used each and every part of the trade secret. A defendant may be liable even if it uses the trade secret with modifications or improvements that defendant made to it.

Disclosure or use of a trade secret is not improper if the owner of the information consented to the disclosure or use.

Under the law, more than one person can rightfully possess a trade secret.

46

Summary - Second Element

If you find by the greater weight or preponderance of the evidence that Carrier Corporation has misappropriated a trade secret of ECIMOS, LLC, by any one of the five (5) ways set out above in these instructions, then the second element has been satisfied, and you must determine whether the evidence establishes the third element - that the misappropriation resulted in a detriment to ECIMOS, LLC.

Third Element - Detriment

In order to establish the third element, the plaintiff must establish by the greater weight or preponderance of the evidence that the misappropriation proximately caused economic harm or detriment to ECIMOS, LLC.

A proximate cause of any detriment or economic harm is a cause which, in natural and continuous sequence, produces a harm or detriment, and without which the harm or detriment would not have occurred.  Harm or detriment can be caused by the acts or omissions of one or more persons acting at the same or different times.

If you find that defendant misappropriated a trade secret or trade secrets and that the misappropriation was a cause of the harm or detriment for which a claim was made, you have found that defendant is liable for misappropriation of a trade secret or trade secrets.

Summary - Misappropriation of Trade Secrets

If ECIMOS, LLC, has proven the three elements of misappropriation of trade secrets by a preponderance of the evidence as to Carrier Corporation, then you must return a verdict for ECIMOS, LLC, by answering the appropriate questions under Verdict Form Questions 1 and 2 with a "Yes."   If ECIMOS, LLC, has failed to show any of the three elements by a preponderance of the evidence as to Carrier Corporation, then you must return a verdict for Carrier Corporation and answer either the questions under Verdict Form Question No. 1 or the questions under Verdict Form Question No. 2, depending on your particular findings in the case, so as to reflect your finding.

## Copyright Infringement

The Court will now instruct you regarding ECIMOS, LLC's fourth theory of relief – copyright infringement.

ECIMOS, LLC has asserted a claim of copyright infringement against Carrier Corporation.

ECIMOS, LLC has identified the following copyrights which it claims have been infringed upon by Carrier Corporation:

(1) Database source code;

(2) Software source code;

(3) Interpreter source code.

ECIMOS, LLC, claims that Carrier Corporation has infringed upon its copyrights by using the copyright protected materials in the creation of the now running testing system used in testing its products.  Carrier Corporation denies that this information is subject to copyright protection and denies that it copied the information for its own use.

You must decide these copyright issues in accordance with the instructions as I give them to you.

50

## Definition of a Copyright

The owner of a copyright has the right to exclude any other person from reproducing, preparing derivative works, distributing, performing, displaying, or using the work covered by copyright for a specific period of time.

Copyrighted work can be a literary work, musical work, dramatic work, pantomime, choreographic work, pictorial work, graphic work, sculptural work, motion picture, audiovisual work, sound recording, architectural work, mask works fixed in semiconductor chip products, or a computer program.

Facts, ideas, procedures, processes, systems, methods of operation, concepts, principles or discoveries cannot themselves be copyrighted.

The copyrighted work must be original. An original work that closely resembles other works can be copyrighted so long as the similarity between the two works is not the result of copying.

51

<u>Proof of Copying</u>

To prove that the defendant copied the plaintiff's work, the plaintiff may show that the defendant had access to the plaintiff's copyrighted work and that there are substantial similarities between the defendant's work and the plaintiff's copyrighted work.

<u>Liability for Infringement</u>

One who reproduces, prepares derivative works from, or distributes a copyrighted work without authority from the copyright owner during the term of the copyright, infringes the copyright.

<u>Defenses to Infringement</u>

Carrier Corporation contends that there is no copyright infringement. There is no copyright infringement where Carrier Corporation independently created the challenged work.

Carrier Corporation further contends that ECIMOS's work is not subject to copyright protection as it represents an idea, is related to function, or is such that there are only a limited number of ways of expressing the idea to the effect that the expression and idea merge.

<u>Ideas and Expressions</u>

Copyright law allows the author of an original work to prevent others from copying the way or form the author used to express the ideas in the author's work. Only the particular way of expressing an idea can be copyrighted. Copyright law does not give the author the right to prevent others from copying or using the underlying ideas contained in the work, such as any procedures, processes, systems, methods of operation, concepts, principles or discoveries.

The right to exclude others from copying extends only to how the author expressed the ideas in the copyrighted work. The copyright is not violated when someone uses an idea from a copyrighted work, as long as the particular way of expressing that idea in the work is not copied.

Under the doctrine of merger, if the idea and the expression of that idea merge, the expression will only be protected by copyright law if the alleged copying of that expression was nearly identical.

The merger doctrine will not protect a copyrighted work from infringement if the idea underlying the copyrighted work can be expressed in only one way, lest there be a monopoly on the underlying idea.

<u>Copyright Infringement – Elements – Ownership and Copying</u>

Anyone who copies original elements of a copyrighted work during the term of the copyright without the owner's permission infringes the copyright.

On the plaintiff's copyright infringement claim, the plaintiff has the burden of proving both of the following by a preponderance of the evidence:

  1.      the plaintiff is the owner of a valid copyright; and

  2.      the defendant copied original elements from the copyrighted work.

If you find that the plaintiff has proved both of these elements, your verdict should be for the plaintiff.  If, on the other hand, the plaintiff has failed to prove either of these elements, your verdict should be for the defendant.

<u>Copyright Interests – Derivative Works</u>

A copyright owner is entitled to exclude others from creating derivative works based upon the owner's copyrighted work. The term derivative work refers to a work based on one or more

pre-existing works or any other form in which the pre-existing work is recast, transformed, or adapted.  Accordingly, the owner of a copyrighted work is entitled to exclude others from recasting, transforming or adapting the copyrighted work without the owner's permission.

<u>Copying – Access and Substantial Similarity</u>

The plaintiff has the burden of proving that the defendant copied original elements from the plaintiff's copyrighted work. The plaintiff may show the defendant copied from the work by showing by a preponderance of the evidence that the defendant had access to the plaintiff's copyrighted work and that there are substantial similarities between the defendant's work and original elements of the plaintiff's work.

If a plaintiff shows the defendant had access to the plaintiff's work and that there is a substantial similarity between the infringed and infringing works, a presumption of copying arises shifting the burden to the defendant to rebut or to show that the alleged infringing work was independently created.

You may find that the defendant had access to the plaintiff's work if the defendant had a reasonable opportunity to view, read, copy, or had possession of the plaintiff's work before the defendant's work was created.

Substantial similarity for computer programs may be determined by looking at both the literal and non-literal elements of the program.  The literal elements are the specific lines of code. The non-literal elements refer to the overall organization, structure, and order.  Substantial similarity is not necessarily determined by the overall amount of similarity throughout the respective programs.  Copyright infringement could incur in only small amounts, but in areas that are of great value and importance to the protected work.

54

## DAMAGES

### Consider Damages Only If Necessary

I will now instruct you on the law as it relates to damages.

If a party has proven by a preponderance of the evidence that another party is liable on a claim, then you must determine the damages if any to which that party is entitled but only under the instructions I will give you as to how to calculate damages.

However, you should not infer that any party is entitled to recover damages merely because I am instructing you on the elements of damages. It is exclusively your function to decide upon liability, and I am instructing you on damages only so that you will have guidance should you decide that a party is entitled to recovery.

In this case both parties seek to recover damages. ECIMOS, LLC, seeks to recover damages against Carrier Corporation under various theories. Carrier Corporation seeks to recover damages against ECIMOS, LLC, under the theory of breach of contract.

First, I will discuss the law as it relates to damages under the theory of misappropriation of trade secrets. I will then discuss the law regarding damages relating to breach of contract, followed by discussion on damages under the remaining theories.

<u>Multiple Claims</u>

At the outset, however, I instruct you that you cannot award compensatory damages more than once for the same loss, harm, or detriment.  For example, if a party were to prevail on two claims and establish a total injury of one dollar, you could not award him one dollar compensatory damages on each claim - he or it is only entitled to be made whole again, not to recover more than he or it lost.

<u>Prejudgment Interest</u>

Prejudgment interest is the interest that money would earn before the trial of the case had the party who is entitled to that money had the money when it would have been received but for the wrongful conduct or failure to pay that money by the opposite party.

In this case, the parties have agreed that the question of prejudgment interest, should it be applicable, should be answered by the Court after the trial.   Therefore, you are instructed not to include prejudgment interest for any party in any award that you might make in your verdict form.

## No Speculative Damages

You may not award remote or speculative damages. You may not, therefore, include any damages which compensate for loss or harm that, although possible, are based on conjecture, speculation, or are not reasonably certain.

To state this principle in another way, damages are prohibited as speculative when their existence is uncertain, not when merely their amount is uncertain.  Mathematical certainty is not required. Instead, the amount of damages must be shown with such reasonable degree of certainty as the situation permits.

In determining whether the proof meets the requisite degree of certainty, you may consider whether a party is responsible for creating the difficulty in ascertaining the exact amount of damages. If you make that determination, then you may, but are not required to, resolve any doubt about the amount of damages against the party responsible.

<u>Reasonable Certainty</u>

A party is not entitled to recover damages for a particular loss or type of harm unless the party proves that it is reasonably certain that the party has suffered such a loss or type of harm as a result of an action or inaction by the accused party. However, once a party proves that it is reasonably certain that the party has suffered a particular loss or type of harm as a result of an action or inaction by the accused party, the law does not require the party to prove the exact amount of that loss or harm.

If it is reasonably certain that the party has suffered a particular loss or type of harm as a result of a wrongful action or failure to act by the accused party, the injured party is entitled to recover damages for that loss or harm as long as there is some reasonable basis for estimating or approximating the amount of the loss or harm. A party may not be denied damages merely because the amount of the loss or harm is uncertain or difficult to determine.

Trade Secret Misappropriation

Trade Secret Misappropriation: Damages – Types of Compensatory Damages

If you find that Carrier Corporation liable to ECIMOS, LLC, for misappropriation of trade secrets, then you should consider whether ECIMOS, LLC, has suffered monetary damages as a result of that misappropriation.

The party seeking damages has the burden to prove to you that it has suffered harm due to the wrongful conduct. Damages are designed to restore an injured party to the position it would have been in had the wrongful conduct not occurred except to the extent a defendant can show a material and prejudicial change of position prior to acquiring knowledge or reason to know of the misappropriation.

In regard to ECIMOS, LLC's claim for misappropriation of trade secrets, you may award damages for:

(1)    actual loss to ECIMOS, LLC; and

(2)    benefits gained by Carrier Corporation that have not been taken into account in computing actual loss.

Trade Secret Misappropriation: Damages - Standard of Proof

Because damages in trade secret cases may be difficult to compute, ECIMOS, LLC, only has to provide a reasonable basis from which an amount of damages can be inferred or approximated. ECIMOS, LLC does not have to prove the exact amount of its damages or prove these damages with mathematical certainty.

I caution you, however, that you may not award damages based on speculation. Any award of damages must be reasonable in light of all of the evidence in the case.

<u>Trade Secret Misappropriation: Damages - Determining Plaintiff's Lost Profits</u>

ECIMOS claims that it has suffered actual monetary loss from misuse of its trade secrets. This actual loss can include both out-of-pocket expenses and lost profits.  If you find, for example, that ECIMOS would have realized profits from using trade secrets in its business that it has lost due to the wrongful conduct of Defendants, then you may measure damages by the amount of such lost profits for the particular periods of time that I will cover with you in a moment.

Remember, however, that any award of damages for trade secret misappropriation must be reasonable and must not be based on speculation.

62

Trade Secret Misappropriation: Damages - Determining Defendants' Gain

If you find Carrier Corporation liable for trade secret misappropriation, you must determine the amount of Carrier Corporation's monetary gain, if any, attributable to Carrier Corporation's misappropriation. ECIMOS is entitled to recover the Carrier Corporation's net profits attributable to any trade secret misappropriation. In measuring ECIMOS's damages, you may consider what benefit Carrier Corporation has gained from misuse of ECIMOS's trade secrets. Regardless of whether you find that ECIMOS itself suffered losses, if you find that Carrier Corporation's benefited from using a trade secret belonging to ECIMOS, then you may award the monetary value that you attribute to those benefits as the measure of ECIMOS's damages.

ECIMOS has the burden of establishing Carrier Corporation's gross sales from the products whose sales were the result of any misappropriation. Carrier Corporation has the burden of establishing any portion of the sales not attributable to the trade secret and any expenses to be deducted in determining net profits.

Trade Secret Misappropriation: Damages - Determining Defendants' Gain (2)

Carrier Corporation must establish that any supposedly deductible costs are directly attributable to the products at issue, and are not attributable to other products or business endeavors, such as future products. In determining the amount of Carrier Corporation's profits attributable to any trade secret misappropriation, it is appropriate to deduct from the relevant sales revenues only those costs and expenses that were directly incurred in the creation and sale of those products.

It is also not appropriate to deduct any compensation paid by Carrier Corporation to any trade secret infringer or conscious wrongdoer, including the value of the services agreement with Amtec Solutions Group.

Trade Secret Misappropriation: Damages – Willful and Malicious Appropriation

If you should find from the preponderance of the evidence that ECIMOS is entitled to a verdict for actual or compensatory damages for misappropriation of trade secrets, you may consider whether Carrier Corporation acted willfully and maliciously.

Under the applicable law concerning damages under Tennessee Code Annotated § 47-25-1704, an act is willfully done if done voluntarily and intentionally and with the specific intent to commit such an act. An act is maliciously done if prompted or accompanied by ill will or such gross indifference to the rights of others as to amount to a willful act done intentionally without just cause or excuse.

ECIMOS seeks an award of exemplary damages for misappropriation under the Tennessee Uniform Trade Secret Act.   Under the TUTSA, you may consider an award of exemplary damages only if you find that the plaintiff has suffered actual damage as a legal result of the defendant's fault and you have made an award for compensatory damages.

Exemplary damages may be considered if, and only if, the plaintiff has shown by clear and convincing evidence that a defendant has acted both willfully and maliciously.   Unlike other exemplary damages, exemplary damages under the Tennessee Uniform Trade Secret Act are determined by the Court and are limited under the statute.

Clear and convincing evidence is a different and higher standard than preponderance of the evidence. It means that the defendant's wrong, if any, must be so clearly shown that there is no serious or substantial doubt about the correctness of the conclusions drawn from the evidence.

If you determine under this claim (the trade secret misappropriation claim under the TUTSA) that the plaintiff has proven by clear and convincing evidence that the defendant you are

considering willfully and maliciously misappropriated trade secret(s), then it will be up to the Court to determine the amount, if any, of exemplary damages as to that defendant.

## Breach of Contract

## Damages for Breach of Contract

When a contract is breached, the complaining party is entitled to be placed in as good a position as would have been occupied had the contract been fulfilled in accordance with its terms. The complaining party is not entitled to be put in a better position by a recovery of damage for breach of contract than would have been realized had there been full performance. The damages to be awarded are those that may fairly and reasonably be considered as arising out of the breach or those that may reasonably have been in the contemplation of the parties when the contract was made. Damages that are remote or speculative may not be awarded.

Punitive Damages

Common Law Causes of Action: Damages – Punitive Damages

ECIMOS has asked that you make an award of punitive damages under the theory of breach of contract.  This award may be made only under the following circumstances. You may consider an award of punitive damages only if you find that ECIMOS has suffered actual damage as a legal result of Carrier Corporation's fault and you have made an award for compensatory damages.

The purpose of punitive damages is not to further compensate ECIMOS but to punish a wrongdoer and deter others from committing similar wrongs in the future. Punitive damages may be considered if, and only if, ECIMOS has shown by clear and convincing evidence that Carrier Corporation has acted either intentionally, recklessly, maliciously, or fraudulently.

As I told you earlier in discussing trade secret misappropriation exemplary damages, clear and convincing evidence is a different and higher standard than preponderance of the evidence. It means that the defendant's wrong, if any, must be so clearly shown that there is no serious or substantial doubt about the correctness of the conclusions drawn from the evidence.

A person acts intentionally when it is the person's purpose or desire to do a wrongful act or to cause the result.

A person acts recklessly when the person is aware of, but consciously disregards a substantial and unjustifiable risk of injury or damage to another. Disregarding the risk must be a gross deviation from the standard of care that an ordinary person would use under all the circumstances.

A person acts maliciously when the person is motivated by ill will, hatred or personal spite.

68

If you decide to award punitive damages, you will notassess an amount of punitive damages at this time. You will, however, report your finding to the court.

## State of Mind

Finally, I want to explain something about proving a defendant's state of mind.

Ordinarily, there is no way that either a corporation or an individual defendant's state of mind can be proved directly, because no one can read another person's mind and tell what that person or corporation is thinking. Remember that a corporation acts not only through the policies and decisions that it makes, but also through its designated supervisory employees and others designated by the corporation to act on its behalf. Therefore in determining the state of mind of a corporation you may consider the state of mind of those individuals designated to act on its behalf, as well as the policies and decisions of the corporation.

Moreover, both an individual defendant and a corporate defendant's state of mind can be proved indirectly from the surrounding circumstances. This includes things like what the defendant said, what the defendant did, how the defendant acted, and any other facts or circumstances in evidence that show what was in the defendant's mind.

You may also consider the natural and probable results of any acts that the defendant knowingly did or did not do, and whether it is reasonable to conclude that the defendant intended those results. This, of course, is all for you to decide.

70

Damages for Copyright Infringement

If you find for the plaintiff on the plaintiff's copyright infringement claim, you must determine the plaintiff's damages. The plaintiff is entitled to recover the actual damages suffered as a result of the infringement. In addition, the plaintiff is also entitled to recover any profits of the defendant attributable to the infringement.  The plaintiff must prove damages by a preponderance of the evidence.

The plaintiff is entitled to recover the actual damages suffered by him or her as a result of the infringement, and any profits of the infringer that are attributable to the infringement and are not taken into account in computing the actual damages.

You may make an award of the defendant's profits only if you find that the plaintiff showed a causal nexus between the infringement and the defendant's gross revenue.  The defendant's profit is determined by deducting all expenses from the defendant's gross revenue.  The defendant's gross revenue is all of the defendant's receipts associated with the infringement. The plaintiff has the burden of proving the defendant's gross revenue by a preponderance of the evidence.

Expenses are all operating costs, overhead costs, and production costs incurred in producing the defendant's gross revenue. The defendant has the burden of proving the defendant's expenses by a preponderance of the evidence.

Unless you find that a portion of the profit from the use of a work containing or using the copyrighted work is attributable to factors other than use of the copyrighted work, all of the profit is to be attributed to the infringement. The defendant has the burden of proving the percentage of the profit, if any, attributable to factors other than infringing the copyrighted work.

71

VERDICT FORM

Finally, ladies and gentlemen of the jury, we come to the point where we will discuss the form of your verdict and the process of your deliberations. You will be taking with you to the jury room a verdict form which reflects your findings.   The verdict form reads as follows:

[Read Verdict Form]

You will be selecting a presiding juror after you retire to the jury room. That person will preside over your deliberations and be your spokesperson here in court. When you have completed your deliberations, your presiding juror will fill in and sign the verdict form.

Your verdict must represent the considered judgment of each of you. In order to return a verdict, it is necessary that each of you agree to that verdict. That is, each of your verdicts must be unanimous.

It is your duty as jurors to consult with one another and to deliberate with a view to reaching an agreement, if you can do so without violence to individual judgments. Each of you must decide the case for yourself, but do so only after an impartial consideration of the evidence with your fellow jurors. In the course of your deliberations, do not hesitate to re-examine   your own views and change your opinion if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of evidence solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

72

We will be sending with you to the jury room all of the exhibits in the case. You may not have seen all of these previously and they will be there for your review and consideration. You may take a break before you begin deliberating but do not begin to deliberate and do not discuss the case at any time unless all twelve of you are present together in the jury room. Some of you have taken notes. I remind you that these are for your own individual use only and are to be used by you only to refresh your recollection about the case.   They are not to be shown to others or otherwise used as a basis for your discussion about the case.

<div style="margin-left:50%">

Respectfully submitted,


/s/ J. O'Neal Perryman
Everett B. Gibson (BPR #7868)
Ralph T. Gibson (BPR #14861)
J. O'Neal Perryman (BPR #32601)
BATEMAN GIBSON LAW FIRM
Attorneys for Plaintiff
22 North Front Street, Suite 650
Memphis, Tennessee 38103
901.843.2466

</div>

<div style="text-align:center">CERTIFICATE OF SERVICE</div>

I hereby certify that a true and correct copy of the foregoing document was forwarded to counsel for Defendant via CM/ECF this the 7th day of May, 2018, as follows:

FARRIS BOBANGO BRANAN, PLC
Garrett M. Estep
Robert A. McLean
999 S. Shady Grove Road, Ste. 500
Memphis, Tennessee 38120
gestep@farris-law.com
ramclean@farris-law.com
Attorneys for Carrier Corporation

<div style="margin-left:50%">

/s/ J. O'Neal Perryman
J. O'Neal Perryman

</div>

<div style="text-align:center">73</div>