IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| ECIMOS, LLC, | ) |
|     Plaintiff/Counter-Defendant, | ) |
| v. | )  No. 2:15-cv-02726-JPM-cgc |
| CARRIER CORPORATION, | ) |
|     Defendant/Counter-Plaintiff. | ) |

**PLAINTIFF'S OBJECTIONS AND PROPOSED AMENDMENTS TO [DRAFT] JURY INSTRUCTIONS**

Plaintiff, ECIMOS, LLC, ("ECIMOS"), by counsel, submits the following objections and proposed amendments to the [draft] jury instructions:

*[Draft] Jury Instructions*, RE 339-1 at PageID # 7200:

"Carrier has also sued Carrier [sic] for breach of contract. Carrier claims that ECIMOS breached the service pack agreement by failing to provide service for the Run Test software and database code. ECIMOS admits that it provided no services under the service contract and that it has not refunded Carrier's money, but ECIMOS claims that Carrier was the first to breach in the ways I explained earlier."

**Objection:** ECIMOS does not stipulate that no services were provided under the service contract. ECIMOS stipulates that not all services as contemplated by the service contract were provided because of Carrier's first breach of ECIMOS's license agreement. ECIMOS admits that no funds were refunded to Carrier.

1

**Proposed Amendment:** "Carrier has also sued ECIMOS for breach of contract. Carrier claims that ECIMOS breached the service pack agreement by failing to provide service for the Run Test software and database code. ECIMOS admits that it did not provide all services contemplated under the service contract, though ECIMOS asserts that some services were provided under the service contract. ECIMOS admits that it has not refunded any money allegedly owed to Carrier under the service contract. ECIMOS claims that Carrier is not owed any money because Carrier was the first to breach in the ways I explained earlier."

*[Draft] Jury Instructions*, RE 339-1 at PageID # 7207:

"1.     ECIMOS's valid tests, including the source code;

2.     ECIMOS's test procedures, including the source code;

3.     ECIMOS's database schema, including the source code;

4.     ECIMOS's software source code; and

5.     ECIMOS's assembled hardware drawings and wiring diagrams."

**Objection:** ECIMOS objects that the valid tests and their source code, the test procedures and their source code, and the database schema and its source code should all be listed together. ECIMOS believes that the instruction as printed would be confusing and misleading to the jury. ECIMOS contends that the valid tests are trade secrets and that the valid tests' source code is a separate trade secret, that the test procedures are trade secrets and that the test procedures' source code is a separate trade secret, and that the database schema is a trade secret and that the database script source code is a separate trade secret.

**Proposed Amendment:**

"1.     ECIMOS's valid tests;

2. ECIMOS's valid tests' source code

3. ECIMOS's test procedures;

4. ECIMOS's test procedures' source code;

5. ECIMOS's database schema;

6. ECIMOS's database script source code;

7. ECIMOS's software source code; and

8. ECIMOS's assembled hardware drawings and wiring diagrams."

*[Draft] Jury Instructions*, RE 339-1 at PageID # 7210:

"I will now instruct you about ECIMOS's fourth theory of relief . . . ."

**Objection:** Because of the stipulated dismissal of the Digital Millennium Copyright Act claim, ECIMOS proceeds on three theories of relief.

**Proposed Amendment:** "I will now instruct you about ECIMOS's third theory of relief . . . ."

*[Draft] Jury Instructions*, RE 339-1 at PageID # 7218:

"5. Elements dictated by the tests Carrier performs on its products, which are unprotectable ideas regardless of who came up with them."

**Objection:** ECIMOS stipulates that the parameter values established for the tests are not protectable as they represent ideas and are further dictated by external factors. ECIMOS contends that the code responsible for performing the tests is copyrightable expression. ECIMOS further contends that the organization, sequence, and structure of results tables and the specific characterization practices in field names (i.e. capitalization, abbreviation, nomenclature, etc.) are protectable elements of copyright expression. The proposed instruction could be read to

suggest that every element related to the testing of Carrier's products is unprotectable and therefore risks confusing and misleading the jury.

**Proposed Amendment:** "Parameter values and terms of art unique to the HVAC industry—notwithstanding choices in abbreviation, syntax, structure, organization, order, and capitalization—are unprotectable ideas, rather than expression unique to the author or programmer, regardless of who came up with them."

*[Draft] Jury Instructions*, RE 339-1 at PageID # 7219:

"Similarly, if Carrier proves by a preponderance of the evidence that it did not give Amtec access to ECIMOS's database script source code and that Amtec did not use ECIMOS's database script source code when developing any software for Carrier, you should find that Carrier did not infringe ECIMOS's copyright in the Run Test database script source code."

**Objection:** ECIMOS's copyright infringement claim with respect to the database script source code is not: (a) limited to any allegation that the script source code was provided to Amtec, (b) is not contingent upon a finding that Amtec used the database script source code when developing software for Carrier, and (c) is not limited to a finding that Amtec in any way had access to or relied upon the database script source code in any fashion.  ECIMOS contends that Carrier is responsible for infringing on the database script source code in-house.  ECIMOS's claim exists independent of any finding with respect to the Run Test software source code.  There is no requirement that Amtec had access to the database script source code.  There is no requirement that Amtec relied upon or used the database script source code in developing the RES software for Carrier.  Amtec is independent of any finding of copyright infringement by Carrier with respect to the database script source code.  ECIMOS contends that: (a) Carrier had access to

4

ECIMOS's database script source code and that the RES database script source code is substantially similar in the protectable elements to support a claim for copyright infringement against Carrier, (b) that the ECIMOS database script source code and the Carrier developed RES database script source code are so strikingly similar that an inference that Carrier had access arises, and/or (c) Carrier directly copied ECIMOS's database script source code as part of its in-house development of the RES database script source code and sent the copied elements to Amtec as part of the development process for the RES software and the stored procedures used to call to the database.

**Proposed Amendment:** "Similarly, if Carrier proves by a preponderance of the evidence that (a) Carrier did not have access to ECIMOS's database script source code or schema, (b) that Carrier's RES database script source code or schema is not so strikingly similar so as to infer access, (c) that Carrier had access to ECIMOS's database script source code or schema but that Carrier's RES database script source code or schema is not substantially similar in the protectable expressive elements such that Carrier's RES database script source code or schema is the product of independent creation, or (d) that Carrier did not provide any of the protectable elements of ECIMOS's database script source code or schema to Amtec or other vendors during any part of the development of the RES software code and corresponding stored procedures, you should find that Carrier did not infringe ECIMOS's copyright in the Run Test database script source code." See Jones v. Blige, 558 F.3d 485, 491 (6th Cir. 2009) ("A lesser showing of access (or even no showing at all) will suffice where the works are 'striking[ly]' similar, strongly suggesting that copying occurred.").

*[Draft] Jury Instructions*, RE 339-1 at PageID # 7231:

5

"You may award ECIMOS a portion of Carrier's profits only if you find that ECIMOS has showed a causal relationship between copyright infringement and Carrier's gross revenue."

**Objection:** ECIMOS objects to the use of the word "causal." The Sixth Circuit in Balsley v. LFP, Inc., 691 F.3d 747 (6th Cir. 2012), was clear that there is no burden on the copyright owner to show a causal connection between the infringement and the infringer's gross revenues and that utilizing terms of causation may lead to confusion. Balsley, 691 f.3d at 769 n.6. The Sixth Circuit only requires that copyright owners show a "reasonable relationship." Id. at 769–70.

**Proposed Amendment:** "You may award ECIMOS a portion of Carrier's profits only if you find that ECIMOS has showed a reasonable relationship between copyright infringement and Carrier's gross revenue."

**Proposed Additional Instructions:**

Plaintiff objects that under Tenn. Code Ann. § 47-25-1704(b), the jury should consider whether to increase the amount of damages for trade secret misappropriation by an amount not to exceed twice the award made under subsection a. *See Hamilton-Ryker Group, LLC v. Keymon*, 2010 Tenn. App. LEXIS 55, *43-48. Accordingly, Plaintiff proposes the following addition:

Trade Secret Misappropriation:

Damages – Willful and Malicious Misappropriation

If you should find from the preponderance of the evidence that ECIMOS is entitled to a verdict for actual or compensatory damages for misappropriation of trade secrets, you may consider whether Carrier Corporation acted willfully and maliciously.

Under the applicable law concerning damages under Tennessee Code Annotated § 47-25-1704, an act is willfully and maliciously done if done voluntarily and intentionally and with the

specific intent to commit such an act.

ECIMOS seeks an award of exemplary damages for misappropriation under the Tennessee Uniform Trade Secret Act. Under the TUTSA, you may consider an award of exemplary damages only if you find ECIMOS has suffered actual damage as a legal result of Carrier's fault and you have made an award for compensatory damages.

Exemplary damages may be considered if, and only if, ECIMOS has shown by a preponderance of the evidence that Carrier acted willfully and maliciously.

Respectfully submitted,

/s/ Ralph T. Gibson
Everett B. Gibson (BPR #7868)
Ralph T. Gibson (BPR #14861)
J. O'Neal Perryman (BPR #32601)
BATEMAN GIBSON LAW FIRM
Attorneys for Plaintiff/Counter-Defendants
22 North Front Street, Suite 650
Memphis, Tennessee 38103
901.843-2466

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was forwarded to counsel for all parties via the Court's ECF system on this the 28th day of June, 2018:

FARRIS BOBANGO BRANAN, PLC
Garrett M. Estep
Robert A. McLean
999 S. Shady Grove Road, Ste. 500
Memphis, Tennessee 38120
gestep@farris-law.com
ramclean@farris-law.com
Attorneys for Carrier Corporation

/s/ Ralph T. Gibson
Ralph T. Gibson