# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| ECIMOS, LLC, )<br>)<br>  Plaintiff/Counter-Defendant, )<br>)<br>v. )<br>)<br>CARRIER CORPORATION, )<br>)<br>  Defendant/Counter-Plaintiff. )<br>) | No. 2:15-cv-02726-JPM-cgc |

## PLAINTIFF'S OBJECTIONS AND PROPOSED REVISIONS TO [DRAFT] JURY VERDICT FORM

Plaintiff, ECIMOS, LLC, ("ECIMOS"), by counsel, hereby objects to the following parts of the [Draft] Jury Verdict Form (ECF 339-2) and submits the following proposed revisions:

<u>Objections to Paragraphs 9 through 11 at PageID 7241-7243</u>:

Because Plaintiff can meet its burden of proving misappropriation of trade secrets in more ways than just proving the misappropriation of the source code, Plaintiff objects to the phrase "including the source code" in subsections a. through c of Paragraphs 9 through 11. Instead, Plaintiff proposes the following revisions to Paragraphs 9 through 11:

9.   Has ECIMOS proven by a preponderance of the evidence that any of the following are trade secrets:

    a.   ECIMOS's valid tests.

        Yes _____    No _____

    b.   ECIMOS's valid tests' source code.

        Yes _____    No _____

1

    c.    ECIMOS's test procedures.

        Yes _____     No _____

    d.    ECIMOS's test procedures' source code.

        Yes _____     No _____

    e.    ECIMOS's database schema.

        Yes _____     No _____

    f.    ECIMOS's database schema's source code.

        Yes _____     No _____

    g.    ECIMOS's software source code.

        Yes _____     No _____

    h.    ECIMOS's assembled hardware drawings and wiring diagrams.

        Yes _____     No _____

10.    Has ECIMOS proven by a preponderance of the evidence that Carrier misappropriated any of the following *that you have already determined to be trade secrets*:

    a.    ECIMOS's valid tests.

        Yes _____     No _____

    b.    ECIMOS's valid tests' source code.

        Yes _____     No _____

    c.    ECIMOS's test procedures.

        Yes _____     No _____

    d.    ECIMOS's test procedures' source code.

        Yes _____     No _____

    e.    ECIMOS's database schema.

     Yes _____  No _____

  f. ECIMOS's database schema's source code.

     Yes _____  No _____

  g. ECIMOS's software source code.

     Yes _____  No _____

  h. ECIMOS's assembled hardware drawings and wiring diagrams.

     Yes _____  No _____

11. Has ECIMOS proven by a preponderance of the evidence that it suffered detriment as a result of the misappropriation of any of the following trade secret information *that you have already determined to be trade secrets and that you have already determined were misappropriated by Carrier*:

  a. ECIMOS's valid tests.

     Yes _____  No _____

  b. ECIMOS's valid tests' source code.

     Yes _____  No _____

  c. ECIMOS's test procedures.

     Yes _____  No _____

  d. ECIMOS's test procedures' source code.

     Yes _____  No _____

  e. ECIMOS's database schema.

     Yes _____  No _____

  f. ECIMOS's database schema's source code.

     Yes _____  No _____

      g.      ECIMOS's software source code.

            Yes _____      No _____

      h.      ECIMOS's assembled hardware drawings and wiring diagrams.

            Yes _____      No _____

<u>Objection to Paragraph 18 at PageID 7245</u>

Plaintiff objects that under Tenn. Code Ann. § 47-25-1704(b), the jury should consider whether to increase the amount of damages for trade secret misappropriation by an amount not to exceed twice the award made under subsection a. *See Hamilton-Ryker Group, LLC v. Keymon*, 2010 Tenn. App. LEXIS 55, \*43-48. Accordingly, Plaintiff requests the Court to revise paragraph 18 to add the following language:

If you have awarded Plaintiff damages for trade secret misappropriation, do you find that Carrier's misappropriation was willful and malicious?

            Yes _____      No _____

If your answer is "Yes," what amount of exemplary damages do you find that ECIMOS should recover from Carrier's misappropriation of ECIMOS's trade secrets not to exceed twice the compensatory damages amount?

Amount $ _____ Exemplary damages for misappropriation.

Respectfully submitted,

/s/ Ralph T. Gibson
Everett B. Gibson (BPR #7868)
Ralph T. Gibson (BPR #14861)
J. O'Neal Perryman (BPR #32601)
BATEMAN GIBSON LAW FIRM
Attorneys for Plaintiff/Counter-Defendants
22 North Front Street, Suite 650
Memphis, Tennessee 38103
901.526.0412

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was forwarded to counsel for all parties via the Court's ECF system on this the 28th day of June, 2018:

FARRIS BOBANGO BRANAN, PLC
Garrett M. Estep
Robert A. McLean
999 S. Shady Grove Road, Ste. 500
Memphis, Tennessee 38120
gestep@farris-law.com
ramclean@farris-law.com
Attorneys for Carrier Corporation

/s/ Ralph T. Gibson
Ralph T. Gibson
