IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

ECIMOS, LLC,

    Plaintiff,

v.                                                      Case No: 2:15-cv-2726-JPM-cgc

CARRIER CORPORATION,

    Defendant.

---

### PATRICK L. WHITE'S MOTION AND INCORPORATED MEMORANDUM OF LAW TO ENFORCE PARTIAL ASSIGNMENT OF JUDGMENT AGAINST PLAINTIFF, ECIMOS, LLC

---

COMES NOW, your Movant, Patrick L. White (hereinafter "White"), and respectfully moves this Honorable Court to enforce the Partial Assignment of Judgment dated December 19, 2018 against Plaintiff, ECIMOS, LLC (hereinafter "ECIMOS"), and in support thereof, would state as follows.

### FACTS AND LEGAL POSITION

1. White was a Counter-Plaintiff in this action against ECIMOS and its principal, Stephen G. Olita ("Olita").

2. On July 31, 2017, White and ECIMOS, after a successful mediation, resolved their respective claims against one another in a written settlement agreement and on August 7, 2017, White and ECIMOS entered a Joint Stipulation of Dismissal as to Claims Between Counter-Plaintiffs and Counter-Defendants apprising this Court that the matters between them had been resolved and that the claims and counterclaims against these parties be dismissed with prejudice. (D.E. 209).

3. On August 9, 2017, this Court entered an Order of Dismissal with Prejudice of all claims and counterclaims asserted between Counter-Plaintiffs White and Engineered Controls and Integration, LLC and Counter-Defendants ECIMOS and Olita. (*D.E. 210*).

4. In May of 2018, a dispute arose between White and ECIMOS under their written settlement agreement.

5. On November 26, 2018, in accordance with the jury verdict, this Court entered a Judgment and Permanent Injunction (*D.E. 400*) (the "November 26, 2018, Judgment") in favor of ECIMOS against the Defendant, Carrier Corporation ("Carrier"), in the amount of $7,500,000.00. In addition, Carrier was ordered to pay ECIMOS $50.00 per run test station per month in which said stations interact with the infringing use of the Runtest Execution System ("RES") database. (*D.E. 400*). *A copy of the November 26, 2018, Judgment is attached as Exhibit "A".*

6. On December 19, 2018, as a resolution of the dispute between White and ECIMOS, ECIMOS assigned to White all right, title, and interest in the first Seven Hundred Fifty Thousand Dollars ($750,000.00) to be paid out by Carrier pursuant to the November 26, 2018, Judgment. *A copy of the Partial Assignment of Judgment is attached as Exhibit "B".*

7. The Partial Assignment of Judgment provides:

> **ECIMOS, LLC** . . . (**"Assignor"**) . . . does hereby absolutely and irrevocably grant, bargain, sell, deliver, carry, transfer, set over, and assign to **Patrick L. White** ("Assignee") all right, title and interest of the Assignor in or to the first Seven Hundred Fifty Thousand and 00/100 ($750,000.00) (the "Assignment Amount") to be paid out by Carrier Corporation under and pursuant to that certain judgment entered on November 26, 2018, in favor of Assignor against Carrier Corporation (the "Judgment Debtor"), in Case Number 2:15-cv-2726-JPM-cgc un the United States District Court of the Western District of Tennessee (herein the "Judgment").
>
> \* \* \*
>
> Assignor hereby appoints the Assignee . . . as the Assignor's attorney in fact, with power of substitution and revocation, for the Assignee's own use and at the

> Assignee's own costs and charges, to demand and receive the Assignment Amount owed and/or paid by the Judgment Debtor under and pursuant to the Judgment . . . .
>
> \*   \*   \*
>
> Assignor further represents and warrants to Assignor that it . . . will turn over any such payments that may be received by it as payment on the Assignment Amount to Assignee immediately until the Assignment Amount is paid in full.
>
> This Assignment is intended by Assignor and Assignee to create, and shall be construed to create, an absolute assignment of the Judgment up to the Assignment Amount to Assignee, subject only to the terms and provisions hereof. This Assignment is effective immediately.
>
> Assignor agrees from time to time to execute, acknowledge and deliver all such instruments and to take all such action for the purpose of further effectuating this Assignment and the carrying out of the terms hereof as may be requested by Assignee.
>
> Assignor further agrees that the above-stated powers and rights are coupled with an interest and shall be irrevocable by Assignor in any manner for any reason.

(*Exhibit "B" hereto*).

8.     The effect of the Partial Assignment of Judgment is to divest ECIMOS of all interest in, and all control over, the November 26, 2018, Judgment up to the Assignment Amount. *State ex rel. Johnson v. Mount Olivet Cemetery Co.,* 834 S.W.2d 306 (Tenn. Ct. App. 1992) (ruling that once a judgment is assigned, assignor has no right to release debtor, nor does purported release by assignor have any effect on assignee).

9.     In February 2019, ECIMOS made a payment to White, which reduced the amount of the Partial Assignment of Judgment to Four Hundred Thousand and 00/100 Dollars ($400,000.00).

10.    On April 18, 2019, this Court reduced and amended the November 26, 2018, Judgment to $6,782,800 with post-judgment interest accruing from the initial date of entry of the judgment (November 26, 2018). (*D.E. 468*).

11. On April 23, 2019, Carrier appealed the November 26, 2018, Judgment to the Court of Appeals for the Sixth Circuit. (*D.E. 470*).

12. On August 21, 2020, the Sixth Circuit Court of Appeals affirmed in part and reversed in part the judgment and reduced the total judgment to $5,730,300. *ECIMOS, LLC v. Carrier Corporation*, 971 F.3d 616, 644 (6th Cir. 2020). All of Carrier's appeal rights have since expired and the mandate was issued by the Sixth Circuit Court of Appeals on October 6, 2020. (*D.E. 637*).

13. Carrier paid the total amount of the Judgment to counsel for ECIMOS in early October 2020.

14. On October 1, 2020, White, through counsel, provided ECIMOS' counsel written notice of White's assignment and lien upon the Judgment, of which $400,000.00 remained and remains unpaid. (*October 1, 2020 Notice attached hereto as Exhibit "C" hereto*).

15. On October 7, 2020, counsel for ECIMOS notified the undersigned that ECIMOS was refusing to honor White's lien and assignment. (*October 7, 2020, Correspondence from D. Hearn to N. Perryman, copy attached as Exhibit "D" hereto*).

16. On October 8, 2020, Mr. Perryman advised that his firm no longer represented Olita or ECIMOS regarding the dispute with White, and Mr. Perryman confirmed that suitable funds would be held in his firm's escrow account or be deposited into the Court pending the resolution of White and ECIMOS' dispute. (*October 7, 2020, Correspondence from N. Perryman to D. Hearn, copy attached hereto as Exhibit "E"*).

17. After issuance of the mandate by the Sixth Circuit, this Court was vested with ancillary jurisdiction to carry out such supplemental proceedings as would be necessary "to

manage its proceedings, vindicate its authority, and effectuate its decrees." *Peacock v. Thomas*, 516 U.S. 349, 354 (1994).

18. ECIMOS has refused to comply with the terms of the Partial Assignment of Judgment.

19. White requests that this Court enforce the Partial Assignment of Judgment, enter an Order directing ECIMOS release the $400,000.00 paid by Carrier to White, or alternatively enter an Order requiring the funds to be deposited into the Court and enter an Order directing the Clerk of this Court to pay $400,000.00 to White.

20. White has incurred attorney's fees to bring this Motion, which said fees and expenses should be paid by ECIMOS.

**WHEREFORE, PREMISES CONSIDERED**, White prays:

1. That this Court enforce the parties' Partial Assignment of Judgment and enter an Order directing ECIMOS to release $400,000.00 paid on the Judgment to White or requiring these funds be deposited into this Court then paid to White.

2. That White be awarded all attorney fees for having to file and prosecute this Motion.

3. For such other further relief, both general and specific, to which White is entitled.

Respectfully submitted,

By: /s/ Don L. Hearn
Don L. Hearn, Jr. (BPR 22837)
Jeremy G. Alpert (BPR 19277)
**GLANKLER BROWN, PLLC**
6000 Poplar Avenue, Suite 400
Memphis, Tennessee 38119
Telephone: 901-525-1322

*Attorneys for Patrick L. White*

## CERTIFICATE OF CONSULTATION

I, the undersigned, certifies that counsel for Patrick L. White consulted with counsel for ECIMOS regarding the relief sought in this Motion and was advised that counsel was not authorized to represent ECIMOS regarding this dispute and could not agree to the relief sought in this Motion.

/s/ Don L. Hearn, Jr.

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing has been served on the following via the Court's electronic filing system on this the 2nd day of November, 2020:

Everett B. Gibson
Ralph Gibson
Neal Perryman
BATEMAN GIBSON, LLC
Attorneys for Plaintiff/Counter-Defendants
22 North Front Street, Suite 650
Memphis, Tennessee 38103

Garrett M. Estep
Robert A. McLean
FARRIS BOBANGO BRANAN, PLC
999 S. Shady Grove Road, Suite 500
Memphis, Tennessee 38120

/s/   Don L. Hearn

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| ECIMOS, LLC<br><br>    Plaintiff,<br><br>v.<br><br>CARRIER CORPORATION,<br><br>    Defendant. | Case No. 2:15-cv-2726-JPM-cgc |

## JUDGMENT AND PERMANENT INJUNCTION

**JUDGMENT BY COURT.** This action came on for consideration before the Court for a trial by jury. The issues have been tried and the jury duly rendered its verdict on July 6, 2018. (ECF No. 359.)

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that, in accordance with the jury verdict, Judgment is entered against Carrier Corporation and in favor of ECIMOS, LLC for $7,500,000.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, in accordance with the Order Granting Plaintiff's Motion for Permanent Injunction in Part (ECF No. 382) and the Order Amending Previous Injunction Orders (ECF No. 397), Defendant Carrier Corporation is PERMANENTLY ENJOINED from:

1. Further use of the Runtest Execution System ("RES") database;
2. Sharing ECIMOS's assembled hardware and wiring diagrams without ECIMOS's express permission; and
3. Sharing ECIMOS's Run Test software source code, including the algorithms for the valid tests and test procedures and the way the software source code interacts with ECIMOS's database, without ECIMOS's express permission.

The portion of the permanent injunction prohibiting Carrier's "use of the Runtest Execution System ('RES') database" is STAYED until a special master appointed by the Court reports that implementation of a new, non-infringing RES database is complete. Carrier is ORDERED to pay the equivalent of a licensing fee for the use of the infringing RES database from August 1, 2018 to the time that a non-infringing replacement database is fully implemented. Specifically, Carrier is ORDERED to pay ECIMOS $50 per run test station per

EXHIBIT A

month in which said stations interact with the infringing RES database. The Court retains jurisdiction over this matter for the purpose of enforcing the Permanent Injunction.

**APPROVED:**

/s/ Jon McCalla
JON P. McCALLA
UNITED STATES DISTRICT JUDGE

11/26/18
Date

# PARTIAL ASSIGNMENT OF JUDGMENT

     **ECIMOS, LLC**, a Tennessee limited liability company ("Assignor"), pursuant to the terms and conditions of that certain Settlement Agreement dated December ___, 2018, between ECIMOS, LLC and Patrick L. White executed contemporaneously herewith (the "2018 Settlement Agreement"), and in consideration of the promises and covenants set forth in the 2018 Settlement Agreement and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, does hereby absolutely and irrevocably grant, bargain, sell, deliver, carry, transfer, set over, and assign to **Patrick L. White** ("Assignee") all right, title and interest of the Assignor in or to the first Seven Hundred Fifty Thousand and 00/100 ($750,000.00) (the "Assignment Amount") to be paid out by Carrier Corporation under and pursuant to that certain judgment entered on November 26, 2018, in favor of Assignor against Carrier Corporation (the "Judgment Debtor"), in Case Number 2:15-cv-2726-JPM-cgc in the United States District Court for the Western District of Tennessee (herein the "Judgment"). A copy of the Judgment, a portion of which is being assigned hereby, is attached hereto as **Exhibit "A"** and incorporated herein by reference.

     Assignor hereby appoints the Assignee and its assigns as the Assignor's attorney in fact, with power of substitution and revocation, for the Assignee's own use and at the Assignee's own costs and charges, to demand and receive the Assignment Amount owed and/or paid by the Judgment Debtor under and pursuant to the Judgment, take out executions, and take in the name of the Assignor, or otherwise, all lawful ways and means for the recovery of the Assignment Amount, and, upon payment of the same to Assignee, to acknowledge satisfaction of or discharge the same. Assignor does hereby authorize and empower Assignee, its successors and assigns, to collect or enforce the Judgment up to the Assignment Amount, and does hereby direct the Judgment Debtor and its assigns to pay the amounts owed pursuant to the Judgment, up to the Assignment Amount, directly to Assignee or as Assignee may otherwise direct, and to perform any obligations on its part to be performed, upon demand for payment or performance thereof by Assignee, and such debtor of Assignor shall pay the sums due or perform the obligations owing to Assignee upon such demand without further inquiry.

     Assignor further represents and warrants to Assignor that it has not received any partial payment of any of the monies or other amounts due under the Judgment as of the date and time of this Assignment, and it further hereby agrees that it will not collect or receive (or attempt to collect or receive, except on behalf of and for Assignee) any money owing as part of the Judgment until the Assignment Amount has been paid in full to Assignee, nor release or discharge the Judgment or any portion thereof, but will turn over any such payments that may be received by it as payment on the Assignment Amount to Assignee immediately until the Assignment Amount is paid in full.

     This Assignment is intended by Assignor and Assignee to create, and shall be construed to create, an absolute assignment of the Judgment up to the Assignment Amount to Assignee, subject only to the terms and provisions hereof. This Assignment is effective immediately.

     Assignor agrees from time to time to execute, acknowledge and deliver all such instruments and to take all such action for the purpose of further effectuating this Assignment and the carrying out of the terms hereof as may be requested by Assignee.

     Assignor further agrees that the above-stated powers and rights are coupled with an interest and shall be irrevocable by Assignor in any manner or for any reason.

     The undersigned, Stephen G. Olita, represents and warrants to Assignee that he, by virtue of his signature on this instrument, has the actual authority in the name of and full right on behalf of Assignor to

sell, transfer, assign and deliver all right, title and interest of the Assignor in or to the Assignment Amount to be paid out by Judgment Debtor under and pursuant to the Judgment as specified in this instrument, and to bind Assignor to the terms and conditions of this instrument.

In witness whereof, Assignor has caused this Partial Assignment of Judgment to be executed in Memphis, Shelby County, Tennessee this 19th day of December, 2018.

ECIMOS, LLC

By: *Stephen G. Olita*
Stephen G. Olita, Managing and Sole Member

STATE OF TENNESSEE
COUNTY OF SHELBY

Before me, a Notary Public, of the state and county aforesaid, personally appeared Stephen G. Olita, with whom I am personally acquainted (or proved to me on the basis of satisfactory evidence), and who, upon oath, acknowledged himself to be the Managing and Sole Member of ECIMOS, LLC, a Tennessee limited liability company, the above named Assignor, and that he as such managing and sole member, executed the foregoing instrument for the purpose therein contained, by signing the name of the limited liability company by himself as the managing and sole member thereof.

WITNESS my hand and seal at office on this 19th day of December, 2018.

*Tawauna Stafford*
Notary Public

My Commission Expires:

11-2-2019

[Notary Seal: TAWAUNA STAFFORD, STATE OF TENNESSEE NOTARY PUBLIC, SHELBY COUNTY, MY COMMISSION EXPIRES 11-2-2019]

Case 2:15-cv-02726-JPM-cgc Document 400 Filed 11/26/18 Page 12 of 17    PageID 11690

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

| | |
|---|---|
| ECIMOS, LLC<br><br>    Plaintiff,<br><br>v.<br><br>CARRIER CORPORATION,<br><br>    Defendant. | Case No. 2:15-cv-2726-JPM-cgc |

### JUDGMENT AND PERMANENT INJUNCTION

**JUDGMENT BY COURT.** This action came on for consideration before the Court for a trial by jury. The issues have been tried and the jury duly rendered its verdict on July 6, 2018. (ECF No. 359.)

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that, in accordance with the jury verdict, Judgment is entered against Carrier Corporation and in favor of ECIMOS, LLC for $7,500,000.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, in accordance with the Order Granting Plaintiff's Motion for Permanent Injunction in Part (ECF No. 382) and the Order Amending Previous Injunction Orders (ECF No. 397), Defendant Carrier Corporation is PERMANENTLY ENJOINED from:

1. Further use of the Runtest Execution System ("RES") database;
2. Sharing ECIMOS's assembled hardware and wiring diagrams without ECIMOS's express permission; and
3. Sharing ECIMOS's Run Test software source code, including the algorithms for the valid tests and test procedures and the way the software source code interacts with ECIMOS's database, without ECIMOS's express permission.

The portion of the permanent injunction prohibiting Carrier's "use of the Runtest Execution System ('RES') database" is STAYED until a special master appointed by the Court reports that implementation of a new, non-infringing RES database is complete. Carrier is ORDERED to pay the equivalent of a licensing fee for the use of the infringing RES database from August 1, 2018 to the time that a non-infringing replacement database is fully implemented. Specifically, Carrier is ORDERED to pay ECIMOS $50 per run test station per

month in which said stations interact with the infringing RES database. The Court retains jurisdiction over this matter for the purpose of enforcing the Permanent Injunction.

**APPROVED:**

/s/ Jon McCalla
JON P. McCALLA
UNITED STATES DISTRICT JUDGE

11/26/18
Date

| | |
|---|---|
| **From:** | Don L.Hearn |
| **To:** | "neal@batemangibson.com" |
| **Subject:** | Notice of Lien |
| **Date:** | Thursday, October 1, 2020 7:55:00 PM |
| **Attachments:** | 2018-12-14 Executed Assignment of Judgment.pdf |

Neal,

As you know, we represent Pat White with respect to his former business dealings with ECIMOS, LLC. Please accept this Notice of Lien upon the Judgment rendered against Carrier Corporation in Case Number 2:15-cv-2726 in the United States District Court for the Western District of Tennessee. ECIMOS assigned Mr. White the first $750,000 paid out by Carrier Corporation pursuant to the Judgment. Mr. White has received a partial payment on the assignment. The total amount due is $400,000, which would fully satisfy ECIMOS' obligations to Mr. White

If you have any questions, or need additional information, please let me know. Many thanks, Don

**Don L. Hearn, Jr., Member**
**GLANKLER BROWN**
P 901.576.1767 | F 901.525.2389
dhearn@glankler.com
6000 Poplar Avenue, Suite 400, Memphis, TN 38119

| | |
|---|---|
| **From:** | Don L.Hearn |
| **To:** | Neal Perryman; Ralph Gibson |
| **Cc:** | Patrick White (pwhite05@comcast.net); William R. Bradley, Jr. |
| **Subject:** | Lien-Ecimos |
| **Date:** | Wednesday, October 7, 2020 8:45:00 PM |
| **Attachments:** | 2018-12-14 Executed Assignment of Judgment.pdf |

Neal and Ralph,

Thank you both for taking my call today. I just wanted to confirm that Mr. Olita, on behalf of ECIMOS, has refused to honor the lien and assignment of my client, Pat White, in the amount of $400,000 (or even honor a negotiated lesser amount), of which I provided notice recently via email and to which was agreed in late 2018 pursuant to the executed settlement agreement and assignment of judgment. I understand that the funds paid by Carrier on the Judgment yesterday sufficient to satisfy the lien and assignment are currently in your firm's escrow account and that Mr. Olita has instructed you not to release these funds to Mr. White to satisfy the lien. As you know, the Assignment (attached) provides that Mr. White is ECIMOS' attorney in fact and is authorized to demand and receive immediate payment.

Mr. White demands immediate payment of $400,000 in full satisfaction of the assignment. Since your client refuses payment and there exist competing claims to the funds between our clients, please confirm the funds will remain in your escrow account until this dispute is resolved or alternatively be interplead/deposited with the clerk of court. We intend to file a motion to enforce the settlement agreement/assignment and ask the court to decide the dispute between our clients as to these funds.

Of course, if your client wishes to negotiate, we are willing. We would prefer negotiating and resolving this issue, as litigating the issue will incur fees owed by our respective clients. Please remind Mr. Olita that the settlement agreement provides the prevailing litigator an award of attorneys' fees.

Thank you and I look forward to hearing from you.

-Don


**Don L. Hearn, Jr., Member**
**GLANKLER BROWN**
**P** 901.576.1767 | **F** 901.525.2389
dhearn@glankler.com
6000 Poplar Avenue, Suite 400, Memphis, TN 38119

| | |
|---|---|
| **From:** | Neal Perryman |
| **To:** | Don L.Hearn; Ralph Gibson |
| **Cc:** | Patrick White (pwhite05@comcast.net); William R. Bradley, Jr.; Steve Olita |
| **Subject:** | RE: Lien-Ecimos |
| **Date:** | Thursday, October 8, 2020 10:03:37 AM |

Don,

It is always a pleasure working with you. Unfortunately, we no longer represent Mr. Olita in connection with this matter. I have copied Mr. Olita here. I can confirm, however, that the $400,000 will remain in my escrow account until the competing claims are resolved or the funds are interplead into the Court upon a filing in that regard. Thank you.

Sincerely,

Neal Perryman
GIBSON PERRYMAN LAW FIRM
22 North Front Street, Suite 650
Memphis, Tennessee 38103
901.512.5233 (direct)
901.526.0412 (main)
901.472.4169 (fax)

This email and all attachments thereto has been sent by GIBSON PERRYMAN LAW FIRM. The information contained herein may be confidential and protected by the attorney-client privilege or attorney work product privilege. If you are not the intended recipient of this email, please advise immediately by calling the phone number listed above, and promptly delete this email and all attachments from your computer. You may not forward, copy, print, distribute, or otherwise use the information contained herein if you are not the intended recipient.

**From:** Don L.Hearn <DHearn@Glankler.com>
**Sent:** Wednesday, October 7, 2020 8:46 PM
**To:** Neal Perryman <neal@gibsonperryman.com>; Ralph Gibson <ralph@gibsonperryman.com>
**Cc:** Patrick White (pwhite05@comcast.net) <pwhite05@comcast.net>; William R. Bradley, Jr. <bbradley@Glankler.com>
**Subject:** Lien-Ecimos

Neal and Ralph,

Thank you both for taking my call today. I just wanted to confirm that Mr. Olita, on behalf of ECIMOS, has refused to honor the lien and assignment of my client, Pat White, in the amount of $400,000 (or even honor a negotiated lesser amount), of which I provided notice recently via email and to which was agreed in late 2018 pursuant to the executed settlement agreement and assignment of judgment. I understand that the funds paid by Carrier on the Judgment yesterday sufficient to satisfy the lien and assignment are currently in your firm's escrow account and that Mr. Olita has instructed you not to release these funds to Mr. White to satisfy the lien. As you know, the Assignment (attached) provides that Mr. White is ECIMOS' attorney in fact and is authorized to

demand and receive immediate payment.

Mr. White demands immediate payment of $400,000 in full satisfaction of the assignment. Since your client refuses payment and there exist competing claims to the funds between our clients, please confirm the funds will remain in your escrow account until this dispute is resolved or alternatively be interplead/deposited with the clerk of court. We intend to file a motion to enforce the settlement agreement/assignment and ask the court to decide the dispute between our clients as to these funds.

Of course, if your client wishes to negotiate, we are willing. We would prefer negotiating and resolving this issue, as litigating the issue will incur fees owed by our respective clients. Please remind Mr. Olita that the settlement agreement provides the prevailing litigator an award of attorneys' fees.

Thank you and I look forward to hearing from you.

-Don


**Don L. Hearn, Jr., Member**
**GLANKLER BROWN**
**P** 901.576.1767 | **F** 901.525.2389
dhearn@glankler.com
6000 Poplar Avenue, Suite 400, Memphis, TN 38119