IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

ECIMOS, LLC,

    Plaintiff,

v.                                                                                          No. 2:15-cv-02726-JPM-cgc

CARRIER CORPORATION,
PATRICK L. WHITE, and
ENGINEERED CONTROLS
AND INTEGRATION, LLC,

    Defendants.

PATRICK L. WHITE, and
ENGINEERED CONTROLS
AND INTEGRATION, LLC,

    Counter-Plaintiffs/Third Party Plaintiffs,

v.

ECIMOS, LLC and STEPHEN G. OLITA,
individually and as a member of ECIMOS, LLC
and ENGINEERED CONTROLS
AND INTEGRATION, LLC,

    Counter-Defendant and Third Party Defendant.

## REPORT AND RECOMMENDATION

Before the Court, by way of Order of Reference (D.E. # 689), is Patrick L. White's ("White") November 2, 2020 Motion to Enforce Partial Assignment of Judgment against ECIMOS, LLC ("ECIMOS") (D.E. # 641). ECIMOS, LLC filed its response on November 23, 2020. (D.E. # 653). On August 25, 2021, the Court held a hearing on the motion. Don Hearn

appeared for White, Joseph Thompson appeared on behalf of ECIMOS and Stephen G. Olita ("Olita") and Ralph Gibson and Neal Perryman also appeared. Post hearing filings were submitted by the parties (D.E. # 701, 702 and 705)

### I.   Background and Proposed Findings of Fact

The underlying case began with a complaint filed on October 26, 2015 in Shelby County Chancery Court (CH-15-1426) by ECIMOS against Carrier Corporation ("Carrier") alleging breach of contract, trade secret misappropriation, conversion, and violations of the Digital Millennium Copyright Act ("DMCA") and the Copyright Act of 1976 ("Copyright Act") surrounding Carrier's use of ECIMOS's IPCS software ("Software").  (D.E. # 1-3)  On November 6, 2015, Carrier removed the case from Chancery Court to the U.S. District Court.  (D.E. # 1)  Carrier moved to dismiss the case or, in the alternative, to stay the Complaint.  (D.E. # 13)  Carrier argued that *Patrick L. White and Engineered Controls and Integration, LLC v. Stephen G. Olita and ECIMOS*, CH-15-1283-1, placed at issue the question of who was the true owner of the Software.  On May 16, 2016, the District Court denied the motion to dismiss but ordered ECIMOS to serve White and Engineered Controls and Integration ("New ECI") with an amended complaint, thus bringing them into this action.  (D.E. # 39)  ECIMOS filed its Second Amended Complaint on May 23, 2016, maintaining its previous claims against Carrier and seeking a declaratory judgment that ECIMOS is the sole owner of the Software and not White or New ECI.  (D.E. # 42)  White and New ECI filed their answer to the ECIMOS complaint and their counterclaim alleging conversion, breach of contract, breach of fiduciary duties and fraud

and misrepresentation seeking, among other things, declaratory judgment that New ECI is the true owner of the Software.  (D.E. # 55)

The litigation proceeded through discovery and motions for summary judgment.  After a successful mediation, White and New ECI and Olita and ECIMOS entered into a written settlement agreement ("2017 Settlement Agreement") (D.E. # 653-2, PageID 15146-15182) and filed a joint stipulation of dismissal.  (D.E. # 209).  The District Court entered an Order of Dismissal as to White and New ECI on August 9, 2017.  (D.E. # 210)

The 2017 Settlement Agreement obligated Olita and ECIMOS to, among other things, pay to White directly $40,000, assume responsibility for and repay a loan that White and New ECI had in the principal amount of $500,000, and pay fifty percent (50%) of any judgment or settlement obtained in the instant matter towards the principal balance of the loan.  (D.E. # 653-2, PageID 15146 - 15148)  Performance of the 2017 Settlement Agreement was secured by a first lien security interest granted to White in the present and future rights, title and interest in and to all of the tangible and intangible assets of ECIMOS.  (D.E. # 653-2, PageID 15142)

The instant matter went to trial on June 19, 2018 and the jury returned a verdict in favor of ECIMOS against Carrier in the amount of $7,500,000.  (D.E. # 359)  Judgment in this amount was entered on November 26, 2018.  (D.E. # 400)  Carrier appealed the judgment. (D.E. # 470) ECIMOS engaged in negotiations with Law Finance Group ("LFG") to sell a portion of its interest in the instant matter in exchange for $1,000,000 to provide funding for the litigation on appeal ("LFG Agreement").  (D.E. # 658-2, PageID 15223 - 15253)  As a part of the LFG Agreement, ECIMOS acknowledged that New ECI was an existing lien holder, that New ECI had a security interest in ECIMOS' assets and that ECIMOS would use the amount received

from LFG to pay off New ECI in full.  (D.E. # 658-2, PageID 15252 – 15253)  Olita executed a partial assignment of proceeds in favor of LFG on November 2, 2018.  (D.E. # 658-2, PageID 15242-15243)

On December 19, 2018, the parties entered into a second settlement agreement ("2018 Settlement Agreement"), based on a material breach by Olita and ECIMOS of the 2017 Settlement Agreement.  (D.E. # 653-2, PageID 15142-15145)  In the 2018 Settlement Agreement, White agrees not to exercise his foreclosure rights in exchange for Olita and ECIMOS assigning the first $750,000.00 to be paid out by Carrier Corporation pursuant to the judgment.  (D.E. # 653-2, PageID 15143)  By the terms of the 2018 Settlement Agreement, Olita and ECIMOS remained obligated under all of the provisions of the 2017 Settlement Agreement  Olita executed a Partial Assignment of Judgment reflecting the 2018 Settlement Agreement on December 19, 2018.  (D.E. # 657-1, PageID 15206 – 15207)

On February 1, 2019, LFG sent a check in the amount of $400,000 to White.  (D.E. # 701-1, 701-2)  The letter accompanying the check states that the check is "to fulfill Mr. Steve Olita and ECIMOS, LLC's settlement obligations owed to Mr. Pat White."  The memo line of the check states "Pat White settlement".  The check was negotiated on February 11, 2019.

On August 21, 2020, the Sixth Circuit Court of Appeals affirmed in part, reversed in part and remanded the matter.  (D.E. # 615)  Relevant to the instant motion, the judgment was reduced to $5,566,050.  (D.E. # 615, PageID 14125)  Carrier satisfied the judgment on or about September 29, 2020[1].  Demand was made by White for the balance owed on the 2018 Settlement

---

[1] The Unopposed Motion to Discharge the *Supersedeas* Bond gives a wire date of September 29, 2019 but that would be almost a year prior to the Sixth Circuit's denial of ECIMOS' motion for rehearing *en banc* and prior to the parties having any idea how much the judgment or post-trial interest would be.

4

Agreement. Olita and ECIMOS denied that any further amounts were owed. White filed the instant motion.

White argues in his motion to enforce settlement agreement that he is still owed $400,000 - $350,000 as the amount remaining on the 2018 Settlement Agreement and $50,000 owed based on an unsigned agreement to subordinate lien which contemplated increasing the amount owed under the 2018 Settlement Agreement from $750,000 to $800,000. Olita and ECIMOS counter that White is not entitled to any additional sums as it was clear that the $400,000 was in full settlement of ECIMOS' obligation and in exchange for a release of the lien.

## II.     Proposed Analysis and Conclusions of Law

Based on a review of the 2017 Settlement Agreement, the 2018 Settlement Agreement, and the LFG Agreement, it is RECOMMENDED that the 2018 Settlement Agreement be enforced and that Olita and ECIMOS be ordered to pay White $350,000. It is uncontested that the 2018 Settlement Agreement created an obligation for Olita and ECIMOS to pay White $750,000 from a judgment against Carrier. The terms of the LFG Agreement states that "Purchaser will use the advance amount to pay off the Existing Lien Holders in full." (D.E. # 658-2, PageID 15253) This document is signed by Olita on behalf of ECIMOS acknowledges both the existence of the debt and the obligation to pay the debt from the loan proceeds.

The undersigned has reviewed the emails and letter submitted by ECIMOS and Olita in support of their position that a third agreement was made which would give White $400,000 immediately in lieu of waiting for the entire $750,000 at the conclusion of the litigation. However it is not at all clear from those documents that the parties had reached a meeting of the

minds such that a third agreement was formed that would extinguish the 2018 Settlement Agreement. "A contract 'must result from a meeting of the minds of the parties in mutual assent to the terms, must be based upon a sufficient consideration, free from fraud or undue influence, not against public policy and sufficiently definite to be enforced.' "*Moody Realty Co., Inc. v. Huestis*, 237 S.W.3d 666, 674 (Tenn. Ct. App. 2007) (citing *Staubach Retail Servs.-Se., LLC v. H.G. Hill Realty Co.*, 160 S.W.3d 521, 524 (Tenn. 2005)). "A meeting of the minds is determined 'by assessing the parties' manifestations according to an objective standard.'" *Wofford*, 490 S.W.3d at 810 (quoting *Moody Realty Co.*, 237 S.W.3d at 674). Under traditional common-law rule, if there is no mutual assent present, then there exists no contract. *Id.* (citing *Higgins v. Oil, Chem. & Atomic Workers Int'l Union, Local No. 3-677*, 811 S.W.2d 875, 879 (Tenn. 1991)).

     ECIMOS focuses on the January 31, 2019 email from Don Hearn, counsel for White, to Neal Perryman, then counsel to Olita and ECIMOS, the $400,000 check and cover letter from LFG (D.E. # 701-1, 701-2) as evidence of an agreement to settle the outstanding debt for $400,000 and that the negotiation of the check constitutes accord and satisfaction. The Hearn email states in pertinent part that "in exchange for the $400,000 payment, my client will lift the UCC filing filed with the Tennessee Secretary of State [UCC document #427759804 dated November 6, 2017]" (D.E. # 701-2, PageID 15493) The cover letter requests that Hearn "please release the UCC filing filed with the Tennessee Secretary of State (UCC document #427759804 dated November 6, 2017) upon receipt of this check." There was an agreement to release the UCC filing in exchange for the $400,000 payment and the UCC filing was subsequently released consistent with that agreement. Yet the UCC filing was security for the 2017 Settlement

Agreement and was not related to the 2018 Settlement Agreement. There is nothing in any of the documents submitted by the parties which indicated an agreement to extinguish the entire $750,000 obligation created by the 2018 Settlement Agreement in exchange for $400,000. Similarly, there is no indication in the documents filed that there was an agreement to increase the obligation to $800,000.

There likewise is no accord and satisfaction of the 2018 Settlement Agreement created by the negotiation of the $400,000 check. In Tennessee, accord and satisfaction by use of an instrument is governed by Tenn. Code Ann. § 47-3-311. The statute provides that a claim is discharged if "the person against whom the claim is asserted proves that the instrument or an accompanying written communication contained a conspicuous statement to the effect that the instrument was tendered as full satisfaction of the claim." Tenn. Code Ann. § 47-3-311(b) Further, the instrument must be tendered to the claimant by the person against whom the claim is asserted. Tenn. Code Ann. § 47-3-311(a) In this case, the instrument was not tendered by either Olita or ECIMOS but by LFG. The instrument itself only states "Pat White settlement" in the memo line and the cover letter states that the instrument is in exchange for release of the UCC filing.

### III.  Conclusion

For the reasons set forth herein, it is RECOMMENDED that the Motion to Enforce Partial Assignment of Judgment against ECIMOS, LLC be GRANTED in the amount of $350,000.

**SIGNED** this 18th day of July, 2022.

s/ Charmiane G. Claxton
CHARMIANE G. CLAXTON
UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT.  28 U.S.C. § 636(b)(1)(C).  FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL**