# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
### WESTERN DIVISION

| | |
|---|---|
| ECIMOS, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 2:15-cv-02726-JPM-cgc |
| v. ) | |
| ) | |
| CARRIER CORPORATION, ) | |
| PATRICK L. WHITE, AND ) | |
| ENGINEERED CONTROLS ) | |
| AND INTEGRATION, LLC, ) | |
| ) | |
| Defendants, ) | |
| ) | |
| PATRICK L. WHITE, AND ) | |
| ENGINEERED CONTROLS ) | |
| AND INTEGRATION, LLC, ) | |
| ) | |
| Counter-Plaintiffs/Third Party Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| ECIMOS, LLC AND STEPHEN G. OLITA, ) | |
| INDIVIDUALLY AND AS A MEMBER OF ) | |
| ECIMOS, LLC ) | |
| AND ENGINEERED CONTROLS ) | |
| AND INTEGRATION, LLC, ) | |
| ) | |
| Counter-Defendant and Third Party ) | |
| Defendant. ) | |
| ) | |

## ORDER ADOPTING REPORT AND RECOMENDATION

Before the Court is the Report and Recommendation of United States Magistrate Judge Charmaine Claxton filed on July 18, 2022 (ECF No. 717) with respect to Patrick L. White's ("White") Motion to Enforce Partial Assignment of Judgment against ECIMOS, LLC

("ECIMOS"), filed on November 2, 2020. (ECF No. 641.) The Magistrate Judge recommends that the Court grant White's Motion. (ECF No. 717 at PageID 16016.) ECIMOS filed a timely objection to the Magistrate Judge's Report and Recommendation on August 1, 2022. (ECF No. 720.)

Upon de novo review, the Court **ADOPTS** the Report and Recommendation of the Magistrate Judge. Accordingly, White's Motion to Enforce Partial Assignment of Judgment is **GRANTED**.

I.   BACKGROUND

The underlying case is a suit by ECIMOS against Carrier Corporation ("Carrier"), alleging breach of contract, trade secret misappropriation, conversion, and violations of the Digital Millennium Copyright Act and the Copyright Act of 1976 regarding Carrier's use of ECIMOS's Interprocess Communication Status ("IPCS") software. (ECF No. 1-3.) Carrier argued that a parallel case in Shelby County Chancery Court, <u>Patrick L. White and Engineered Controls and Integration, LLC v. Stephen G. Olita and ECIMOS</u> (CH-15-1283), "placed at issue the question of who was the true owner" of this software. (ECF No. 717 at PageID 16010.) The Court ordered ECIMOS to serve White and Engineered Controls and Integration ("ECI") with an amended complaint, and bring them into this action, on May 16, 2016. (ECF No. 39.)

Following mediation, White and ECI entered into a written settlement agreement (the "2017 Settlement Agreement") with ECIMOS and its owner, Stephen G. Olita ("Olita"). (ECF No. 653-2 at PageID 15146–82). The parties also filed a Joint Stipulation of Dismissal. (ECF No. 209.)

> The 2017 Settlement Agreement obligated Olita and ECIMOS to, among other things, pay to White directly $40,000, assume responsibility for and repay a loan that White and . . . ECI had in the principal amount of $500,000, and pay fifty percent (50%) of any judgment or settlement obtained in the instant matter towards the principal balance of the loan.

(ECF No. 717 at PageID 16011.) The 2017 Settlement Agreement was secured by a first lien security interest granted to White in ECIMOS. (ECF No. 653-2 at PageID 15142.)

ECIMOS prevailed in a June 19, 2018 jury trial, with the award in the amount of $7,500,000. (ECF No. 359.) Carrier appealed. (ECF No. 470.) The Sixth Circuit Court of Appealed subsequently affirmed in part, reversed in part, and remanded the matter on August 21, 2020. (ECF No. 615.) The amount of the judgement was reduced to $5,566,050. (Id. at PageID 14125.)

ECIMOS sold part of its interest in the matter to Law Finance Group ("LFG") in exchange for $1,000,000 to fund the litigation on appeal. (ECF No. 658-2 at PageID 15223–53.) As part of this agreement, "ECIMOS acknowledged that . . . ECI was an existing lien holder, that . . . ECI had a security interest in ECIMOS' assets and that ECIMOS would use the amount received from LFG to pay off . . . ECI in full." (ECF No. 717 at PageID 16012.) A partial assignment of proceeds was executed by Olita in favor of LFG on November 2, 2018. (ECF No. 658-2 at PageID 15242–43.)

Olita subsequently breached the 2017 Settlement Agreement, and White and ECI entered into the 2018 Settlement Agreement with Olita and ECIMOS. (ECF No. 653-2 at PageID 15142-45.) "In the 2018 Settlement Agreement, White agree[d] not to exercise his foreclosure rights in exchange for Olita and ECIMOS assigning the first $750,000.00 to be paid out by Carrier Corporation pursuant to the judgment." (ECF No. 717 at PageID 16012.)

3

By the terms of the 2018 Settlement Agreement, the 2017 Settlement Agreement continued to bind the parties. (ECF No. 653-2 at PageID 15142.)

LFG sent a check for $400,000 to White. (ECF No. 701-1.) That check is dated January 31, 2019. (Id.) The memo line of the check reads "Pat White settlement". (Id.) That check was accompanied by a cover letter, which was conveyed via email on February 1, 2019, which stated that it was "to Fulfill Mr. Steve Olita /ECIMOS, LLC's Pat White Settlement Obligations and in Exchange for Release of the UCC Filing No. 427759804." (ECF No. 701-2 at PageID 15492.)

"Carrier satisfied the judgment on or about September 29, 2021. Demand was made by White for the balance owed on the 2018 Settlement Agreement. Olita and ECIMOS denied that any further amounts were owed. White filed the instant motion." (ECF No. 717 at PageID 16012–13.) White argues that he is still owed $400,000, the amount remaining on the 2018 Settlement Agreement and an additional $50,000 from an unsigned agreement to subordinate his lien which proposed increasing the amount owed in that agreement. (ECF No. 641 at PageID 14859–60.) Olita and ECIMOS contend that the $400,000 check LFG sent to White was a full settlement of their obligations to White. (ECF No. 653.)

## II.     LEGAL STANDARD

### A.     Standard of Review

"Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "When no timely objection is filed, the court

need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b) advisory committee notes.

When a timely objection has been filed, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). The portions of a magistrate judge's recommendation as to which no specific objections were filed are reviewed for clear error. See Fed. R. Civ. P. 72(b) advisory committee notes; Howard v. Sec'y of Health & Human Servs., 932 F.2d 505, 509 (6th Cir. 1991) (noting that when a party makes a general objection, "[t]he district court's attention is not focused on any specific issues for review, thereby making the initial reference to the magistrate useless"). "A general objection to the entirety of the magistrate's report has the same effects as would a failure to object." Howard, 932 F.2d at 509. Moreover, the "failure to properly file objections constitutes a waiver of appeal." See id. at 508 (citing United States v. Walters, 638 F.2d 947, 950 (6th Cir. 1981)).

### III.  ANALYSIS

#### a. ECIMOS's Objections Without Merit

Several of Plaintiff's objections to the Report and Recommendation "do not address the substance of the Magistrate Judge's report and recommendation and are irrelevant." Zammit v. Internal Revenue Serv., No. 14-14155, 2015 WL 8003234, at *1 (E.D. Mich. Dec. 7, 2015), aff'd, No. 16-2703, 2017 WL 6276122 (6th Cir. June 30, 2017). These include Magistrate Judge Claxton's use of a "potentially prejudicial" "moniker" for a party associated with the suit (ECF No. 720 at PageID 16055), her "characterization" of payments to LFG (Id.

at PageID 16059), and a clarification that a contract was for the purchase and sale of debt and was not a "loan." (Id. at PageID 16058.)

ECIMOS contends that the motion hearing held on August 25, 2021 "merely served to bring the Magistrate Judge more up-to-speed on the matter" and was not a sufficient evidentiary hearing. (Id. at PageID 16057.) They also repeatedly argue that additional testimony is needed, or that testimony that was not presented to Magistrate Judge Claxton should nonetheless have been considered by her. For instance, ECIMOS argues that it signed the 2018 Settlement Agreement "under duress" and that this "overall issue" requires an additional hearing or "trial" "replete with testimony from [former counsel for ECIMOS, J. O'Neal] Perryman [("Perryman")], Olita, White, and Emily Kenison [of LFG ("Kenison")]." (Id. at PageID 16068–69.) ECIMOS also takes issue with the fact that White and Kenison were not "asked to appear by this Court." (Id. at PageID 16057.) Later ECIMOS seems to accuse Perryman of self-dealing and conflicts of interest and demands that he "provide testimony on this matter." (Id. at PageID 16069.) ECIMOS also accuses Perryman of "[knowing] that the 2018 Settlement Agreement was not valid due to its timing," and asserts that "no UCC protection" was sought for the 2018 Settlement Agreement because that would "expos[e] the likelihood" that Perryman failed to properly advise his client. (Id. at PageID 16066.) However, immediately following the instant hearing before Magistrate Judge Claxton, ECIMOS submitted supplemental documentation and assured the Court that "the record [was] complete with the check, negotiation, and accompanying letter." (ECF No. 704 at PageID 15527.) In fact, ECIMOS urged the Court to "resist the curious inclination to examine attorney testimony in a second hearing." (Id.) To the extent that ECIMOS believes that the perspective of any of these actors should have been considered by the Magistrate

6

Judge, its counsel was free to depose them or solicit their testimony at any time prior to or during the Motion Hearing, and present that evidence at the appropriate time.

### b. ECIMOS's Arguments First Raised in Objections

ECIMOS argues in its Objections, for the first time, that it was forced to sign the 2018 Settlement Agreement by White "under duress." (ECF No. 720 at PageID 16068.) ECIMOS claims that White "threatened" Olita through counsel and that Perryman "refused to provide any legal advice," with the resulting "stressful situation" amounting to "mental duress." (Id. at 16060.) ECIMOS also frames White's "demand[]" for money as a "threat[] to foreclose" on "all ECIMOS property." (Id. at 16069.)

ECIMOS argues in its Objections, for the first time, that it disputes the validity of the 2018 Settlement Agreement. (Id. at PageID 16068.) It speculates that White's actions amount to "blackmail," and again accuses Perryman of wrongdoing. (Id. at PageID 16062.) ECIMOS previously acceded to the validity of the 2018 Settlement Agreement. (ECF No. 653 at PageID 15119.)

ECIMOS also argues that the Magistrate Judge should have "consider[ed]," apparently *sua sponte*, "that there exists a document or other plausible reason that explains" why LFG wrote a check for the sum of $400,000, as opposed to some other sum of money. (ECF No. 720 at PageID 16066–67.)

"Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived." Burley v. Miller, 241 F. Supp. 3d 828, 840 (E.D. Mich. 2017) (citing Ward v. United States, 208 F.3d 216, *1 (6th Cir. 2000)). "[A]bsent compelling reasons, [the Magistrate Judge Act, 28 U.S.C. § 631 *et seq*.,] does not allow parties to raise at the district

7

court stage new arguments or issues that were not presented to the magistrate." Murr v. United States, 200 F.3d 895, 902 n. 1 (6th Cir. 2000). "[A]llowing parties to litigate fully their case before the magistrate and, if unsuccessful, to change their strategy and present a different theory to the district court would frustrate the purpose of the Magistrates Act." Greenhow v. Secretary of Health & Human Servs., 863 F.2d 633, 638–39 (9th Cir. 1988), overruled on other grounds by United States v. Hardesty, 977 F.2d 1347 (9th Cir. 1992), cert. denied, 507 U.S. 978 (1993). The Court will not consider arguments raised for the first time in ECIMOS's objections.

### c. *ECIMOS's Objections Regarding the Contractual Dispute at Issue*

ECIMOS argues that the "immediate acceptance of the settlement check" by White is a "true manifestation" of a meeting of the minds. (ECF No. 720 at PageID 16063.) ECIMOS also argues that the Magistrate Judge was in error in stating that the check settled the 2017 Agreement because LFG "provided the instrument payment." (Id. at PageID 16071.) The Magistrate Judge later found that the same check did not amount to a meeting of the minds regarding the accord and satisfaction of the 2018 Settlement Agreement, in part because it was issued by LFG. (Id.) ECIMOS asserts that "[t]he Court cannot have it both ways;" that is, the check cannot both have satisfied the 2017 Agreement and failed to operate as accord and satisfaction for the 2018 Settlement Agreement. (Id.)

It is uncontested that the 2018 Settlement Agreement created an obligation for Olita and ECIMOS to pay White $750,000 from a judgment against Carrier. (See ECF No. 653 at PageID 15119.) The question before the Court is whether a third agreement was made, in which White agreed that Olita and ECIMOS would give him $400,000 immediately in lieu of providing him with $750,000 at the conclusion of litigation.

8

Upon de novo review, this Court finds that there was no valid contract that would extinguish the Parties' 2018 Settlement Agreement. Such a contract would have required a meeting of the minds, in which both sides agreed that the $400,000 check would suffice as accord and satisfaction for ECIMOS's debt. There is no evidence of such a meeting of the minds, and there was no clear intent between the parties to extinguish the original 2018 Settlement Agreement.

ECMIOS argues that two documents support its case. One is an email that was sent from Don Hearn, counsel for White, to then-counsel for Olita and ECIMOS Perryman on January 31, 2019. (ECF No. 701-2.) The other is a check dated for that same day, in the amount of $400,000, sent from LFG to White. (ECF No. 701-1.)

Under Tennessee law, the delivery of an instrument amounts to the accord and satisfaction of a debt if "the person against whom the claim is asserted proves that the instrument or an accompanying written communication contained a conspicuous statement to the effect that the instrument was tendered as full satisfaction of the claim." Tenn. Code Ann. § 47-3-311(b). The instrument must also be tendered to the claimant by the party against whom the claim is asserted. Tenn. Code Ann. § 47-3-311(a). In this case, the instrument was tendered by LFG, not Olita or ECIMOS. (ECF No. 701-2 at PageID 14492.) This, in and of itself, is sufficient to defeat ECIMOS's claim. "Mutuality of assent" to extinguish the original contract between ECIMOS and White cannot be established by an instrument exchanged between LFG and White. Moody Realty Co., Inc. v. Huestis, 237 S.W.3d 666, 674 (Tenn. Ct. App. 2007). For that reason, no "reasonable onlooker, based upon the parties' outward manifestations" could possibly have considered the $400,000 check to have been understood to be a full accord and satisfaction of ECIMOS's debt to White. Id.

The documents also do not conspicuously state that they are in accord and satisfaction of the full debt owed to White. The memo line of the check simply reads "Pat White Settlement." (ECF No. 701-1.) The cover letter states that the check is meant to "fulfill . . . ECIMOS, LLC's Pat White Settlement Obligations." (ECF No. 701-2 at PageID 15492.) However, Hearn clarified with ECIMOS's counsel that the understanding and intent between the parties was that the $400,000 was only meant to be a partial payment on February 7, 2019. (ECF No. 657-5.)[1] The intention of the parties, "which is of course controlling, must be determined from all the circumstances attending the transaction." R.J. Betterton Management Services, Inc. v. Whittemore, 733 S.W.2d 880, 882 (Tenn. Ct. App. 1987). Here, the clarification email of February 7, 2019 makes the intent of the parties not to extinguish their original agreement clear. (ECF No. 657-5.)

ECIMOS's argument that White's "immediate acceptance of the settlement check" constitutes a meeting of the minds is without merit. (ECF No. 720 at PageID 16063.) White's attorney Hearn clarified the purpose of the check in an email to Perryman on February 7, 2019. (ECF No. 657-5.) In that email, Perryman confirmed that the $400,000 was only meant to be a partial payment. (Id. at PageID 15216.) Hearn testified that he solicited this clarification "upon receiving the check," that is, before cashing it. (ECF No. 723 at PageID 16175.) There is no evidence that there was any "immediate acceptance" of the check, and in fact the evidence is to the contrary. (ECF No. 720 at PageID 16063.)

ECIMOS's argument that the check cannot both have satisfied the 2017 Settlement Agreement and failed to constitute a meeting of the minds regarding a modification of the

---

[1] In this email, Hearn clarifies that the statement in the cover letter that payment is to "fulfill . . . settlement obligations owed to Pat White" "is not correct". (ECF No. 657-5 at PageID 15217.) Counsel for ECIMOS replied "received and understood completely" on that same day. (Id. at PageID 15216.)

10

2018 Settlement Agreement is also without merit. The 2017 Settlement Agreement was, in relevant part, an agreement regarding a UCC lien filing. (ECF No. 653-2 at PageID 15142.) The 2017 Settlement Agreement was a separate agreement. The $400,000 check can, in fact, both have satisfied the 2017 Settlement Agreement fully, with the agreement of the parties, and therefore resulted in the lifting of the 2017 UCC lien, and failed to fully satisfy the 2018 Settlement Agreement by falling short of the full payment amount.

### IV. CONCLUSION

Upon de novo review, the Court **ADOPTS** the Report and Recommendation of the Magistrate Judge. Accordingly, White's Motion to Enforce Partial Assignment of Judgment is **GRANTED**.

**SO ORDERED**, this 9th day of November, 2022.

    /s/ Jon P. McCalla
JON P. McCALLA
UNITED STATES DISTRICT JUDGE